1   SHARON A. WATT SBN 81377
    FILARSKY & WATT LLP
2   Attorneys at Law
    408 Bryant Circle, Suite C
3   Ojai, California 93023
    Telephone:  (805) 640-2970
4   Facsimile:  (805) 640-2980

5   Attorneys for Defendant/Counterclaimant
    FALLBROOK UNION HIGH SCHOOL DISTRICT
6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10                                          **BY FACSIMILE**

11  MARY STRUBLE, As Conservator for   ) CASE NO. 07CV 2328 LAB (cab)
12  CS,                                )
                                       )
13              Plaintiff,             ) **FALLBROOK UNION HIGH**
                                       ) **SCHOOL DISTRICT ANSWER TO**
14  v.                                 ) **COMPLAINT/APPEAL OF**
                                       ) **ADMINISTRATIVE HEARINGS,**
15                                     ) **SPECIAL EDUCATION DIVISION,**
    FALLBROOK UNION HIGH               ) **FOR PARTIAL REVERSAL OF**
16  SCHOOL DISTRICT, a Local           ) **DECISION AND ATTORNEY FEES**
                                       ) **AND COSTS AND**
17  Educational Agency,                ) **COUNTERCLAIMS AGAINST**
                                       ) **MARY STRUBLE**
18              Defendant.             )
                                       )
19                                     )
                                       )
20  _____   )
                                       )
21  FALLBROOK UNION HIGH               )
22  SCHOOL DISTRICT,                   )
                                       )
23              Counterclaimant,       )
                                       )
24  v.                                 )
                                       )
25                                     )
    MARY STRUBLE,                      )
26                                     )
                                       )
27              Counterdefendant.      )
                                       )
28                                     )
                                       )
    _____
                                    1
    *Struble v. Fallbrook UHSD*        District's Answer and Counterclaim
    07CV 2328 (LAB/cab)

FILED

08 JAN -8  PM 3: 17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                         DEPUTY

COMES NOW Defendant and Counterclaimant FALLBROOK UNION HIGH
SCHOOL DISTRICT ("District"), in answer to the Complaint/Appeal of Office of
Administrative Hearings, Special Education Division, for Partial Reversal of
Decision and Attorney Fees and Costs ("Complaint") of Plaintiff MARY STRUBLE
("Plaintiff"), as conservator for CS ("Student") in the above-referenced matter, and
admits, denies, and alleges as follows:

# I

## DISTRICT'S ANSWER TO COMPLAINT

1. In answer to Paragraph 1 of the Complaint, the District admits that 20
U.S.C. § 1331 confers on this Court original jurisdiction in this matter because it
arises under the Individuals with Disabilities Education Act ("IDEA"). *See* 20
U.S.C. § 1400 *et seq.*

The District denies that this matter arises under section 504 of the
Rehabilitation Act or its codification at 29 U.S.C. § 794, or the Civil Rights Act or
its codification at 42 U.S.C. § 1983, or that this Court has jurisdiction under these
laws.

The District admits that Plaintiff's Complaint is an appeal for partial reversal
of the decision of the Special Education Division of the California Office of
Administrative Hearings ("OAH") in OAH case number N2007090067 dated
November 20, 2007.

2. In answer to Paragraph 2 of the Complaint, the District denies that

2

jurisdiction is conferred on this Court by 28 U.S.C. § 1343.

3. In answer to Paragraph 3 of the Complaint, the District admits the Southern District of California is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) because Plaintiff and CS reside in the Southern District of California, the District is located in the Southern District of California, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of California.

4. In answer to Paragraph 4 of the Complaint, the District admits that Plaintiff has exhausted her administrative remedies under the laws of the IDEA by virtue of the special education due process hearing that was held before the OAH.

The District denies that Plaintiff has exhausted her administrative remedies under section 504 of the Rehabilitation Act or its codification at 29 U.S.C. § 794, or the Civil Rights Act or its codification at 42 U.S.C. § 1983.

The District admits that Educ. Code § 56505(k) is the California codification of Plaintiff's right under 20 U.S.C. § 1415(i)(1)(B)(2) to bring a civil action in the Court as an aggrieved party to the decision of the OAH.

The District denies that the decision of the OAH made errors of law in deciding questions of fact or law in favor of the District.

The District admits that that decision of the OAH made errors of law in deciding questions of fact or law in favor of the Plaintiff.

The District admits that Plaintiff requested a modification of the OAH

decision in her favor.

The District denies that Plaintiff is entitled to a modification of the OAH decision in her favor.

The District alleges that the allegation pertaining to a modification of the OAH decision is irrelevant.

5. In answer to Paragraph 5 of the Complaint, the District admits the allegations in Paragraph 5 of the Complaint.

6. In answer to Paragraph 6 of the Complaint, the District admits the allegations in Paragraph 6 of the Complaint.

7. In answer to Paragraph 7 of the Complaint, the District denies that those portions of the OAH decision in favor of the District were in error.

The District alleges that the OAH decision partially in favor of the Plaintiff was in error.

The District admits the remaining allegations n Paragraph 7 of the Complaint.

8. In answer to Paragraph 8 of the Complaint, the District alleges that the allegation that the District had responsibility to discharge all duties imposed upon the District by law is but a truism and a meaningless allegation.

The District admits the remaining allegations in Paragraph 8 of the Complaint.

9. In answer to Paragraph 9 of the Complaint, the District alleges that two of the issues were whether the District failed to write <u>any</u> handwriting goals for the 2005-2006 and 2006-2007 school years.

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

The District admits that the remainder of the issues cited by Plaintiff is a fair characterization of the issues heard at Student's special education due process hearing and of the issues to be decided by this Court.

10. In answer to Paragraph 10 of the Complaint, the District denies the allegations in Paragraph 10 of the Complaint.

The District alleges that Student's request for due process provided alleged "Facts" that date back to the period of time when Student was five years old, during which time options for completing high school were not an issue.

The District alleges that Student's request for due process first mentions any issue with regard to a diploma-track program in an allegation that at a November 27, 2006 IEP team meeting, Student was not offered a high school diploma track.

The District alleges that Student's request for due process only proposed that he be placed at a certified nonpublic school, with all services and transportation, reimbursement for an independent educational evaluation, and any addition educational expenses that Student's parents might incur during the pendency of his due process proceeding.

The District alleges that Student did not request that the proposed nonpublic school placement be in a program leading to a high school diploma.

11. In answer to Paragraph 11 of the Complaint, the District alleges that Student's request for due process proposed as partial resolution of his request for a due process hearing that he be placed at a certified nonpublic school.

The District further alleges that Student never requested a placement where he could obtain a high school diploma.

12. In answer to Paragraph 12 of the Complaint, the District denies the allegations in Paragraph 12 of the Complaint.

The District alleges that a nonfiling party to a special education due process hearing may raise affirmative defenses as issues to be decided and that a nonfiling party may request as relief that all requests for relief made by the filing party be denied.

13. In answer to Paragraph 13 of the Complaint, the District alleges that the allegations in Paragraph 13 of the Complaint are vague and ambiguous.

Nevertheless, the District denies what appears to be Plaintiff's implied argument that a finding in her favor on one issue is sufficient basis for awarding her the entirety of the relief that she and Student requested at Student's due process hearing, let alone any part of the relief requested. *See Parents of Student W. v. Puyallup School District No. 3*, 31 F.3d 1489, 1497 (9th Cir. 1994).

