805 640 2980

SHARON A. WATT SBN 81377
FILARSKY & WATT LLP
Attorneys at Law
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile: (805) 640-2980

Attorneys for Defendant/Counterclaimant
FALLBROOK UNION HIGH SCHOOL DISTRICT

FILED

08 JAN -8 PM 3: 17

BY:                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FACSIMILE

| | |
|---|---|
| MARY STRUBLE, As Conservator for CS, | CASE NO. 07CV 2328 LAB (cab) |
| Plaintiff, | **FALLBROOK UNION HIGH SCHOOL DISTRICT ANSWER TO COMPLAINT/APPEAL OF ADMINISTRATIVE HEARINGS, SPECIAL EDUCATION DIVISION, FOR PARTIAL REVERSAL OF DECISION AND ATTORNEY FEES AND COSTS AND COUNTERCLAIMS AGAINST MARY STRUBLE** |
| v. | |
| FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency, | |
| Defendant. | |
| FALLBROOK UNION HIGH SCHOOL DISTRICT, | |
| Counterclaimant, | |
| v. | |
| MARY STRUBLE, | |
| Counterdefendant. | |

1

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

COMES NOW Defendant and Counterclaimant FALLBROOK UNION HIGH SCHOOL DISTRICT ("District"), in answer to the Complaint/Appeal of Office of Administrative Hearings, Special Education Division, for Partial Reversal of Decision and Attorney Fees and Costs ("Complaint") of Plaintiff MARY STRUBLE ("Plaintiff"), as conservator for CS ("Student") in the above-referenced matter, and admits, denies, and alleges as follows:

## I

## DISTRICT'S ANSWER TO COMPLAINT

1. In answer to Paragraph 1 of the Complaint, the District admits that 20 U.S.C. § 1331 confers on this Court original jurisdiction in this matter because it arises under the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1400 *et seq.*

The District denies that this matter arises under section 504 of the Rehabilitation Act or its codification at 29 U.S.C. § 794, or the Civil Rights Act or its codification at 42 U.S.C. § 1983, or that this Court has jurisdiction under these laws.

The District admits that Plaintiff's Complaint is an appeal for partial reversal of the decision of the Special Education Division of the California Office of Administrative Hearings ("OAH") in OAH case number N2007090067 dated November 20, 2007.

2. In answer to Paragraph 2 of the Complaint, the District denies that

jurisdiction is conferred on this Court by 28 U.S.C. § 1343.

3. In answer to Paragraph 3 of the Complaint, the District admits the Southern District of California is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) because Plaintiff and CS reside in the Southern District of California, the District is located in the Southern District of California, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of California.

4. In answer to Paragraph 4 of the Complaint, the District admits that Plaintiff has exhausted her administrative remedies under the laws of the IDEA by virtue of the special education due process hearing that was held before the OAH.

The District denies that Plaintiff has exhausted her administrative remedies under section 504 of the Rehabilitation Act or its codification at 29 U.S.C. § 794, or the Civil Rights Act or its codification at 42 U.S.C. § 1983.

The District admits that Educ. Code § 56505(k) is the California codification of Plaintiff's right under 20 U.S.C. § 1415(i)(1)(B)(2) to bring a civil action in the Court as an aggrieved party to the decision of the OAH.

The District denies that the decision of the OAH made errors of law in deciding questions of fact or law in favor of the District.

The District admits that that decision of the OAH made errors of law in deciding questions of fact or law in favor of the Plaintiff.

The District admits that Plaintiff requested a modification of the OAH

decision in her favor.

The District denies that Plaintiff is entitled to a modification of the OAH decision in her favor.

The District alleges that the allegation pertaining to a modification of the OAH decision is irrelevant.

5. In answer to Paragraph 5 of the Complaint, the District admits the allegations in Paragraph 5 of the Complaint.

6. In answer to Paragraph 6 of the Complaint, the District admits the allegations in Paragraph 6 of the Complaint.

7. In answer to Paragraph 7 of the Complaint, the District denies that those portions of the OAH decision in favor of the District were in error.

The District alleges that the OAH decision partially in favor of the Plaintiff was in error.

The District admits the remaining allegations n Paragraph 7 of the Complaint.

