Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax: 858-755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff/Counter-Defendant, MARY STRUBLE, As Conservator for CS**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STRUBLE, As Conservator for CS, | CASE NO.: 07 CV 2328 LAB (CAB) |
| Plaintiff, | **REPLY TO COUNTERCLAIM** |
| v. | |
| FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency Defendant. | |
| FALLBROOK UNION HIGH SCHOOL DISTRICT, | |
| Counterclaimant, | |
| v. | |
| MARY STRUBLE, As Conservator for CS, | |
| Counter-Defendant, | |

Plaintiff/Counter-Defendant, MARY STRUBLE, ("Counter-defendant") as Conservator for CS ("Student"), replies to the Counterclaim filed by Counterclaimant, FALLBROOK UNION HIGH SCHOOL DISTRICT ("The District"), as follows:

## REPLY TO COUNTERCLAIM

1. Counter-defendant admits the allegations in Paragraph 50 of the Counterclaim.

2. Counter-defendant admits the allegations in Paragraph 51 of the Counterclaim.

3. Counter-defendant admits the allegations in Paragraph 52 of the Counterclaim.

4. Counter-defendant admits the allegations in Paragraph 53 of the Counterclaim.

5. Counter-defendant admits the District did not prevail on the procedural issue relating to discussing the continuum of placement options at any IEP Team Meeting. Counter-defendant lacks information and belief to admit or deny the allegations in Paragraph 54 of the Counterclaim.

6. Counter-defendant admits the allegations in Paragraph 55 of the Counterclaim, which relate to the issues heard in the underlying administrative due process proceeding. Those issues are stated on pages 2-3 of Exhibit 1 of Plaintiff Complaint. The document speaks for itself.

7. Counter-defendant admits the allegations in Paragraph 56 (a) and (b) of the Counterclaim, which relate to the issues heard in the underlying administrative due process proceeding. Those Conclusion of Law are stated on page 32, paragraphs 10-12 of Exhibit 1 of Plaintiff Complaint. The document speaks for itself. Counter-defendant denies each and every allegation in Paragraph 56 sub-sections (c) – (i), inclusive of the Counterclaim. The District cannot deny a FAPE and provide a FAPE at the same time.

8. Counter-defendant denies the allegations in Paragraph 57 (a) of the Counterclaim, which relate to the Order in the underlying administrative due process proceeding. The Order is stated on page 37 of Exhibit 1 of Plaintiff Complaint. This Order includes a consideration of non-public school (NPS) placement. The document speaks for itself. Counter-defendant admits the allegations in Paragraph 57 (b) of the Counterclaim.

9. Counter-defendant admits, in responding to paragraph 58 of the Counterclaim that the Decision is final and not subject to further administrative appeal. Counter-defendant denies all other allegation in Paragraph 58 of the Counterclaim.

10. Counter-defendant denies the allegations in Paragraph 59 of the Counterclaim.

11. Counter-defendant denies the allegations in Paragraph 60 of the Counterclaim.

12. Counter-defendant denies the allegations in Paragraph 61 of the Counterclaim.

13. Counter-defendant denies the allegations in Paragraph 62 of the Counterclaim

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim Upon Which Relief May Be Granted)

For her first and separate affirmative defense, Counter-defendant asserts that the District's Counterclaim fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

### (Equitable Estoppel)

For her second and separate affirmative defense, Counter-defendant asserts that the District should be estopped from raising any Counterclaim against Counter-defendant in this matter, and from the award of any remedy in this matter due to the District's unlawful failure to provide a FAPE for C.S.. The IDEA was enacted to enforce the rights of disabled students against school districts. There is no provision of IDEA that would allow a District to make a claim for damages against parents. The procedural denial of FAPE precluded the need for any findings for or against the District for substantive violations. Where the District's and CMH's procedural violations of the IDEA resulted in a denial of FAPE, the ALJ need not determine substantive violations. *Decision, Student v. Chula Vista Elementary School District,* OAH Case No. N 2006100142, Determination of Issues, #3.

### Third Affirmative Defense

### (Unclean Hands)

For her third and separate affirmative defense, Counter-defendant asserts that the District should be barred from raising any Counterclaim against Counter-defendant in this matter, and from the award of any remedy in this matter due to the District's unlawful failure to provide a FAPE to C.S..

//

//

## PRAYER FOR RELIEF

WHEREFORE, Counter-defendant prays that judgment be entered against the District, as follows:

1. That the District take nothing by reason of its Counterclaim;

2. For reversal or deletion of OAH's Conclusions of Law regarding substantive violations of IDEA; to wit: Paragraphs 13-24 of conclusions of Law, Decision, Exhibit 1 to Plaintiff's Complaint.

3. Reversal of the Order and the award of compensatory education at a non-public school, or non-public agency where Student can attain his high school diploma.

4. For reasonable attorney fees and costs incurred in bringing the underlying administrative hearing and in bringing this matter, and;

5. For such other and further relief as the Court may deem just and proper.

Dated: January 28, 2008

*/s/ Ellen Dowd*
Ellen Dowd, Attorney for Plaintiff/Counter-defendant, Mary Struble