UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STRUBLE, As Conservator for CS,<br><br>                       Plaintiff,<br><br>    v.<br><br>FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency,<br><br>                       Defendant. | Civil No.   07cv2328-LAB (CAB)<br><br>**ORDER GRANTING EX PARTE APPLICATION TO CONTINUE MSC AND SETTING RULE 26 DATES**<br>**[Doc. No. 20]** |

A Mandatory Settlement Conference (MSC) is currently set for February 29, 2008, at 2:00 p.m.  On February 26, 2008, defendant FALLBROOK UNION HIGH SCHOOL DISTRICT ("defendant") filed an ex parte application to continue the MSC. [Doc. No. 20.] On February 26, 2008, plaintiff MARY STRUBLE ("plaintiff") filed an opposition to the application. [Doc. No. 21.] After reviewing the application and the opposition, **AND GOOD CAUSE APPEARING THEREFOR**, the Court **GRANTS** the application to continue the MSC and **HEREBY ORDERS**:

    1. The Mandatory Settlement Conference shall be continued to **March 19, 2008, at 2:00 p.m.** , in the chambers of United States Magistrate Judge Bencivengo.  Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with

full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference will be considered grounds for sanctions.

  2. Given that the parties have already submitted confidential Early Neutral Evaluation conference statements, no further briefing is required for the Mandatory Settlement Conference.

  3. The parties shall also comply with the following dates pursuant to Federal Rule of Civil Procedure, Rule 26.

   a. Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A)-(D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be resolved as required by Rule 26.

   b. The Rule 26(f) conference shall be completed on or before **March 5, 2008**;

   c. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before **March 12, 2008**;

   d. A discovery plan shall be <u>lodged</u> with Magistrate Judge Bencivengo on or before **March 12, 2008**; and,

  5. A Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b), shall also be held on **March 19, 2008, at 2:00 p.m.** If the case does not settle at the MSC, then the Case Management Conference will proceed and pretrial dates will be issued.

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

1  Failure of any counsel or party to comply with this Order will result in the imposition of
2  sanctions.
3  **IT IS SO ORDERED**.

5  DATED: February 27, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge