1 Ellen Dowd, Esq.
State Bar Number 141206
2 2658 Del Mar Heights Road #228
3 Del Mar, California 92014
(858) 755-6347
4

5 Attorney for Plaintiff/Counterdefendant, MARY STRUBLE

6
UNITED STATES DISTRICT COURT
7
SOUTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  MARY STRUBLE, As Conservator for CS, | CASE NO.: 07 CV 2328 LAB (CAB) |
| 10 | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD |
| 11     Plaintiff, | |
| 12  v. | |
| 13  FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency | |
| 14     Defendant. | Date: May 23, 2008<br>Time: 9:00 a.m.<br>Magistrate Judge: Hon. Cathy Ann Bencivengo<br>Judge: Larry Burns |
| 15  FALLBROOK UNION HIGH SCHOOL DISTRICT, | |
| 16     Counterclaimant, | |
| 17  v. | |
| 18  MARY STRUBLE, As Conservator for CS, | |
| 19     Counter-Defendant, | |

## I.
## INTRODUCTION

On December 13, 2007 Plaintiff, MARY STRUBLE ("Plaintiff"), on behalf of C.S. ("Student"), filed a complaint seeking judicial review of a Decision in a special education Due Process Hearing issued on November 20, 2007 by Office of Administrative Hearings, Special Education Division. On January 8, 2008, Defendant, FALLBROOK UNION HIGH SCHOOL DISTRICT, ("The District") filed its answer and counter-claim.

At issue is the Administrative Law Judge's referral of the remedy of compensatory education to the Individualized Educational Program (IEP) Team, and the appropriate compensatory education remedy for the District's violation of Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.. The Administrative Law Judge ordered that the parties attend an IEP Team Meeting, which, of necessity, was held after the Decision. The IEP Team was ordered to consider placement options for Student where he could earn his high school diploma, "including non-public schools". The IEP document, as well as correspondence between the parties concerning the IEP and documents concerning Student's transcript, credits needed to earn his high school diploma and school placement options are relevant to the determination of the compensatory education award.

## II.
## ARGUMENT

This Court has authority to supplement the administrative record pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii).

The Court may take additional evidence (20 U.S.C. § 1415(2)). "Additional" is construed to mean supplemental—not repetition or embellishment of the prior administrative record. *Perrin v. United States*, 444 U.S. 37, 42, 100 S. Ct. 311, 314, 62 L. Ed. 2d 199 (1980).

Here, Plaintiff is not seeking to reopen the record for witness testimony. The documents sought to supplement the record were generated subsequent to the Decision. The documents evidence the District's offer of compensatory education at the IEP Team Meeting, as well as document discrepancies in the number of credits Student needs to achieve a high school diploma, and a trial period of education at a non-public school. These documents are extremely relevant to the remedy sought herein.

The Court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. *Ojai Unified School District v. Jackson*, 4 F. 3d 1467 (9th Cir. 1992), cert, denied, 513 U.S. 825 (1994), citing 20 U.S.C. § 1415(e)(2).

The documents lodged herewith should be made part of the record. Additionally, as Student's education is ongoing, further documents similar to those lodged should continue to be received until the briefing in this case begins.

## III.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion To Supplement the Administrative record should be granted.

Dated: May 1, 2008

Respectfully submitted,

Ellen Dowd, Attorney for
Plaintiff/Counterdefendant
MARY STRUBLE