The District alleges that 20 U.S.C. § 1415(f)(3)(E)(ii) dictates how alleged procedural violations are to be analyzed.

The District denies the remaining allegations in Paragraph 13 of the Complaint to the extent that they are comprehensible.

The District denies the remaining allegations in Paragraph 13 of the Complaint to the extent that they are not comprehensible.

*Struble v. Fallbrook UHSD*                    District's Answer and Counterclaim
07CV 2328 (LAB/cab)

1    14.  In answer to Paragraph 14 of the Complaint, the District takes issue with

2    Plaintiff's gloss on the hearing officer's Conclusions of Law.

3    The District alleges that the hearing officer only found that the District denied

4    
5    Student a free appropriate public education ("FAPE") based on a predetermined

6    placement at Student's June 2007 Individualized Education Plan ("IEP") team

7    meeting and at no other time.

8    
9    The District denies that the hearing officer found that the District denied

10   Student a FAPE during the 2005-2006 and 2006-2007 school years by not

11   communicating to Student's parents options for completing high school. The District

12   
13   admits that the hearing officer found that the District denied Student a FAPE during

14   the 2005-2006 and 2006-2007 school years by not <u>adequately</u> communicating

15   options for completing high school.

16   
17   15.  In answer to Paragraph 15 of the Complaint, the District denies the

18   allegations in Paragraph 15 of the Complaint.

19   The District denies that by winning a penny, Plaintiff is eligible for an award

20   
21   of a pound.

22   The District alleges that Student decided what issues were to be decided at his

23   due process hearing.  *See* Paragraph 12 of Plaintiff's Complaint.

24   
25   The District alleges that Plaintiff mischaracterizes the law with regard to

26   awarding equitable relief and attorneys' fees under the IDEA.

27   16.  In answer to Paragraph 16 of the Complaint, the District denies that

28   

*Struble v. Fallbrook UHSD*         District's Answer and Counterclaim
07CV 2328 (LAB/cab)

Student prevailed on the ultimate issue.

The District admits the remaining allegations in Paragraph 16 of the Complaint.

17. In answer to Paragraph 17 of the Complaint, the District admits that paragraph 31 of the hearing officer's Conclusions of Law provides in part, "Student did not meet his burden of proving that an NPS placement should be ordered to provide compensatory education to Student."

The District alleges that the hearing officer correctly determined that Student did not meet his burden of proof that an NPS placement should be ordered to provide compensatory education to Student.

The District alleges that the hearing officer found that the District's transition program is not designed to give Student the opportunity to work toward a diploma.

The District alleges that the hearing officer found that allowing Student to attend a District school as a "super senior" without intention of earning a high school diploma was not appropriate.

The District admits that the hearing officer did not determine Student's placement.

The District denies the remaining allegations in Paragraph 17 of the Complaint.

18. In answer to Paragraph 18 of the Complaint, the District alleges that Student bore the burden to prove the appropriate remedy.

*Struble v. Fallbrook UHSD*   District's Answer and Counterclaim
07CV 2328 (LAB/cab)

The District alleges that Plaintiff and Student filed for a due process hearing in order to be placed in a program of study that led to a high school diploma.

The District alleges that the hearing officer ordered that Student should be placed in a program that will lead to a high school diploma.

The District alleges that the hearing officer fashioned Student's remedy.

The District alleges that the hearing officer's order and remedy is erroneous because the hearing officer erred in her factual findings and conclusions of law.

The District alleges that the cases cited by Plaintiff are inapposite.

The District alleges that Plaintiff mischaracterizes the cases cited.

The District admits that paragraph 34 of the hearing officer's legal conclusions provides in part:

"If the IEP team is unable to agree upon an appropriate placement, nothing in this Decision would stop either party from seeking further relief through a future due process proceeding."

The District admits that the remedy of compensatory education depends on a fact-specific analysis of the individual circumstances of the case, and that a court is given broad discretion in fashioning a remedy as long s the relief is appropriate in light of the purpose of the IDEA.

The District denies the remaining allegations in Paragraph 18 of the Complaint.

19. In answer to Paragraph 19 of the Complaint, the District has no

9

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

1  information, knowledge, or belief as to the truth of the allegation that Plaintiff filed

2  her Complaint rather than participate in a future IEP team meeting and become

3
   subject to another administrative due process hearing, and so denies the allegation on
4
5  that ground.

6       The District alleges that Plaintiff admits in Paragraph 19 of the Complaint that

7  she refuses to participate in the IEP decisionmaking process and has predetermined

8
9  her decision with regard to any future offer of FAPE at an IEP team meeting.

10      The District admits the remaining allegations in Paragraph 19 of the

11 Complaint.
12
13      20.  In answer to Paragraph 20 of the Complaint, the District admits that the

14 decision of the hearing officer misstated and misapplied the law and the facts to the

15
   law in those parts of her decision that found that the District denied a FAPE to
16
17 Student.

18      The District denies that the hearing officer misstated and misapplied the law

19
   and the facts to the law in those parts of her decision that found that the District did
20
21 offer a FAPE to Student.

22      The District denies that equitable remedy works by operation of law.

23
        The District denies that Plaintiff and Student are eligible for any remedy.
24
25      21.  In answer to Paragraph 21 of the Complaint, the District incorporates its

26 answers to Plaintiff's Complaint contained in paragraphs 1 through 20 of this

27
   answer.
28

22.  In answer to Paragraph 22 of the Complaint, the District admits that the hearing officer misapplied the law and the facts to the law when she found that the District denied Student a FAPE.

The District admits that the hearing officer erred in finding that the District the District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to adequately communicate to Student's parents options for completing high school, that the District denied Student a FAPE in June 2007 by predetermining his placement, that Student was bullied, that District staff were insensitive, that a diploma track was appropriate for Student, and any other fact upon which a procedural or substantive violation of the IDEA was found by the hearing officer.

The District denies that the hearing officer misapplied the law and the facts to the law when she found that the District offered Student a FAPE.

The District alleges that this Court has no authority to "omit" any part of the hearing officer's decision.

The District denies that the hearing officer's Factual Findings number 57 *et seq.* are moot.

The District denies that the hearing officer made factual findings that were irrelevant to the issues to be determined at Student's due process hearing.

The District alleges that the hearing officer incorrectly found that the District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to adequately communicate to Student's parents options for completing high school,

11

that the District denied Student a FAPE in June 2007 by predetermining his

placement, that Student was bullied, that District staff were insensitive, that a

diploma track was appropriate for Student, and any other fact upon which a

procedural or substantive violation of the IDEA was found by the hearing officer.

23. In answer to Paragraph 23 of the Complaint, the District denies that

equitable remedy works by operation of law.

The District denies that any statements of the hearing officer's decision that

the District prevailed on any issue should be reversed.

The District denies that the hearing officer's order that an IEP team meeting is

to be convened to determine Student's placement is unlawful or should be reversed.

The District alleges that placement of Student in a diploma-track program

does not provide Student with a FAPE.

The District denies that Student is eligible for any remedy.

The District alleges that the hearing officer incorrectly found that that District

denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing

to adequately communicate to Student's parents options for completing high school,

that the District denied Student a FAPE in June 2007 by predetermining his

placement, that Student was bullied, that District staff were insensitive, that a

diploma track was appropriate for Student, and any other fact upon which a

procedural or substantive violation of the IDEA was found by the hearing officer.