8. In answer to Paragraph 8 of the Complaint, the District alleges that the allegation that the District had responsibility to discharge all duties imposed upon the District by law is but a truism and a meaningless allegation.

The District admits the remaining allegations in Paragraph 8 of the Complaint.

9. In answer to Paragraph 9 of the Complaint, the District alleges that two of the issues were whether the District failed to write any handwriting goals for the 2005-2006 and 2006-2007 school years.

The District admits that the remainder of the issues cited by Plaintiff is a fair characterization of the issues heard at Student's special education due process hearing and of the issues to be decided by this Court.

10.  In answer to Paragraph 10 of the Complaint, the District denies the allegations in Paragraph 10 of the Complaint.

The District alleges that Student's request for due process provided alleged "Facts" that date back to the period of time when Student was five years old, during which time options for completing high school were not an issue.

The District alleges that Student's request for due process first mentions any issue with regard to a diploma-track program in an allegation that at a November 27, 2006 IEP team meeting, Student was not offered a high school diploma track.

The District alleges that Student's request for due process only proposed that he be placed at a certified nonpublic school, with all services and transportation, reimbursement for an independent educational evaluation, and any addition educational expenses that Student's parents might incur during the pendency of his due process proceeding.

The District alleges that Student did not request that the proposed nonpublic school placement be in a program leading to a high school diploma.

11.  In answer to Paragraph 11 of the Complaint, the District alleges that Student's request for due process proposed as partial resolution of his request for a due process hearing that he be placed at a certified nonpublic school.

5

The District further alleges that Student never requested a placement where he could obtain a high school diploma.

12.  In answer to Paragraph 12 of the Complaint, the District denies the allegations in Paragraph 12 of the Complaint.

The District alleges that a nonfiling party to a special education due process hearing may raise affirmative defenses as issues to be decided and that a nonfiling party may request as relief that all requests for relief made by the filing party be denied.

13.  In answer to Paragraph 13 of the Complaint, the District alleges that the allegations in Paragraph 13 of the Complaint are vague and ambiguous.

Nevertheless, the District denies what appears to be Plaintiff's implied argument that a finding in her favor on one issue is sufficient basis for awarding her the entirety of the relief that she and Student requested at Student's due process hearing, let alone any part of the relief requested. *See Parents of Student W. v. Puyallup School District No. 3*, 31 F.3d 1489, 1497 (9th Cir. 1994).

The District alleges that 20 U.S.C. § 1415(f)(3)(E)(ii) dictates how alleged procedural violations are to be analyzed.

The District denies the remaining allegations in Paragraph 13 of the Complaint to the extent that they are comprehensible.

The District denies the remaining allegations in Paragraph 13 of the Complaint to the extent that they are not comprehensible.

6

14.  In answer to Paragraph 14 of the Complaint, the District takes issue with Plaintiff's gloss on the hearing officer's Conclusions of Law.

The District alleges that the hearing officer only found that the District denied Student a free appropriate public education ("FAPE") based on a predetermined placement at Student's June 2007 Individualized Education Plan ("IEP") team meeting and at no other time.

The District denies that the hearing officer found that the District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by not communicating to Student's parents options for completing high school. The District admits that the hearing officer found that the District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by not <u>adequately</u> communicating options for completing high school.

15.  In answer to Paragraph 15 of the Complaint, the District denies the allegations in Paragraph 15 of the Complaint.

The District denies that by winning a penny, Plaintiff is eligible for an award of a pound.

The District alleges that Student decided what issues were to be decided at his due process hearing.  *See* Paragraph 12 of Plaintiff's Complaint.

The District alleges that Plaintiff mischaracterizes the law with regard to awarding equitable relief and attorneys' fees under the IDEA.

16.  In answer to Paragraph 16 of the Complaint, the District denies that

7

Student prevailed on the ultimate issue.

The District admits the remaining allegations in Paragraph 16 of the Complaint.

17.  In answer to Paragraph 17 of the Complaint, the District admits that paragraph 31 of the hearing officer's Conclusions of Law provides in part, "Student did not meet his burden of proving that an NPS placement should be ordered to provide compensatory education to Student."

The District alleges that the hearing officer correctly determined that Student did not meet his burden of proof that an NPS placement should be ordered to provide compensatory education to Student.