The District alleges that the hearing officer incorrectly applied the law to find

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

that the District denied Student a FAPE in any way whatsoever.

24. In answer to Paragraph 24 of the Complaint, the District incorporates its answers to Plaintiff's Complaint contained in paragraphs 1 through 23 of this answer.

25. In answer to Paragraph 25 of the Complaint, the District denies that Plaintiff and Student should have prevailed in any way whatsoever at Student's due process hearing and that the hearing officer erred when she found that Student prevailed on any issue whatsoever.

The District denies that Plaintiff is eligible for any attorneys' fees or costs.

26. In answer to Plaintiff's Prayer for Relief, the District denies that Plaintiff should be granted any relief whatsoever, that Plaintiff should be granted attorney's fees, or that the District ever denied Student a FAPE.

## II

## AFFIRMATIVE DEFENSES

The District sets forth the following matters constituting affirmative defenses and avoidance (individually, "Affirmative Defense" or "affirmative defense") as follows:

### First Affirmative Defense

27. As a further, separate and affirmative defense, the District alleges that its actions were undertaken in good faith and in the reasonable belief that each such

*Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)                    District's Answer and Counterclaim

action was lawful and valid and, further, that it complied fully with the requirements of the IDEA and applicable state and federal regulations and law.

### Second Affirmative Defense

28. As a further, separate, and affirmative defense, the District alleges that Plaintiff bears the burden of proving that the District denied him a FAPE, that the District significantly impeded his parents' opportunity to participate in the decisionmaking process regarding the provision to Student of a FAPE, and the appropriate remedy.

### Third Affirmative Defense

29. As a further, separate, and affirmative defense, the District alleges that Plaintiff's Complaint is an admission.

### Fourth Affirmative Defense

30. As a further, separate, and affirmative defense, the District alleges that District did not significantly impede Student's parents' opportunity to participate in the decisionmaking process regarding the provision to Student of a FAPE.

### Fifth Affirmative Defense

31. As a separate and affirmative defense, the District alleges that the Complaint and each purported cause of action set forth therein, fails to state a claim against it upon which relief may be granted.

*Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)          District's Answer and Counterclaim

## Sixth Affirmative Defense

32. As a further, separate and affirmative defense, the District alleges that the Hearing Officer's findings were thorough and careful except for those findings in her decision that support Student's allegations.

## Seventh Affirmative Defense

33. As a further, separate and affirmative defense, the District alleges that the Hearing Officer's findings of fact are not clearly erroneous except for findings of fact that support Student's allegations.

## Eighth Affirmative Defense

34. As a separate and affirmative defense, the District alleges that it has always offered to Petitioner a FAPE in the least restrictive environment that is and always has been reasonably calculated to provide Petitioner with educational benefit.

## Ninth Affirmative Defense

35. As a separate and affirmative defense, the District alleges that placement at a nonpublic school would not provide a free appropriate public education to Student.

## Tenth Affirmative Defense

36. As a separate and affirmative defense, the District alleges that placement at a nonpublic school is not placement in the least restrictive environment.

## Eleventh Affirmative Defense

37. As a separate and affirmative defense, the District alleges that Student's

proposed placement does not meet state educational agency standards.

### Twelfth Affirmative Defense

38. As a separate and affirmative defense, the District alleges that consideration of a nonpublic school placement is irrelevant because the District is ready, willing, and able to provide Student with a FAPE.

### Thirteenth Affirmative Defense

39. As a further, separate and affirmative defense, the District alleges that Student's parents have refused educational services offered to them.

### Fourteenth Affirmative Defense

40. As a further, separate, and affirmative defense, the District alleges that assessments of Petitioner have been appropriate.

### Fifteenth Affirmative Defense

41. As a further, separate, and affirmative defense, the District alleges that independent educational evaluations of Student have not been appropriate.

### Sixteenth Affirmative Defense

42. As a further, separate, and affirmative defense, the District alleges that Student's parents have consented to Student's IEPs.

### Seventeenth Affirmative Defense

43. As a further, separate, and affirmative defense, the District alleges that Student's parents were provided with copies of Student's IEPs.

### Eighteenth Affirmative Defense

44. As a further, separate, and affirmative defense, the District alleges that Student's parents were provided with copies of their procedural safeguards and rights under the IDEA.

### Nineteenth Affirmative Defense

45. As a further, separate, and affirmative defense, the District alleges that Student's parents are estopped from asserting that the District denied Student a FAPE by failing to place him in a diploma-bound track.

### Twentieth Affirmative Defense

46. As a further, separate, and affirmative defense, the District alleges that Student's parents refused to provide the District with relevant information.

### Twenty-First Affirmative Defense

47. As a further, separate, and affirmative defense, the District alleges that Student's parents have unclean hands.

### Twenty-Second Affirmative Defense

48. As a further, separate, and affirmative defense, the District alleges that Student abandoned issues at his due process hearing that were pled in his request for due process.

### Twenty-Third Affirmative Defense

49. As a separate and affirmative defense, the District alleges that any failure to implement an agreed-to IEP was not material.

17

## III

## COUNTERCLAIMS

## PROCEDURAL HISTORY

50. On or about September 4, 2007, Student, by and through his attorney, filed a Mediation and Due Process Request pursuant to 20 U.S.C. § 1415(b)(6), part of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Student alleged that the District violated provisions of the IDEA, and named the District as the Respondent.

51. A special education due process hearing on the matter was held by the California Office of Administrative Hearings ("OAH") on October 16, 17, 18, and 19, 2007. The California Department of Education, a state educational agency within the definition of 20 U.S.C. § 1401(32), contracts with the OAH to conduct special education due process hearings pursuant to 20 U.S.C. § 1415(f).

52. A decision in Student's special education due process hearing ("Decision") was issued by the OAH Hearing Officer on November 20, 2007.

53. The District is an aggrieved party within the definition of 20 U.S.C. § 1415(i)(2)(A) to the factual findings, legal conclusions, decision, and order of the Hearing Officer in Student's special education due process hearing.

## STATEMENT OF FACTS

54. On or about September 4, 2007, Student filed with the OAH a Request for Mediation and Due Process Hearing ("Complaint") pursuant to the IDEA. Student

---

18

named the District as Respondent and as a party to the action.

55.  The OAH heard the matter on October 16, 17, 18, and 19, 2007, in a special education due process hearing.  The issues heard, as framed by the Hearing Officer in the matter, were:

(a)     Whether the District failed to offer and provide a FAPE to Student during the 2005-2006 school year when Student was in the eleventh grade in one or more of the following ways:

   (i)     Failure to provide parents with options for Student's graduation.

   (ii)    Failure to write any handwriting goals.

   (iii)   Failure to provide occupational therapy services for handwriting.

   (iv)    Failure to take appropriate action when Student's failed to make progress to meet goals.

   (v)     Failure to provide a behavior support plan, and/or failure to write adequate behavioral goals.

(b)     Whether the District failed to offer and provide a FAPE to Student during the 2006-2007 school year when Student was in the twelfth grade in one or more of the following ways:

   (i)     Failure to write any handwriting goals.

   (ii)    Failure to provide social skills training.

   (iii)   Failure to provide occupational therapy services for handwriting.