The District alleges that the hearing officer found that the District's transition program is not designed to give Student the opportunity to work toward a diploma.

The District alleges that the hearing officer found that allowing Student to attend a District school as a "super senior" without intention of earning a high school diploma was not appropriate.

The District admits that the hearing officer did not determine Student's placement.

The District denies the remaining allegations in Paragraph 17 of the Complaint.

18.  In answer to Paragraph 18 of the Complaint, the District alleges that Student bore the burden to prove the appropriate remedy.

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

The District alleges that Plaintiff and Student filed for a due process hearing in order to be placed in a program of study that led to a high school diploma.

The District alleges that the hearing officer ordered that Student should be placed in a program that will lead to a high school diploma.

The District alleges that the hearing officer fashioned Student's remedy.

The District alleges that the hearing officer's order and remedy is erroneous because the hearing officer erred in her factual findings and conclusions of law.

The District alleges that the cases cited by Plaintiff are inapposite.

The District alleges that Plaintiff mischaracterizes the cases cited.

The District admits that paragraph 34 of the hearing officer's legal conclusions provides in part:

"If the IEP team is unable to agree upon an appropriate placement, nothing in this Decision would stop either party from seeking further relief through a future due process proceeding."

The District admits that the remedy of compensatory education depends on a fact-specific analysis of the individual circumstances of the case, and that a court is given broad discretion in fashioning a remedy as long s the relief is appropriate in light of the purpose of the IDEA.

The District denies the remaining allegations in Paragraph 18 of the Complaint.

19.  In answer to Paragraph 19 of the Complaint, the District has no

information, knowledge, or belief as to the truth of the allegation that Plaintiff filed her Complaint rather than participate in a future IEP team meeting and become subject to another administrative due process hearing, and so denies the allegation on that ground.

The District alleges that Plaintiff admits in Paragraph 19 of the Complaint that she refuses to participate in the IEP decisionmaking process and has predetermined her decision with regard to any future offer of FAPE at an IEP team meeting.

The District admits the remaining allegations in Paragraph 19 of the Complaint.

20.  In answer to Paragraph 20 of the Complaint, the District admits that the decision of the hearing officer misstated and misapplied the law and the facts to the law in those parts of her decision that found that the District denied a FAPE to Student.

The District denies that the hearing officer misstated and misapplied the law and the facts to the law in those parts of her decision that found that the District did offer a FAPE to Student.

The District denies that equitable remedy works by operation of law.

The District denies that Plaintiff and Student are eligible for any remedy.

21.  In answer to Paragraph 21 of the Complaint, the District incorporates its answers to Plaintiff's Complaint contained in paragraphs 1 through 20 of this answer.

*Struble v. Fallbrook UHSD*                District's Answer and Counterclaim
07CV 2328 (LAB/cab)

22.  In answer to Paragraph 22 of the Complaint, the District admits that the hearing officer misapplied the law and the facts to the law when she found that the District denied Student a FAPE.

The District admits that the hearing officer erred in finding that the District the District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to adequately communicate to Student's parents options for completing high school, that the District denied Student a FAPE in June 2007 by predetermining his placement, that Student was bullied, that District staff were insensitive, that a diploma track was appropriate for Student, and any other fact upon which a procedural or substantive violation of the IDEA was found by the hearing officer.

The District denies that the hearing officer misapplied the law and the facts to the law when she found that the District offered Student a FAPE.

The District alleges that this Court has no authority to "omit" any part of the hearing officer's decision.

The District denies that the hearing officer's Factual Findings number 57 *et seq.* are moot.

The District denies that the hearing officer made factual findings that were irrelevant to the issues to be determined at Student's due process hearing.

The District alleges that the hearing officer incorrectly found that the District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to adequately communicate to Student's parents options for completing high school,

that the District denied Student a FAPE in June 2007 by predetermining his placement, that Student was bullied, that District staff were insensitive, that a diploma track was appropriate for Student, and any other fact upon which a procedural or substantive violation of the IDEA was found by the hearing officer.

23.  In answer to Paragraph 23 of the Complaint, the District denies that equitable remedy works by operation of law.

The District denies that any statements of the hearing officer's decision that the District prevailed on any issue should be reversed.