   (iv)    Failure to timely provide communication logs.

19

(v)     Failure to timely provide a behavior support plan.

(vi)    Staff insensitivity to words and actions that trigger anxiety in

        Student.

(vii)   Staff insensitivity to parental concerns.

(viii)  Failure to provide any educational program (such as home

        hospital or itinerant teacher) after May 3, 2007.

(ix)    Failure to provide parents or Student with options for graduation,

        and/or predetermination of placement.

(x)     Failure to provide a safe learning environment.

56.  In the Decision, the Hearing Officer concluded as to the issues:

(a)     The District denied Student a FAPE during the 2005-2006 and 2006-

        2007 school years by failing to provide parents with options for

        Student's graduation and predetermining Student's placement at a June

        2007 IEP team meeting  (issues (a)(i) and (b)(ix) of paragraph 55,

        *supra*).  *See* Decision, "Conclusions of Law, p. 32, ¶¶ 10-12.

(b)     The District denied Student a FAPE during the 2005-2006 and 2006-

        2007 school years by failing to provide handwriting goals (issues (a)(ii)

        and (b)(i) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law,

        pp. 32-33, ¶ 14.

(c)     The District provided Student with a FAPE for the 2005-2006 and

        2006-2007 school years because Student did not require occupational

*Struble v. Fallbrook UHSD*                District's Answer and Counterclaim
07CV 2328 (LAB/cab)

therapy services relating to handwriting (issues (a)(iii) and (b)(iii) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, pp. 32-33, ¶ 14.

(d)    The District provided Student with a FAPE during the 2005-2006 school year because Student made sufficient progress on his IEP goals (issue (a)(iv) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, p. 33, ¶ 16.

(e)    The District provided Student with a FAPE during the 2005-2006 and 2006-2007 school years because Student did not require a behavioral support plan and the problem solving goal was sufficient to address Student's behavioral issues during the 2005-2006 school year, The District timely provided Student with a behavioral support plan during the 2006-2007 school year, and the District took action to correct any reported problems with peers or aides (issues (a)(v), (b)(v), and (b)(x) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, p. 34, ¶¶ 18-19.

(f)    The District provided Student with a FAPE during the 2006-2007 school year because the District provided Student with social skills training (issue (b)(ii) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, p. 34, ¶ 20.

(g)    The District provided Student with a FAPE during the 2006-2007

school year because the District provided Student's parents with timely

communication logs (issue (b)(iv) of paragraph 55, *supra*). *See*

Decision, "Conclusions of Law, p. 34, ¶ 21.

(h)     The District provided Student with a FAPE during the 2006-2007

school year because any possible insensitivity by District staff toward

Student or his parents was not severe or prevented the parents from

participating in the process or constituted a failure to follow Student's

IEP (issues (b)(vi) and (b)(vii) of paragraph 55, *supra*). *See* Decision,

"Conclusions of Law, pp 34-35, ¶ 22.

(i)     The District provided Student with a FAPE during the 2006-2007

school year because it offered Student an appropriate educational

placement from May 3, 2007, through the end of the 2006-2007 school

year (issue (b)(viii) of paragraph 55, *supra*). *See* Decision,

"Conclusions of Law, p. 35, ¶ 24.

57.  The Hearing Officer ordered that Student is entitled to:

(a)     Have the District convene a new IEP team meeting to discuss and

consider placements, goals, and services designed to help Student work

toward a high school diploma.

(b)     Prevailing party status as to the following issues:

(i)      Whether the District denied Student a FAPE during the 2005-

2006 school year by failing to provide parents with options for

Student's graduation.

    (ii)    Whether the District denied Student a FAPE during the 2005-2006 school year by failing to provide any handwriting goals.

    (iii)    Whether the District denied Student a FAPE during the 2006-2007 school year by failing to provide parents or Student with options for graduation and/or predetermination of placement.

    58.  The Decision is final and not subject to reconsideration or further administrative appeal.  The District is aggrieved by the Decision to the extent that the factual findings of the Hearing Officer are contrary to the preponderance of the evidence, the legal conclusions of the Hearing Officer are contrary to law, the Hearing Officer determined that the District did not prevail on all issues to be heard at the hearing, and the Hearing Officer ordered that Student is entitled to relief.

## **CLAIM FOR RELIEF**

    59.  The District provided Student with a handwriting goal during the 2005-2006 and 2006-2007 school years and provided appropriate instruction on improving his handwriting during those same school years.

    60.    The District provided parents with options for Student's graduation/options for completing high school during the 2005-2006 and 2006-2007 school years and did not predetermine Petitioner's placement.

    61.  The Decision of the Hearing Officer on the Issues listed in the paragraph subsections numbered (a)(i), (a)(ii), (b)(i), and (b)(ix) of paragraph 55, *supra*, is not

supported by a preponderance of the evidence and is contrary to law.

62.  The actions of the Hearing Officer, acting on behalf of the OAH, constitute reversible error because the Decision on the Issues listed in (a)(i), (a)(ii), (b)(i), and (b)(ix) of paragraph 55 was not based on the evidence presented at Student's special education due process hearing and is contrary to law.

## PRAYER

WHEREFORE, WITH RESPECT TO PLAINTIFF'S COMPLAINT, the District prays for an order of this Court declaring and adjudging as follows:

63.  That each of Plaintiff's claims for relief be denied as a matter of fact and law.

64.  That each of the District's Affirmative Defenses is a complete defense to each of Plaintiff's claims for relief.

65.  That Plaintiff takes nothing by virtue of her Complaint on file herein;

66.  That the District recovers its costs of suit incurred herein.

67.  That Plaintiff be ordered to pay reasonable attorneys fees incurred by the District, according to proof, in such amount as the court deems just and proper.

68.  That the District be awarded such other and further relief as the court deems just and proper.

WHEREFORE, WITH RESPECT TO THE DISTRICT'S COUNTERCLAIMS, the District prays for judgment as follows:

69.  That those portions of the Decision finding that the District failed to

24

provide parents with options for Student's graduation during the 2005-2006 and 2006-2007 school years, failed to discuss options/predetermined placement at a June 2007 IEP team meeting, and failed to provide handwriting goals during the 2005-2006 and 2006-2007 school years be set aside and/or overturned.

70.    That the portion of the Decision that ordered that the District shall convene a new IEP team meeting to discuss and consider placements, goals, and services designed to help Student work toward a high school diploma be set aside and/or overturned.

71.    That the portion of the Decision that found that Student was a prevailing party on issues numbered (a)(i), (a)(ii), and (b)(ix) of paragraph 55, *supra*, heard at the special education due process hearing, be set aside and/or overturned.

72.    That the District was the prevailing party on the issue numbered (b)(i) of paragraph 55, *supra*.

73.    For a declaratory judgment that under the IDEA, the District consistently offered Student a FAPE.

74.    For a declaratory judgment otherwise affirming the remainder of the Decision of the Hearing Officer with regard to the issues on which the District prevailed.

/ / /

/ / /

/ / /

*Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)          District's Answer and Counterclaim

75.   For the District's costs of suit, disbursements, and reasonable attorneys' fees.

76.   For such other relief as this Court deems just and proper.

Dated: January 8, 2008          Respectfully Submitted,

FILARSKY & WATT LLP

By: _____

SHARON A. WATT
Attorney for Defendant and Counterclaimant
FALLBROOK UNION HIGH SCHOOL
DISTRICT

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

### PROOF OF SERVICE

I am employed in the County of Ventura, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 408 Bryant Circle, Suite C, Ojai, California 93023.