The District denies that the hearing officer's order that an IEP team meeting is to be convened to determine Student's placement is unlawful or should be reversed.

The District alleges that placement of Student in a diploma-track program does not provide Student with a FAPE.

The District denies that Student is eligible for any remedy.

The District alleges that the hearing officer incorrectly found that that District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to adequately communicate to Student's parents options for completing high school, that the District denied Student a FAPE in June 2007 by predetermining his placement, that Student was bullied, that District staff were insensitive, that a diploma track was appropriate for Student, and any other fact upon which a procedural or substantive violation of the IDEA was found by the hearing officer.

The District alleges that the hearing officer incorrectly applied the law to find

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

that the District denied Student a FAPE in any way whatsoever.

24.  In answer to Paragraph 24 of the Complaint, the District incorporates its answers to Plaintiff's Complaint contained in paragraphs 1 through 23 of this answer.

25.  In answer to Paragraph 25 of the Complaint, the District denies that Plaintiff and Student should have prevailed in any way whatsoever at Student's due process hearing and that the hearing officer erred when she found that Student prevailed on any issue whatsoever.

The District denies that Plaintiff is eligible for any attorneys' fees or costs.

26.  In answer to Plaintiff's Prayer for Relief, the District denies that Plaintiff should be granted any relief whatsoever, that Plaintiff should be granted attorney's fees, or that the District ever denied Student a FAPE.

## II

## AFFIRMATIVE DEFENSES

The District sets forth the following matters constituting affirmative defenses and avoidance (individually, "Affirmative Defense" or "affirmative defense") as follows:

### First Affirmative Defense

27.  As a further, separate and affirmative defense, the District alleges that its actions were undertaken in good faith and in the reasonable belief that each such

action was lawful and valid and, further, that it complied fully with the requirements of the IDEA and applicable state and federal regulations and law.

### Second Affirmative Defense

28.  As a further, separate, and affirmative defense, the District alleges that Plaintiff bears the burden of proving that the District denied him a FAPE, that the District significantly impeded his parents' opportunity to participate in the decisionmaking process regarding the provision to Student of a FAPE, and the appropriate remedy.

### Third Affirmative Defense

29.  As a further, separate, and affirmative defense, the District alleges that Plaintiff's Complaint is an admission.

### Fourth Affirmative Defense

30.  As a further, separate, and affirmative defense, the District alleges that District did not significantly impede Student's parents' opportunity to participate in the decisionmaking process regarding the provision to Student of a FAPE.

### Fifth Affirmative Defense

31.  As a separate and affirmative defense, the District alleges that the Complaint and each purported cause of action set forth therein, fails to state a claim against it upon which relief may be granted.

**Sixth Affirmative Defense**

32.  As a further, separate and affirmative defense, the District alleges that the Hearing Officer's findings were thorough and careful except for those findings in her decision that support Student's allegations.

**Seventh Affirmative Defense**

33.  As a further, separate and affirmative defense, the District alleges that the Hearing Officer's findings of fact are not clearly erroneous except for findings of fact that support Student's allegations.

**Eighth Affirmative Defense**

34.  As a separate and affirmative defense, the District alleges that it has always offered to Petitioner a FAPE in the least restrictive environment that is and always has been reasonably calculated to provide Petitioner with educational benefit.

**Ninth Affirmative Defense**

35.  As a separate and affirmative defense, the District alleges that placement at a nonpublic school would not provide a free appropriate public education to Student.

**Tenth Affirmative Defense**

36.  As a separate and affirmative defense, the District alleges that placement at a nonpublic school is not placement in the least restrictive environment.

**Eleventh Affirmative Defense**

37.  As a separate and affirmative defense, the District alleges that Student's

*Struble v. Fallbrook UHSD*                District's Answer and Counterclaim
07CV 2328 (LAB/cab)

proposed placement does not meet state educational agency standards.

## Twelfth Affirmative Defense

38.  As a separate and affirmative defense, the District alleges that consideration of a nonpublic school placement is irrelevant because the District is ready, willing, and able to provide Student with a FAPE.

## Thirteenth Affirmative Defense

39.  As a further, separate and affirmative defense, the District alleges that Student's parents have refused educational services offered to them.