On the date noted below, I served the foregoing document described as: FALLBROOK UNION HIGH SCHOOL DISTRICT ANSWER TO COMPLAINT/APPEAL OF ADMINISTRATIVE HEARINGS, SPECIAL EDUCATION DIVISION, FOR PARTIAL REVERSAL OF DECISION AND ATTORNEY FEES AND COSTS AND COUNTERCLAIMS AGAINST MARY STRUBLE on the interested parties in this action as follows:

| Name & Address | Fax No. | Email Address |
|---|---|---|
| Ellen Dowd, Esq. Attorney at Law 2658 Del Mar Heights Road #228 Del Mar, CA 92014 | (858) 755-6348 | |

[ X ] U.S. MAIL: I caused said envelope to be placed for collection and mailing in the United States mail, postage prepaid, on the same day in the ordinary course of business at Ojai, California.

[ X ] FACSIMILE TRANSMISSION: I caused a true and complete copy of this document to be transmitted to the parties listed herein at their respective most recent fax numbers of record in this action.

[ ] ELECTRONIC EMAIL TRANSMISSION: I caused a true and complete copy of this document to be email transmitted to the parties listed herein at their respective most recent email addresses of record in this action.

[ ] FEDERAL EXPRESS: I caused said envelope to be placed for collection at a Federal Express drop box, on the same day in the ordinary course of business at Ojai, California.

[ ] STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 8, 2008, at Ojai, California.

_Cheryl L. Smith_
Cheryl L. Smith

---

27

| | | | | Broadcast Report | | | |

| Date/Time | 01-08-2008 | 11:24:03 a.m. | Transmit Header Text | |
|---|---|---|---|---|
| Local ID 1 | 805 640 2980 | | Local Name 1 | FILARSKY & WATT |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

FILARSKY & WATT LLP
ATTORNEYS AT LAW
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile: (805) 640-2980

Manhattan Beach Office
1441 Nineteenth Street
Manhattan Beach, CA 90266
Telephone: (310) 545-7828
Facsimile: (310) 545-2999

**FAX TRANSMISSION**

TO:        Ellen Dowd, Esq. (858) 755-6348
COPY TO:   Sallie Hunt, FUHSD (760) 723-1795

FROM:      Cheryl Smith, Legal Administrator

DATE:      January 8, 2008

PAGES:     28 (including transmittal sheet)

RE:        *Mary Struble, as Conservator for C.S. v. Fallbrook Union High School District*
           USDC Case No. CASE NO. 07CV 2328 LAB (cab)

ATTACHED:  FALLBROOK UNION HIGH SCHOOL DISTRICT ANSWER TO
           COMPLAINT/APPEAL OF ADMINISTRATIVE HEARINGS, SPECIAL
           EDUCATION DIVISION, FOR PARTIAL REVERSAL OF DECISION AND
           ATTORNEY FEES AND COSTS AND COUNTERCLAIMS AGAINST MARY
           STRUBLE

**Important:**
The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify the sender or this office immediately by telephone and return the original message to us by mail.

Total Pages Scanned : 28          Total Pages Confirmed : 56

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 877 | 917607231795 | 10:51:41 a.m. 01-08-2008 | 00:14:37 | 28/28 | 1 | EC | HS | CP14400 |
| 002 | 877 | 8587556348 | 10:51:41 a.m. 01-08-2008 | 00:16:00 | 28/28 | 1 | EC | HS | CP12000 |

**Abbreviations:**

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

FROM : Law Office of D V Velasquez   PHONE NO.  619 422  Jan. 08 2008 03:16PM P1

# JUNES
## ATTORNEY SERVICE

**DOWNTOWN**
3776 FOURTH AVENUE • SAN DIEGO, CA 92103
(619) 233-6119 • Fax (619) 231-0647

**WORK ORDER NUMBER**

PR 242743

\* 7 pages total \*

ASSIGNED TO: _____

## PROCESS INSTRUCTIONS

| DATE 1/8/08 | ☐ DO TODAY ☒ REGULAR ☐ RUSH (24-48 HRS) | YOUR JUNES CUSTOMER CODE # | PERSON OR ENTITY TO SERVE (INDICATE NAME EXACTLY AS IT IS TO APPEAR ON PROOF OF SERVICE) |
|---|---|---|---|

LAW FIRM (NAME & ADDRESS) BAR CODE #
Diego John Velasquez
1129 Third Ave., Suite 3
Chula Vista, CA 91911

Graciela L. Lopez, D.D.S.

| ATTORNEY'S CLIENT NUMBER 4279068 | ATTENTION John | PHONE NUMBER (619) 422-2564  FAX NUMBER (619) 422-1673 |
|---|---|---|

DOCUMENTS (LIST EXACTLY AS IT APPEARS ON PROOF OF SERVICE)
☒ S&C  ☐ S&P  ☐ S&C/UD  ☐ SUB  ☐ STD/RD  ☐ COP  ☐ ORAP  ☐ OSC
OTHER

Notice of Case Assignment.

CASE NAME:
PLTF/PET  Deborah Ann Sanchez
VS
DEFT/RES  Graciela L. Lopez, D.D.S; Lopez and Noyes, Dental Corp; and Does.

WITNESS FEES ATTACHED $ _____     ORIGINALS ATTACHED? YES ☐ NO ☐

CASE NUMBER 68029-CU-MM-SC | COURT | JUDICIAL DISTRICT Superior Court South County | HEARING DATE | TIME | AM ☐ PM ☐ | DEPT

**HOME ADDRESS**

| STREET | |
| APT # | |
| CITY, STATE, ZIP | |
| PHONE | |

**BUSINESS ADDRESS**

BUSINESS NAME  Lopez and Noyes Dental Corp
STREET  374 H Street, Suite 101
CITY, STATE, ZIP  Chula Vista, CA 91910
PHONE (619) 691-8917   WORK HOURS

| LAST DAY TO SERVE 2/4/08 | FAST TRACK DATE | SEX | AGE | RACE | HEIGHT | WEIGHT | HAIR | EYES | SPECIAL FEATURES |
|---|---|---|---|---|---|---|---|---|---|
| STATUS DUE BY | JUNES STATUS DATE | SEX | AGE | RACE | HEIGHT | WEIGHT | HAIR | EYES | SPECIAL FEATURES |

SPECIAL INSTRUCTIONS

LIMITS OF LIABILITIES $100.00 PER DELIVERY.

| PLEASE CALL WHEN COMPLETE?  YES ☒  NO ☐ | | | DIRECT INSURANCE BILLING INFORMATION | | OFFICE USE |
|---|---|---|---|---|---|

| DATE | CONTACT | RESPONSE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

CARRIER NAME
ADDRESS
CITY, STATE, ZIP
ADJUSTER
INSURED
CLAIM NUMBER
DATE OF LOSS

OFFICE USE:
PRSP   PPSU
PRS1   SSU
PRSPD  SDU
PSA    SSAU
SS     BAD
SSA    SSD
NP     DPO
NAT    ADO
R      DAO
RT     RO
AFF    ATG
APA    
LOC    
MI     
POSTAGE
OTHER

| PERSONAL SERVICE | SUB SERVICE BY LEAVING WITH | | RELATIONSHIP |
|---|---|---|---|

| DATE SERVED | AM ☐ PM ☐ | PROCESS SERVER | REGISTRATION NO | DATE MAILED | DAYS TO COMPLETE |
|---|---|---|---|---|---|