## Fourteenth Affirmative Defense

40.  As a further, separate, and affirmative defense, the District alleges that assessments of Petitioner have been appropriate.

## Fifteenth Affirmative Defense

41.  As a further, separate, and affirmative defense, the District alleges that independent educational evaluations of Student have not been appropriate.

## Sixteenth Affirmative Defense

42.  As a further, separate, and affirmative defense, the District alleges that Student's parents have consented to Student's IEPs.

## Seventeenth Affirmative Defense

43.  As a further, separate, and affirmative defense, the District alleges that Student's parents were provided with copies of Student's IEPs.

*Struble v. Fallbrook UHSD*                District's Answer and Counterclaim
07CV 2328 (LAB/cab)

**Eighteenth Affirmative Defense**

44.  As a further, separate, and affirmative defense, the District alleges that Student's parents were provided with copies of their procedural safeguards and rights under the IDEA.

**Nineteenth Affirmative Defense**

45.  As a further, separate, and affirmative defense, the District alleges that Student's parents are estopped from asserting that the District denied Student a FAPE by failing to place him in a diploma-bound track.

**Twentieth Affirmative Defense**

46.  As a further, separate, and affirmative defense, the District alleges that Student's parents refused to provide the District with relevant information.

**Twenty-First Affirmative Defense**

47.  As a further, separate, and affirmative defense, the District alleges that Student's parents have unclean hands.

**Twenty-Second Affirmative Defense**

48.  As a further, separate, and affirmative defense, the District alleges that Student abandoned issues at his due process hearing that were pled in his request for due process.

**Twenty-Third Affirmative Defense**

49.  As a separate and affirmative defense, the District alleges that any failure to implement an agreed-to IEP was not material.

*Struble v. Fallbrook UHSD*                District's Answer and Counterclaim
07CV 2328 (LAB/cab)

# III

# COUNTERCLAIMS

# PROCEDURAL HISTORY

50. On or about September 4, 2007, Student, by and through his attorney, filed a Mediation and Due Process Request pursuant to 20 U.S.C. § 1415(b)(6), part of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Student alleged that the District violated provisions of the IDEA, and named the District as the Respondent.

51. A special education due process hearing on the matter was held by the California Office of Administrative Hearings ("OAH") on October 16, 17, 18, and 19, 2007. The California Department of Education, a state educational agency within the definition of 20 U.S.C. § 1401(32), contracts with the OAH to conduct special education due process hearings pursuant to 20 U.S.C. § 1415(f).

52. A decision in Student's special education due process hearing ("Decision") was issued by the OAH Hearing Officer on November 20, 2007.

53. The District is an aggrieved party within the definition of 20 U.S.C. § 1415(i)(2)(A) to the factual findings, legal conclusions, decision, and order of the Hearing Officer in Student's special education due process hearing.

# STATEMENT OF FACTS

54. On or about September 4, 2007, Student filed with the OAH a Request for Mediation and Due Process Hearing ("Complaint") pursuant to the IDEA. Student

named the District as Respondent and as a party to the action.

55. The OAH heard the matter on October 16, 17, 18, and 19, 2007, in a special education due process hearing. The issues heard, as framed by the Hearing Officer in the matter, were:

(a)    Whether the District failed to offer and provide a FAPE to Student during the 2005-2006 school year when Student was in the eleventh grade in one or more of the following ways:

     (i)    Failure to provide parents with options for Student's graduation.

     (ii)    Failure to write any handwriting goals.

     (iii)    Failure to provide occupational therapy services for handwriting.

     (iv)    Failure to take appropriate action when Student's failed to make progress to meet goals.

     (v)    Failure to provide a behavior support plan, and/or failure to write adequate behavioral goals.

(b)    Whether the District failed to offer and provide a FAPE to Student during the 2006-2007 school year when Student was in the twelfth grade in one or more of the following ways:

     (i)    Failure to write any handwriting goals.

     (ii)    Failure to provide social skills training.

     (iii)    Failure to provide occupational therapy services for handwriting.

     (iv)    Failure to timely provide communication logs.

(v)    Failure to timely provide a behavior support plan.

(vi)    Staff insensitivity to words and actions that trigger anxiety in Student.