**THIS FORM FOR SERVICE OF PROCESS ONLY**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| --- | --- |
| STREET ADDRESS:    500 Third Avenue | |
| MAILING ADDRESS:    500 Third Avenue | |
| CITY AND ZIP CODE:    Chula Vista, CA 91910-5649 | |
| BRANCH NAME:    South County | |
| TELEPHONE NUMBER:    (619) 691-4400 | |

| PLAINTIFF(S) / PETITIONER(S):    Deborah Ann Sanchez |
| --- |

| DEFENDANT(S) / RESPONDENT(S):  Graciela L Lopez, D.D.S. et.al. |
| --- |

| SANCHEZ VS. LOPEZ, D.D.S. |
| --- |

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00068029-CU-MM-SC |
| --- | --- |

Judge:  William S. Cannon                                    Department: S-04

**COMPLAINT/PETITION FILED:** 01/04/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SUM-100

(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Graciela L. Lopez, D.D.S.; Lopez and Noyes, Dental Corp.; and Does 1 thru 50, Inclusive.

FILED
SAN DIEGO SUPERIOR COURT

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
BY_____ V. CARRILLO

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Deborah Ann Sanchez

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>500 Third Avenue<br>-Same-<br>Chula Vista, Ca. 91910<br>South County Division | CASE NUMBER 37-2008-00068029-CU-MM-SC<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Diego John Velasquez, Esq., SBN176961        (619) 422-2564   (619) 422-1673
Law Offices of Diego John Velasquez
1129 Third Avenue, Ste. 3
Chula Vista, Ca. 91911

DATE: **JAN 4 2008**                    Clerk, by ___**V. CARRILLO**_____ , Deputy
*(Fecha)*                               *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under:  ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1   Diego John Velasquez, Esq.
    Bar #176961
2   Law Offices of Diego John Velasquez
    1129 Third Avenue, Suite 3
3   Chula Vista, Ca. 91911

4
    Attorney for Plaintiff
5   DEBORAH ANN SANCHEZ.

**FILED**
SAN DIEGO SUPERIOR COURT

JAN 04 2008

CLERK OF THE SUPERIOR COURT
BY_____V. CARRILLO_____

6

7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
                        SOUTH COUNTY DIVISION
9

10                                                      37-2008-00068029-CU-MM-SC
    DEBORAH ANN SANCHEZ                    )    Case No.
11                                         )
            Plaintiff,                     )    COMPLAINT FOR:
12                                         )
            v.                             )    1. DENTAL MALPRACTICE
13                                         )    2. INTENTIONAL MISREPRESENTATION
    GRACIELA L. LOPEZ, D.D.S.;  LOPEZ      )
14  and NOYES, DENTAL CORP.; and           )
    DOES 1 through 50, inclusive,          )
15                                         )
            Defendants.                    )
16  _____)

17          Plaintiff Deborah Ann Sanchez alleges as follows:

18                          **GENERAL ALLEGATIONS**

19          1.  At all material times, Plaintiff Deborah Ann Sanchez (hereinafter "Plaintiff") was a

20  resident of the County of San Diego, state of California.

21          2.  Plaintiff is informed and believes that, at all times relevant hereto, Defendant Graciela L.

22  Lopez, D.D.S. (hereinafter "Dr. Lopez") was a resident of the County of San Diego, state of

23  California.

24          3.  At all material times, Dr. Lopez was a dentist licensed under the laws of the state of

25  California and employed as a dentist by co-Defendant Lopez and Noyes, Dental Corp. ("Dental

26  Corp.").

27          4.  Plaintiff is informed and believes that, at all times relevant hereto, Defendant Dental Corp.

28                                          1

1     was a professional dental corporation licensed under the laws of the state of California with its

2     principal place of business in the County of San Diego, state of California.

3          5. The true names and capacities of the defendants named herein as Does 1 through 50,

4     inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who

5     therefore sues such defendants by fictitious names pursuant to Cal. Code Civ. Proc. §474. Plaintiff

6     is informed and believes that Doe defendants are California residents. Plaintiff will amend this

7     Complaint to show such true names and capacities when they have been determined.

8          6. Plaintiff is informed and believes that at all times herein mentioned, each of the Defendant

9     was the agent and employee of the remaining co-defendants, and as such was acting within the time,

10    place, purpose, and scope of said employment and agency and each Defendant has ratified,

11    authorized, and approved the acts of their agents.

12          7. At all times mentioned herein Defendants held themselves out as possessing the degree of

13    skill and competence common to dental practitioners in the community.

14          8. On July 13, 2006 Plaintiff consulted with Defendants to obtain a dental diagnosis and

15    receive treatment.

16          9. Beginning July 13, 2006 and continuing thereafter to June 14, 2007, Defendants provided

17    Plaintiff with dental diagnosis, ongoing dental treatment, and arranged for further dental care.

18          10. All Defendants diagnosed and treated Plaintiff, but did so negligently and carelessly.

19          11. After her examination and diagnosis Dr. Lopez misinformed Plaintiff that she had a

20    completed root canal and therefore was a candidate for a crown.

21          12. All Defendants mistreated Plaintiff's dental condition exposing her to unnecessary pain,

22    discomfort, mental anguish, and physical injury.

23          13. As a result of the dental care and treatment Plaintiff received from Defendants, she

24    suffered severe physical and mental harm. In addition, she has suffered both past and future dental

25    expenses in an amount to be proven at the time of trial.

26          14. Plaintiff has timely complied with the notice requirements of California Code of Civil

27    Procedure section 364 regarding the notice of intent to commence action against health care

28

1  provider.

2      15. On June 29, 2007, Plaintiff caused to be mailed to Dr. Lopez a notice of her intention to

3  commence an action based upon negligence by health care provider.

4      16. On June 29, 2007, Plaintiff caused to be mailed to Dental Corp. a notice of her intention

5  to commence an action based upon negligence by health care provider.

6                              **FIRST CAUSE OF ACTION**

7                        **(Dental Negligence Against All Defendants)**

8      17. The allegations set forth in Paragraphs 1 through 16 are realleged and incorporated

9  herein by reference.

10      18. At all times mentioned herein, Defendants' diagnosis and treatment of Plaintiff was

11  below the degree of skill and competence required by dental practitioners in the community.

12      19. Defendants' negligence was a substantial factor in causing harm to Plaintiff.

13      20. As a direct legal and proximate result of Defendants' conduct, Plaintiff has sustained

14  general and special damages in an amount according to proof at the time of trial.

15                              **SECOND CAUSE OF ACTION**

16                    **(Intentional Misrepresentation Against All Defendants)**

17      21. The allegations set forth in Paragraphs 1 through 16 are realleged and incorporated

18  herein by reference.

19      22. Dr. Lopez made an intentional false representation that harmed Plaintiff.

20      23. In particular, Defendant intentionally misrepresented to Plaintiff that she had a

21  completed root canal and that she was a candidate for a crown.

22      24. Defendant's representations were false.

23      25. Defendant knew that the representations were false when made.