(vii)    Staff insensitivity to parental concerns.

(viii)  Failure to provide any educational program (such as home hospital or itinerant teacher) after May 3, 2007.

(ix)    Failure to provide parents or Student with options for graduation, and/or predetermination of placement.

(x)    Failure to provide a safe learning environment.

56.  In the Decision, the Hearing Officer concluded as to the issues:

(a)    The District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to provide parents with options for Student's graduation and predetermining Student's placement at a June 2007 IEP team meeting  (issues (a)(i) and (b)(ix) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law, p. 32, ¶¶ 10-12.

(b)    The District denied Student a FAPE during the 2005-2006 and 2006-2007 school years by failing to provide handwriting goals (issues (a)(ii) and (b)(i) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law, pp. 32-33, ¶ 14.

(c)    The District provided Student with a FAPE for the 2005-2006 and 2006-2007 school years because Student did not require occupational

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

therapy services relating to handwriting (issues (a)(iii) and (b)(iii) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law, pp. 32-33, ¶ 14.

(d)     The District provided Student with a FAPE during the 2005-2006 school year because Student made sufficient progress on his IEP goals (issue (a)(iv) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law, p. 33, ¶ 16.

(e)     The District provided Student with a FAPE during the 2005-2006 and 2006-2007 school years because Student did not require a behavioral support plan and the problem solving goal was sufficient to address Student's behavioral issues during the 2005-2006 school year, The District timely provided Student with a behavioral support plan during the 2006-2007 school year, and the District took action to correct any reported problems with peers or aides (issues (a)(v), (b)(v), and (b)(x) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law, p. 34, ¶¶ 18-19.

(f)     The District provided Student with a FAPE during the 2006-2007 school year because the District provided Student with social skills training (issue (b)(ii) of paragraph 55, *supra*).  *See* Decision, "Conclusions of Law, p. 34, ¶ 20.

(g)     The District provided Student with a FAPE during the 2006-2007

school year because the District provided Student's parents with timely communication logs (issue (b)(iv) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, p. 34, ¶ 21.

(h)    The District provided Student with a FAPE during the 2006-2007 school year because any possible insensitivity by District staff toward Student or his parents was not severe or prevented the parents from participating in the process or constituted a failure to follow Student's IEP (issues (b)(vi) and (b)(vii) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, pp 34-35, ¶ 22.

(i)    The District provided Student with a FAPE during the 2006-2007 school year because it offered Student an appropriate educational placement from May 3, 2007, through the end of the 2006-2007 school year (issue (b)(viii) of paragraph 55, *supra*). *See* Decision, "Conclusions of Law, p. 35, ¶ 24.

57.  The Hearing Officer ordered that Student is entitled to:

(a)    Have the District convene a new IEP team meeting to discuss and consider placements, goals, and services designed to help Student work toward a high school diploma.

(b)    Prevailing party status as to the following issues:

(i)    Whether the District denied Student a FAPE during the 2005-2006 school year by failing to provide parents with options for

Student's graduation.

      (ii)      Whether the District denied Student a FAPE during the 2005-2006 school year by failing to provide any handwriting goals.

      (iii)      Whether the District denied Student a FAPE during the 2006-2007 school year by failing to provide parents or Student with options for graduation and/or predetermination of placement.

58. The Decision is final and not subject to reconsideration or further administrative appeal. The District is aggrieved by the Decision to the extent that the factual findings of the Hearing Officer are contrary to the preponderance of the evidence, the legal conclusions of the Hearing Officer are contrary to law, the Hearing Officer determined that the District did not prevail on all issues to be heard at the hearing, and the Hearing Officer ordered that Student is entitled to relief.

## CLAIM FOR RELIEF

59. The District provided Student with a handwriting goal during the 2005-2006 and 2006-2007 school years and provided appropriate instruction on improving his handwriting during those same school years.

60. The District provided parents with options for Student's graduation/options for completing high school during the 2005-2006 and 2006-2007 school years and did not predetermine Petitioner's placement.

61. The Decision of the Hearing Officer on the Issues listed in the paragraph subsections numbered (a)(i), (a)(ii), (b)(i), and (b)(ix) of paragraph 55, *supra*, is not

23

1  supported by a preponderance of the evidence and is contrary to law.