24      26. Defendant made the representations recklessly and without regard for their truth.

25      27. Defendant intended that Plaintiff rely on the representations.

26      28. Plaintiff reasonably relied on Defendant's representations and suffered damages.

27      29. As a direct legal and proximate result of Defendant conduct, Plaintiff has sustained

28                                      3

1  general and special damages in an amount according to proof at the time of trial.

2      30. Defendants' conduct was despicable and was carried on by Defendants in conscious

3  disregard for Plaintiff's rights. Defendants' conduct constitutes malice, oppression, or fraud, such

4  that Plaintiff is entitled under California Civil Code §3294 to punitive damages in an amount

5  sufficient to punish or set an example of Defendants.

6  PRAYER FOR RELIEF

7      WHEREFORE, Plaintiff requests relief as follows:

8  As to the First Cause of Action:

9      1. For special and general damages;

10      2. For an award of interest, including prejudgment interest, at the legal rate;

11      3. For costs of the suit and such other relief as the Court may deem proper.

12  As to the Second Cause of Action:

13      1. For special and general damages;

14      2. For punitive damages according to proof;

15      3. For an award of interest, including prejudgment interest, at the legal rate;

16      4. For costs of the suit and such other relief as the Court may deem proper.

17

18

19  DATE:  1/4/08               LAW OFFICES OF DIEGO JOHN VELASQUEZ

20

21                            By: _____

                              Diego John Velasquez, Attorneys for Plaintiff

22                                Deborah Ann Sanchez

23

24

25

26

27

28  4

FROM : Law Office of DCJ Velasquez          PHONE No. : 619 422 Fax          Jan. 08 2008 12:23PM P1

# JUNES
## ATTORNEY SERVICE

DOWNTOWN
3776 FOURTH AVENUE • SAN DIEGO, CA 92103
(619) 233-6119 • Fax (619) 231-0647

WORK ORDER NUMBER

PR 242744

\* 7 pages total \*

ASSIGNED TO: _____

## PROCESS INSTRUCTIONS

| DATE | ☐ DO TODAY  ☒ REGULAR ☐ RUSH (24-48 HRS) | YOUR JUNES CUSTOMER CODE # | PERSON OR ENTITY TO SERVE (INDICATE NAME EXACTLY AS IT IS TO APPEAR ON PROOF OF SERVICE): |
|---|---|---|---|
| 1/8/08 | | | |

LAW FIRM (NAME & ADDRESS)  BAR CODE #

Diego John Velasquez
1129 Third Ave., Suite 3
Chula Vista, CA 91911

Lopez and Noyes, Dental Corp.
→ Agent: Angelina Noyes

| ATTORNEY'S CLIENT NUMBER | ATTENTION | PHONE NUMBER (619) 422-2564 | DOCUMENTS (LIST EXACTLY AS IT APPEARS ON PROOF OF SERVICE) |
|---|---|---|---|
| 4279068 | | FAX NUMBER (619) 422-1673 | ☒ S&C  ☐ S&P  ☐ SAC/UD  ☐ SUB  ☐ STD/RD  ☐ COP  ☐ ORAP  ☐ OSC  OTHER |

CASE NAME:

PLTF/PET  Deborah Ann Sanchez

VS

DEFT/RES  Graciela L. Lopez, D.D.S., Lopez and Noyes, Dental Corp.; and Does.

Notice of case assignment.

WITNESS FEES ATTACHED $_____          ORIGINALS ATTACHED? YES ☐ NO ☐

| CASE NUMBER | COURT | JUDICIAL DISTRICT | HEARING DATE | TIME  AM☐ PM☐ | DEPT |
|---|---|---|---|---|---|
| 68029-CU-MM-SC | | | | | |

| HOME ADDRESS | BUSINESS ADDRESS |
|---|---|
| STREET | BUSINESS NAME  Lopez and Noyes, Dental Corp. |
| APT # | STREET  669 Forester Ln. |
| CITY, STATE, ZIP | CITY, STATE, ZIP  Bonita, CA 91902 |
| PHONE | PHONE  WORK HOURS |

| LAST DAY TO SERVE  2/4/08 | FAST TRACK DATE | SEX | AGE | RACE | HEIGHT | WEIGHT | HAIR | EYES | SPECIAL FEATURES |
|---|---|---|---|---|---|---|---|---|---|
| STATUS DUE BY | JUNES STATUS DATE | SEX | AGE | RACE | HEIGHT | WEIGHT | HAIR | EYES | SPECIAL FEATURES |

SPECIAL INSTRUCTIONS          LIMITS OF LIABILITIES $100.00 PER DELIVERY.

| PLEASE CALL WHEN COMPLETE?  YES ☒  NO ☐ | | DIRECT INSURANCE BILLING INFORMATION | | OFFICE USE |
|---|---|---|---|---|
| TELEPHONE LOG | | CARRIER NAME | | PRSP.  PRSU  PRS.  SSU  PRSPD  PSAU  PSA  SSAU |
| DATE | CONTACT | RESPONSE | | |
| | | | ADDRESS | SS.  BAD  SSA  SSD  NP.  DFO |
| | | | CITY, STATE, ZIP | |
| | | | ADJUSTER | PG.  BAO  AT.  RO  ATT.  ATO  BA. |
| | | | INSURED | LOG.  MI.  POSTAGE  OTHER |
| | | | CLAIM NUMBER | |
| | | | DATE OF LOSS | |

| PERSONAL SERVICE | SUB SERVICE BY LEAVING WITH | RELATIONSHIP |
|---|---|---|
| DATE SERVED  AM  PM | PROCESS SERVED | REGISTRATION NO. | DATE MAILED | DAYS TO COMPLETE |

## THIS FORM FOR SERVICE OF PROCESS ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:     500 Third Avenue

MAILING ADDRESS:    500 Third Avenue

CITY AND ZIP CODE:  Chula Vista, CA 91910-5649

BRANCH NAME:        South County

TELEPHONE NUMBER:   (619) 691-4400

PLAINTIFF(S) / PETITIONER(S):     Deborah Ann Sanchez

DEFENDANT(S) / RESPONDENT(S):  Graclela L Lopez, D.D.S. et.al.

SANCHEZ VS. LOPEZ, D.D.S.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00068029-CU-MM-SC |
|---|---|

Judge:  William S. Cannon                                           Department: S-04

**COMPLAINT/PETITION FILED:** 01/04/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Graciela L. Lopez, D.D.S.;  Lopez and Noyes, Dental
Corp.;  and Does 1 thru 50, Inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SAN DIEGO SUPERIOR COURT

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
BY_____V. CARRILLO

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Deborah Ann Sanchez

    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

    *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>500 Third Avenue<br>-Same-<br>Chula Vista, Ca. 91910<br>South County Division | CASE NUMBER **37-2008-00068029-CU-MM-SC**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Diego John Velasquez, Esq., SBN176961        (619) 422-2564  (619) 422-1673
Law Offices of Diego John Velasquez
1129 Third Avenue, Ste. 3
Chula Vista, Ca. 91911

| DATE:  **JAN 4 2008** | Clerk, by _____**V. CARRILLO**_____ , Deputy |
|---|---|
| *(Fecha)* | *(Secretario)*                                      *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. _____ as an individual defendant.
2. _____ as the person sued under the fictitious name of *(specify)*:

3. _____ on behalf of *(specify)*:

    under:   ___ CCP 416.10 (corporation)          ___ CCP 416.60 (minor)
             ___ CCP 416.20 (defunct corporation)  ___ CCP 416.70 (conservatee)
             ___ CCP 416.40 (association or partnership)  ___ CCP 416.90 (authorized person)
             ___ other *(specify)*:
4. _____ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  Diego John Velasquez, Esq.
   Bar #176961
2  Law Offices of Diego John Velasquez
   1129 Third Avenue, Suite 3
3  Chula Vista, Ca. 91911

4
   Attorney for Plaintiff
5  DEBORAH ANN SANCHEZ

6

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
                          SOUTH COUNTY DIVISION
9

10                                              37-2008-00068029-CU-MM-SC
   DEBORAH ANN SANCHEZ              )
11                                  )    Case No.
        Plaintiff,                  )
12                                  )    COMPLAINT FOR:
        v.                          )
13                                  )    1. DENTAL MALPRACTICE
   GRACIELA L. LOPEZ, D.D.S.; LOPEZ )    2. INTENTIONAL MISREPRESENTATION
14 and NOYES, DENTAL CORP.; and     )
   DOES 1 through 50, inclusive,    )
15                                  )
        Defendants.                 )
16 _____ )

17      Plaintiff Deborah Ann Sanchez alleges as follows:

18                          **GENERAL ALLEGATIONS**

19      1. At all material times, Plaintiff Deborah Ann Sanchez (hereinafter "Plaintiff") was a

20 resident of the County of San Diego, state of California.

21      2. Plaintiff is informed and believes that, at all times relevant hereto, Defendant Graciela L.

22 Lopez, D.D.S. (hereinafter "Dr. Lopez") was a resident of the County of San Diego, state of

23 California.

24      3. At all material times, Dr. Lopez was a dentist licensed under the laws of the state of

25 California and employed as a dentist by co-Defendant Lopez and Noyes, Dental Corp. ("Dental

26 Corp.").

27      4. Plaintiff is informed and believes that, at all times relevant hereto, Defendant Dental Corp.

28
                                    1

FILED
SAN DIEGO SUPERIOR COURT

JAN 0 4 2008

CLERK OF THE SUPERIOR COURT
BY_____ V. CARRILLO

1   was a professional dental corporation licensed under the laws of the state of California with its

2   principal place of business in the County of San Diego, state of California.

3        5.  The true names and capacities of the defendants named herein as Does 1 through 50,

4   inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who

5   therefore sues such defendants by fictitious names pursuant to Cal. Code Civ. Proc. §474.  Plaintiff

6   is informed and believes that Doe defendants are California residents.  Plaintiff will amend this

7   Complaint to show such true names and capacities when they have been determined.

8        6.  Plaintiff is informed and believes that at all times herein mentioned, each of the Defendant

9   was the agent and employee of the remaining co-defendants, and as such was acting within the time,

10  place, purpose, and scope of said employment and agency and each Defendant has ratified,

11  authorized, and approved the acts of their agents.

12       7.  At all times mentioned herein Defendants held themselves out as possessing the degree of

13  skill and competence common to dental practitioners in the community.

14       8.  On July 13, 2006 Plaintiff consulted with Defendants to obtain a dental diagnosis and

15  receive treatment.

16       9.  Beginning July 13, 2006 and continuing thereafter to June 14, 2007, Defendants provided

17  Plaintiff with dental diagnosis, ongoing dental treatment, and arranged for further dental care.

18       10.  All Defendants diagnosed and treated Plaintiff, but did so negligently and carelessly.

19       11.  After her examination and diagnosis Dr. Lopez misinformed Plaintiff that she had a

20  completed root canal and therefore was a candidate for a crown.

21       12.  All Defendants mistreated Plaintiff's dental condition exposing her to unnecessary pain,

22  discomfort, mental anguish, and physical injury.

23       13.  As a result of the dental care and treatment Plaintiff received from Defendants, she

24  suffered severe physical and mental harm.  In addition, she has suffered both past and future dental

25  expenses in an amount to be proven at the time of trial.

26       14.  Plaintiff has timely complied with the notice requirements of California Code of Civil

27  Procedure section 364 regarding the notice of intent to commence action against health care

28

1 │ provider.

2 │      15. On June 29, 2007, Plaintiff caused to be mailed to Dr. Lopez a notice of her intention to

3 │ commence an action based upon negligence by health care provider.

4 │      16. On June 29, 2007, Plaintiff caused to be mailed to Dental Corp. a notice of her intention

5 │ to commence an action based upon negligence by health care provider.

6 │ **FIRST CAUSE OF ACTION**

7 │ **(Dental Negligence Against All Defendants)**

8 │      17. The allegations set forth in Paragraphs 1 through 16 are realleged and incorporated

9 │ herein by reference.

10 │      18. At all times mentioned herein, Defendants' diagnosis and treatment of Plaintiff was

11 │ below the degree of skill and competence required by dental practitioners in the community.

12 │      19. Defendants' negligence was a substantial factor in causing harm to Plaintiff.

13 │      20. As a direct legal and proximate result of Defendants' conduct, Plaintiff has sustained

14 │ general and special damages in an amount according to proof at the time of trial.

15 │ **SECOND CAUSE OF ACTION**

16 │ **(Intentional Misrepresentation Against All Defendants)**

17 │      21. The allegations set forth in Paragraphs 1 through 16 are realleged and incorporated

18 │ herein by reference.

19 │      22. Dr. Lopez made an intentional false representation that harmed Plaintiff.

20 │      23. In particular, Defendant intentionally misrepresented to Plaintiff that she had a

21 │ completed root canal and that she was a candidate for a crown.

22 │      24. Defendant's representations were false.

23 │      25. Defendant knew that the representations were false when made.

24 │      26. Defendant made the representations recklessly and without regard for their truth.

25 │      27. Defendant intended that Plaintiff rely on the representations.

26 │      28. Plaintiff reasonably relied on Defendant's representations and suffered damages.

27 │      29. As a direct legal and proximate result of Defendant conduct, Plaintiff has sustained

28 │

3

1  general and special damages in an amount according to proof at the time of trial.

2      30. Defendants' conduct was despicable and was carried on by Defendants in conscious

3  disregard for Plaintiff's rights. Defendants' conduct constitutes malice, oppression, or fraud, such

4  that Plaintiff is entitled under California Civil Code §3294 to punitive damages in an amount

5  sufficient to punish or set an example of Defendants.

6                                    <u>PRAYER FOR RELIEF</u>

7      WHEREFORE, Plaintiff requests relief as follows:

8      <u>As to the First Cause of Action</u>:

9      1. For special and general damages;

10     2. For an award of interest, including prejudgment interest, at the legal rate;

11     3. For costs of the suit and such other relief as the Court may deem proper.

12     <u>As to the Second Cause of Action</u>:

13     1. For special and general damages;

14     2. For punitive damages according to proof;

15     3. For an award of interest, including prejudgment interest, at the legal rate;

16     4. For costs of the suit and such other relief as the Court may deem proper.

17

18

19  DATE:  1/4/08                              LAW OFFICES OF DIEGO JOHN VELASQUEZ

20

21                                            By: _____
                                                  Diego John Velasquez, Attorneys for Plaintiff
22                                                Deborah Ann Sanchez

23

24

25

26

27

28                                              4