2      62.  The actions of the Hearing Officer, acting on behalf of the OAH,

3  constitute reversible error because the Decision on the Issues listed in (a)(i), (a)(ii),

4  (b)(i), and (b)(ix) of paragraph 55 was not based  on the evidence presented at

5  Student's special education due process hearing and is contrary to law.

6

7                                    **PRAYER**

8      WHEREFORE, WITH RESPECT TO PLAINTIFF'S COMPLAINT, the

9  District prays for an order of this Court declaring and adjudging as follows:

10     63.  That each of Plaintiff's claims for relief be denied as a matter of fact

11 and law.

12     64.  That each of the District's Affirmative Defenses is a complete defense

13 to each of Plaintiff's claims for relief.

14     65.  That Plaintiff takes nothing by virtue of her Complaint on file herein;

15     66.  That the District recovers its costs of suit incurred herein.

16     67.  That Plaintiff be ordered to pay reasonable attorneys fees incurred by

17 the District, according to proof, in such amount as the court deems just and proper.

18     68.  That the District be awarded such other and further relief as the court

19 deems just and proper.

20     WHEREFORE, WITH RESPECT TO THE DISTRICT'S

21 COUNTERCLAIMS, the District prays for judgment as follows:

22     69.  That those portions of the Decision finding that the District failed to

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

provide parents with options for Student's graduation during the 2005-2006 and 2006-2007 school years, failed to discuss options/predetermined placement at a June 2007 IEP team meeting, and failed to provide handwriting goals during the 2005-2006 and 2006-2007 school years be set aside and/or overturned.

70.    That the portion of the Decision that ordered that the District shall convene a new IEP team meeting to discuss and consider placements, goals, and services designed to help Student work toward a high school diploma be set aside and/or overturned.

71.  That the portion of the Decision that found that Student was a prevailing party on  issues numbered (a)(i), (a)(ii), and (b)(ix) of paragraph 55, *supra*, heard at the special education due process hearing, be set aside and/or overturned.

72.  That the District was the prevailing party on the issue numbered (b)(i) of paragraph 55, *supra*.

73.    For a declaratory judgment that under the IDEA, the District consistently offered Student a FAPE.

74.    For a declaratory judgment otherwise affirming the remainder of the Decision of the Hearing Officer with regard to the issues on which the District prevailed.

/ / /

/ / /

/ / /

*Struble v. Fallbrook UHSD*                District's Answer and Counterclaim
07CV 2328 (LAB/cab)

75.  For the District's costs of suit, disbursements, and reasonable attorneys' fees.

76.  For such other relief as this Court deems just and proper.

Dated: January 8, 2008              Respectfully Submitted,

                                    FILARSKY & WATT LLP


                            By: _____
                                    SHARON A. WATT
                                    Attorney for Defendant and Counterclaimant
                                    FALLBROOK UNION HIGH SCHOOL
                                    DISTRICT

**PROOF OF SERVICE**

I am employed in the County of Ventura, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 408 Bryant Circle, Suite C, Ojai, California 93023.

On the date noted below, I served the foregoing document described as: FALLBROOK UNION HIGH SCHOOL DISTRICT ANSWER TO COMPLAINT/APPEAL OF ADMINISTRATIVE HEARINGS, SPECIAL EDUCATION DIVISION, FOR PARTIAL REVERSAL OF DECISION AND ATTORNEY FEES AND COSTS AND COUNTERCLAIMS AGAINST MARY STRUBLE  on the interested parties in this action as follows:

| Name & Address | Fax No. | Email Address |
|---|---|---|
| Ellen Dowd, Esq.<br>Attorney at Law<br>2658 Del Mar Heights Road #228<br>Del Mar, CA 92014 | (858) 755-6348 | |

[ X ]  U.S. MAIL:  I caused said envelope to be placed for collection and mailing in the United States mail, postage prepaid, on the same day in the ordinary course of business at Ojai, California.

[ X ]  FACSIMILE TRANSMISSION: I caused a true and complete copy of this document to be transmitted to the parties listed herein at their respective most recent fax numbers of record in this action.

[ ]  ELECTRONIC EMAIL TRANSMISSION: I caused a true and complete copy of this document to be email transmitted to the parties listed herein at their respective most recent email addresses of record in this action.

[  ]  FEDERAL EXPRESS:  I caused said envelope to be placed for collection at a Federal Express drop box, on the same day in the ordinary course of business at Ojai, California.

[ ]   STATE:  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ]   FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 8, 2008, at Ojai, California.

_Cheryl L. Smith_
Cheryl L. Smith

*Struble v. Fallbrook UHSD*          District's Answer and Counterclaim
07CV 2328 (LAB/cab)

SHARON A. WATT
STEVE A. FILARSKY

FILARSKY & WATT LLP
ATTORNEYS AT LAW
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile:  (805) 640-2980

Manhattan Beach Office
1441 Nineteenth Street
Manhattan Beach, CA 90266
Telephone: (310) 545-7825
Facsimile: (310) 545-2999

# FAX TRANSMISSION

TO:          Ellen Dowd, Esq. (858) 755-6348

COPY TO:     Sallie Hunt, FUHSD (760) 723-1795

FROM:        Cheryl Smith, Legal Administrator

DATE:        January 8, 2008

PAGES:       28 (including transmittal sheet)

RE:          *Mary Struble, as Conservator for C.S.  v. Fallbrook Union High School District*
             USDC Case No.  CASE NO. 07CV 2328 LAB (cab)

ATTACHED:    FALLBROOK UNION HIGH SCHOOL DISTRICT ANSWER TO
             COMPLAINT/APPEAL OF ADMINISTRATIVE HEARINGS, SPECIAL
             EDUCATION DIVISION, FOR PARTIAL REVERSAL OF DECISION AND
             ATTORNEY FEES AND COSTS AND COUNTERCLAIMS AGAINST MARY
             STRUBLE

**Important:**
The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above.
This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended
recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this document in error,
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error,
please notify the sender or this office immediately by telephone and return the original message to us by mail.

| Broadcast Report |
| --- |

| | | | | |
| --- | --- | --- | --- | --- |
| Date/Time | 01-08-2008 | 11:24:03 a.m. | Transmit Header Text | |
| Local ID 1 | 805 640 2980 | | Local Name 1 | FILARSKY & WATT |
| Local ID 2 | | | Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"

SHARON A. WATT
STEVE S. FILARSKY

**FILARSKY & WATT LLP**
ATTORNEYS AT LAW
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile: (805) 640-2980

Manhattan Beach Office
1441 Nineteenth Street
Manhattan Beach, CA 90266
Telephone: (310) 545-7825
Facsimile: (310) 545-2999

### FAX TRANSMISSION

TO:  Ellen Dowd, Esq. (858) 755-6348
COPY TO:  Sallie Hunt, FUHSD (760) 723-1795

FROM:  Cheryl Smith, Legal Administrator

DATE:  January 8, 2008

PAGES:  28 (including transmittal sheet)

RE:  *Mary Struble, as Conservator for C.S. v. Fallbrook Union High School District*
USDC Case No. CASE NO. 07CV 2328 LAB (cab)

ATTACHED:  FALLBROOK UNION HIGH SCHOOL DISTRICT ANSWER TO COMPLAINT/APPEAL OF ADMINISTRATIVE HEARINGS, SPECIAL EDUCATION DIVISION, FOR PARTIAL REVERSAL OF DECISION AND ATTORNEY FEES AND COSTS AND COUNTERCLAIMS AGAINST MARY STRUBLE

**Important:**
The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify the sender or this office immediately by telephone and return the original message to us by mail.

Total Pages Scanned : 28        Total Pages Confirmed : 56

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 001 | 877 | 917607231795 | 10:51:41 a.m. 01-08-2008 | 00:14:37 | 28/28 | 1 | EC | HS | CP14400 |
| 002 | 877 | 8587556348 | 10:51:41 a.m. 01-08-2008 | 00:16:00 | 28/28 | 1 | EC | HS | CP12000 |

Abbreviations:
HS: Host send          PL: Polled local        MP: Mailbox print      TU: Terminated by user
HR: Host receive       PR: Polled remote       CP: Completed          TS: Terminated by system    G3: Group 3
WS: Waiting send       MS: Mailbox save        FA: Fail               RP: Report                  EC: Error Correct