1  SHARON A. WATT SBN 81377
   FILARSKY & WATT LLP
2  Attorneys at Law
   408 Bryant Circle, Suite C
3  Ojai, California 93023
   Telephone:  (805) 640-2970
4  Facsimile:    (805) 640-2980

5  Attorneys for Defendant
   FALLBROOK UNION HIGH SCHOOL DISTRICT
6

7

8              UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  MARY STRUBLE, As Conservator for ) CASE NO. 07CV 2328 LAB (cab)
    CS,                              )
12                                   )
                                     )
13      Plaintiff/Counterdefendant,  ) **FALLBROOK UNION HIGH**
                                     ) **SCHOOL DISTRICT OPPOSITION**
14                                   ) **TO MOTION TO SUPPLEMENT**
    v.                               ) **THE ADMINISTRATIVE RECORD**
15                                   )
                                     )
16  FALLBROOK UNION HIGH             )
    SCHOOL DISTRICT, a Local         )
17  Educational Agency,              )
                                     )
18                                   )
        Defendant/Counterclaimant.   )
19                                   )
                                     )
20  _____ )

21      Defendant FALLBROOK UNION HIGH SCHOOL DISTRICT ("District")

22  hereby opposes the motion of Plaintiff MARY STRUBLE ("Plaintiff") dated May 1,

23  2008, to supplement the administrative record of the due process hearing of C.S.

24

25                          I

26

27             **PROCEDURAL HISTORY**

28      C.S. ("Student") is an individual with exceptional needs and a District student.

---

1

*See* Educ. Code § 56026 (defining "individuals with exceptional needs").

On September 4, 2007, Student filed a request for a special education due process hearing with the California Office of Administrative Hearings ("OAH") pursuant to 20 U.S.C. § 1415(f) and Educ. Code § 56501 *et seq.*

A hearing on Student's special education due process hearing was heard by an OAH administrative law judge ("ALJ") on October 16-19, 2007, and on November 20, 2007, a decision in the hearing was rendered.

The matter before this Court is a civil action filed by Plaintiff on behalf of her conserved son, Student, appealing, pursuant to 20 U.S.C. § 1415(i)(2)(A), the decision rendered in Student's due process hearing.

On or about May 1, 2008, Plaintiff filed with this Court a Notice of Motion and Motion to Supplement the Administrative Record ("Motion"), a Memorandum of Points and Authorities in Support of Plaintiff's Motion to Supplement the Administrative Record ("Points and Authorities"), and a Declaration of Ellen Dowd, Esq. in Support of Motion to Supplement Administrative Record ("Declaration").

Plaintiff also lodged with this Court the documents with which she proposes to supplement the administrative record.

## II

## PLAINTIFF'S MOTION

Plaintiff moves to supplement the administrative record with the following documents:

*Struble v. Fallbrook UHSD*    District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

a.    A letter from the District Special Education Director to Student's parents dated January 3, 2008, regarding further requirements that Student must fulfill in order to obtain a high school diploma, including information pertaining to courses and the California High School Exit Exam ("CAHSEE"), with enclosed course outlines for English 9, 11, and 12, Algebra 1, and Informal Geometry.  [Exhibit A.]

b.    A memorandum from Training Education Research Institute dated November 28, 2007, regarding "C[.] S[., *i.e.*, Student]" and stating that "the classes that are listed on the transcript for 2003-04 were completed in a Functional Skills Program" and that "these classes would not meet the requirements for a high school diploma."  [Exhibit A.]

c.    Cover sheet for 26 pages faxed from Student's parents to their attorney on January 7, 2008.  [Exhibit A.]

d.    Undated letter from Fusion Learning Center ("Fusion") to the attorney for Plaintiff regarding Student's possible attendance at Fusion.  [Exhibit B.]

e.    District transcript for Student through spring 2007.  [Exhibit C.]

f.    Printout of an email from Brenda Hodges to the District Special Education Director sent on November 26, 2007, regarding courses Student must still successfully complete in order to obtain a high school diploma.  [Exhibit C.]

3

g.     Draft copy of Student's Individualized Education Program ("IEP") dated February 7, 2008.  [Exhibit D.]

h.     Letter from Fusion to Plaintiff's attorney dated April 15, 2008, regarding courses that Student must successfully complete in order to obtain a high school diploma and a proposed schedule of Fusion courses.  [Exhibit E.]

i.     Fusion Enrollment Contract for Student's enrollment date of April 1, 2008.  [Exhibit F.]

j.     Billing statement from Fusion to Student's parents for charges due by May 26, 2008, with payment receipt.  [Exhibit G.]

k.     Bank copy of check from Student's parents to Fusion for $3,120.00. [Exhibit G.]

l.     Billing statement from Fusion to Student's parents for charges due by May 26, 2008.  [Exhibit H.]

m.     Fusion update on Student dated May 1, 2008.

n.     Billing statement from Fusion to Student's parents for May 2008 charges.  [Exhibit I.]

Plaintiff moves to supplement the administrative record on the grounds that the documents were generated subsequent to issuance of the Decision in Student's due process hearing and are relevant to the determination of the compensatory education award.  (Points and Authorities, 2:6-9, 2:16-17.)

4

1    Plaintiff also asserts that, as Student's education is ongoing, further documents

2 similar to the foregoing should continue to be received until the briefing in this case

3 begins. (Points and Authorities, 2:26-28.)

4

5    Plaintiff does not assert in the Motion, Points and Authorities, or Declaration

6 that there are gaps in the administrative record, that witnesses were unavailable for

7 Student's due process hearing, that the ALJ improperly excluded evidence at the

8 hearing, or that the information contained in each of the documents could not have,

9

10 by due diligence, been discovered in time for Student's due process hearing.

11

### III

12

### DISTRICT'S OPPOSITION TO PLAINTIFF'S

13

### MOTION AND POINTS AND AUTHORITIES

14

15    The District opposes Plaintiff's Motion on grounds that (a) the documents are

16 not relevant to the issues before this Court, (b) Plaintiff has failed to exhaust her

17

18 administrative remedies, (c) the information in the documents was available to

19 Plaintiff at the time of Student's due process hearing, (c) supplementing the

20 administrative record with the documents would convert this proceeding into a trial

21

22 *de novo*, (e) the documents do not pertain to subsequent events, (f) the documents

23 have not been authenticated or identified, (g) Plaintiff has no right to supplement the

24 record on an ongoing basis until the briefing in this case begins.

25

26    ***a. The documents are not relevant to the issues before this Court.***

27

28    Plaintiff's Complaint/Appeal of Office of Administrative Hearings, Special

*Struble v. Fallbrook UHSD*    District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

Education Division for Partial Reversal of Decision and Attorney Fees and Costs ("Complaint") dated December 13, 2007, states that the gravamen of Student's request for a special education due process hearing was that the District failed to inform Plaintiff and Student of options for graduation and at a June 2007 IEP team meeting, the District only offered a predetermined placement in the District's Transition Program where he could not earn a high school diploma.  (Complaint, 3:27-4:3.)

The Decision of the ALJ found that the District failed to adequately communicate to Plaintiff that Student was on a non-diploma curricular track and failed to discuss options/predetermined placement at the June 2007 IEP team meeting.  (Decision, pp. 13-14, ¶¶ 53-54.)

On the basis of those findings, the ALJ ordered the District to schedule a new IEP team meeting within 30 days of issuance of the Decision and to discuss and consider placements, including nonpublic school placements, goals, and services designed to help Student work toward a high school diploma.  (Decision, "Order," p. 37.)

Plaintiff complains that the ALJ violated the law by ordering as a remedy that the District convene an IEP team meeting to discuss and consider placements, goals, and services designed to help Student work toward a high school diploma. (Complaint, 5:8-6:8; *but see Sykes v. District of Columbia*, 518 F.Supp.2d 261, 264 (D.D.C. 2007) (noting that the hearing officer directed the IEP team to discuss

*Struble v. Fallbrook UHSD*        District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

placement and education program after ordered evaluations had been conducted).)

Plaintiff additionally complains that the ALJ should not have decided all issues put before her by Student but only the issues of whether the District adequately communicated to Student's parents that Student was on a non-diploma curricular track and whether the District discussed options and considered placement at the June 2007 IEP team meeting. (Complaint, 4:12-5:7; *see also* Decision, pp. 2-3, "Issues.")

Plaintiff complains no further.

Information pertaining to Fusion and the February 7, 2008 IEP team meeting are not relevant to the determination of whether the ALJ violated the law by ordering the District to convene an IEP team meeting or whether the ALJ should have decided all issues put before her by Student. *See, e.g., S.M. v. Board of Education*, 455 F.Supp.2d 1286, 1303 (S.N.M. 2006) (applying the harmless error rule to exclude additional evidence propounded by a party who was awarded adequate equitable relief on the issue that the party was appealing); Fed. R. Evid. 401 (defining "relevant evidence"); Fed. R. Evid. 402 (excluding from admissibility that evidence which is not relevant).

### b. Plaintiff has failed to exhaust her administrative remedies.

Exhaustion of remedies is required under the Individuals with Disabilities Education Act ("IDEA"). *See, e.g.,* 20 U.S.C. § 1415(i)(2) (requiring a due process hearing as a condition precedent for filing a civil action in district court); *Honig v.*

*Struble v. Fallbrook UHSD*      District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

*Doe*, 484 U.S. 305, 326-27, 108 S.Ct. 592 (1988) (recognizing that the Education of the Handicapped Act, predecessor to the IDEA, requires exhaustion); *Hoeft v. Tucson Unified School District*, 967 F.2d 1298, 1303 (9th Cir. 1992) (explaining the policies that underlie the IDEA's exhaustion doctrine); *see also* 20 U.S.C. § 1415(l) (requiring that a request for due process be filed as a condition precedent to filing a civil action in district court alleging violations of other federal law that is also cognizable under the IDEA).

Plaintiff alleges that the District violated the IDEA subsequent to Student's due process hearing by not considering the continuum of alternative placement options at Student's February 7, 2008 IEP team meeting and moves to introduce evidence of the violation with documents pertaining to Fusion and the IEP team meeting. *See* Points and Authorities, 2: 4-9; Declaration, 2:8-14; *see also* 34 C.F.R. § 300.115 (requiring that school districts provide a continuum of alternative placements to meet the needs of children with disabilities in the least restrictive environment).

Plaintiff is required to file for a due process hearing on behalf of Student on this claim before bringing the claim to this Court. 20 U.S.C. § 1415(i)(2). Plaintiff has not allowed the OAH to apply its expertise and explore the issues raised by the claim, no administrative record has been developed on the claim, and Plaintiff has not afforded the District the opportunity to mediate the claim. *See* 20 U.S.C. § 1415(e) (requiring participating states to have in place procedures that allow parties

*Struble v. Fallbrook UHSD*    District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

to due process complaints to resolve the disputes through a mediation process).

As the Ninth Circuit explained in *Hoeft v. Tucson Unified School District*, 967 F.2d 1298 (9th Cir. 1992):

"Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hoeft*, 967 F.2d at 1303.

The hearing officer correctly noted the correct procedure following the IEP meeting ordered in the Decision, as follows:

"If the IEP team is unable to agree upon an appropriate placement, nothing in this Decision would stop either party from seeking further relief through a future due process proceeding.

\* \* \*

"Nothing in this decision is intended to prevent either party from filing a further due process proceeding regarding any proposal made at that IEP meeting".

Decision, "Conclusions of Law," p. 37, ¶ 33, "Order," p. 37, ¶ 3.

### c. The information was available at the time of the due process hearing.

Plaintiff moves to introduce documents pertaining to requirements that

9

Student must fulfill in order to obtain a high school diploma and Fusion services and costs.

Although the District disputes Plaintiff's assertion that she did not learn that Student was not on a diploma-bound track until June 2007, nevertheless, even in accepting Plaintiff's assertion, it is evident that Plaintiff had ample opportunity to determine the requirements that Student must fulfill in order to obtain a high school diploma prior to Student's due process hearing.  Furthermore, and according to Plaintiff, she had the motivation to determine the requirements because she asserts she had been under the impression that Student was on a diploma-bound track, learned in June 2007 that Student was not on a diploma-bound track, and wanted Student to be diploma-bound.

Student continues to be a student of the District because he is an individual with exceptional needs, Student has yet to obtain a high school diploma, and his parents maintain residency within the District.  *See* Educ. Code § 56026(c)(3) (including as individuals with exceptional needs those students who are 18 years of age); Educ. Code § 56026.1 (excluding from special education eligibility those individuals with exceptional needs who have obtained a high school diploma); Educ. Code § 48200 (compulsory education law requiring students to attend the school district in which the residency of the parent is located); Complaint at 2:14-15 ("Plaintiff and Student reside within the jurisdictional boundaries of Fallbrook Union High School District"); *see also* Educ. Code 56026(c)(4) (including as individuals

with exceptional needs those students who are between the ages of 19 and 21 years, inclusive, who are eligible for special education and who have not completed prescribed courses of study, have not met proficiency standards, or have not obtained a high school diploma).

Student's hearing on his due process complaint began on October 16, 2007. (Decision, p. 1.) At the time of the hearing, Student was still a District student.

Plaintiff had ample time, ability, and opportunity to obtain from the District information pertaining to the requirements that Student must fulfill in order to obtain a high school diploma. *See, e.g.*, Educ. Code § 56505(e)(7) (providing that a party to a due process hearing must provide the other parties to the matter with a copy of all documents that the party intends to introduce into evidence at least five business days prior to hearing); Educ. Code § 49600 (providing for school districts to implement comprehensive educational counseling programs); *Richard H. v. Kennewick School District No. 17*, 82 F.Supp.2d 1174, 1179 (E.D. Wash. 2000) (holding that the requesting party bears the threshold burden of demonstrating, at the time of the request, that the supplemental evidence should be admitted because the requesting party could not have, by due diligence, discovered the evidence in time).

Similarly, Petitioner had ample time, ability, and opportunity to obtain information pertaining to Fusion services and costs prior to hearing. *See* Decision, "Factual Findings," p. 30, ¶ 156, "Conclusions of Law, p. 36, ¶ 31 (finding of fact and conclusion of law officer that Fusion is not a state-certified nonpublic school and

*Struble v. Fallbrook UHSD*        District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

1    noting that Student presented evidence related to Fusion and the services that it

2    provides.)

3        The District notes that Plaintiff does not assert that information pertaining to

4    the requirements that Student must fulfill in order to obtain a high school diploma

5

6    and Fusion services and costs was unavailable to her at the time of the hearing.

7    Instead, Plaintiff asserts that documents pertaining to high school diploma

8

9    requirements and Fusion costs and services were not in existence at the time of

10   Student's due process hearing and were generated subsequent to the Decision.

11

12   (Motion, 1:23-26; Points and Authorities, 2:16-17.)

13       *d. Supplementing the administrative record would convert this proceeding*

14   *into a trial de novo.*

15       In any action brought as a civil action and appeal of a due process hearing

16

17   pursuant to 20 U.S.C. § 1415(i)(2)(A), the court shall receive the records of the

18   administrative proceedings, shall hear additional evidence at the request of the party,

19

20   and basing its decision on the preponderance of the evidence, shall grant such relief

21   as the court determines is appropriate.  20 U.S.C. § 1415(i)(2)(C).

22       Due weight shall be given to the administrative proceedings.  *Capistrano*

23

24   *Unified School District. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995); *Board of*

25   *Education v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).

26   The deference to be given is the discretion of the Court.  *Capistrano*, 59 F.3d at 891;

27

28   *Gregory K. v. Longview School District*, 811 F.2d 1307, 1311 (9th Cir. 1987).  The

*Struble v. Fallbrook UHSD*        District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

1  Court is to consider the findings carefully and endeavor to respond to the hearing

2  officer's resolution of each material issue, but the court is free to accept or reject the

3  findings in part or in whole. *Capistrano*, 59 F.3d at 891; *Gregory K.*, 811 F.2d at

4
5  1311.

6      Additional evidence may be heard by this Court to supplement the

7  administrative record because of gaps in the administrative transcript, unavailability

8  of a witness, improper exclusion of evidence by the ALJ, and evidence concerning

9  relevant events occurring subsequent to the due process hearing. *Ojai Unified*

10
11 *School District v. Jackson*, 4 F.3d 1467, 1472-73 (9th. Cir. 1993) (quoting *Town of*

12 *Burlington v. Department of Education*, 736 F.2d 773, 790-91 (1st Cir. 1984)).

13
14     However, the Court must be careful that it does not change the nature of the

15 proceedings from one of review to that of a trial *de novo*. *Id.* at 1473 (quoting *Town*

16 *of Burlington*, 736 F.2d at .791).

17
18     Plaintiff's attorney asserts that (1) at the IEP team meeting convened pursuant

19 to the ALJ Decision and order, the only placement offer considered by the entire IEP

20 team was Fallbrook High School, the majority of time spent during the meeting was

21
22 discussing how Student would pass the CAHSEE, and Fusion had prepared a written

23 statement to be shared at the meeting, and (2) Student started a trial period of

24 attendance at Fusion where he allegedly progressed academically and socially, and

25 has been accepted at Fusion for May 2008. (Declaration, 2:8-21.)

26
27     Plaintiff asserts that documents pertaining to the IEP team meeting and Fusion

28

*Struble v. Fallbrook UHSD*        District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

should be "heard" by this Court, although Plaintiff asserts that she is not seeking to

reopen the record for witness testimony. (Points and Authorities, 2:16.)

However, assuming, *arguendo*, that the documents pertaining to Fusion and

the February 7, 2008 IEP team meeting are relevant, the District disputes Plaintiff's

attorney's characterization of the February 7, 2008 IEP team meeting and has not

had an opportunity to examine Fusion staff under oath about assertions that are made

in the Fusion documents. *See A.S. v. Trumbull Board of Education*, 414 F.Supp.2d

152, 171-72 (D.Conn. 2006) (denying request to supplement the record, in part,

because in order to otherwise ensure a sufficiently balanced record, the court would

have to extend discovery to the opposing part to access relevant records, depose

witnesses, and take trial testimony).

To afford the District the opportunity to balance the record in this matter

would turn this proceeding into a trial *de novo*. *See Ojai Unified School District*, 4

F.3d at 1473.

### e. The documents do not pertain to subsequent events.

Plaintiff does not assert in her Motion that there are gaps in the administrative

record, that witnesses were unavailable for Student's due process hearing, or that the

ALJ improperly excluded evidence at the hearing. *See Ojai Unified School District*,

4. F.3d at 1473.

The only "events" that have occurred subsequent to Student's due process

hearing which Plaintiff asserts are relevant to her Complaint is convening the

14

February 7, 2008 IEP team meeting and Student's matriculation at Fusion in April 2008.

Requirements for obtaining a high school diploma or Fusion services and costs are not "events" that occurred after Student's due process hearing. That information was available to Plaintiff prior to Student's due process hearing and Plaintiff makes no assertion to the contrary. In addition, Plaintiff does not assert that the ALJ improperly excluded information pertaining to requirements for obtaining a high school diploma or Fusion services or costs.

### *f. The documents have not been authenticated or identified.*

Plaintiff has not authenticated or identified the documents pertaining to Fusion to this Court or to the District. *See* Fed. R. Evid. 901 (requiring authentication or identification as a condition precedent to admissibility).

The Fusion documents are not, therefore, admissible.

### *g. Plaintiff has no right to supplement the record on an ongoing basis until the briefing in this case begins.*

Plaintiff has provided no legal authority for her assertion that she has a right to supplement the record on an ongoing basis until the briefing in this case begins, or that she has *carte blanche* to introduce further documents if this Court determines that any previous documents shall be allowed to supplement the record.

Plaintiff's assertion is contrary to law, which requires that for any document to be allowed to supplement the record it must be reviewed by the court to determine

1   (1) its admissibility, (2) whether introduction of the document would turn the court

2   proceeding into a trial *de novo*, (3) whether the party propounding the document has

3
4   exhausted administrative remedies, and (4) whether the party could have obtained

5   the information contained in the document prior to the due process hearing.

6                                                **IV**

7                                         **CONCLUSION**

8
9          For the foregoing reasons, the District respectfully requests that this Court

10  deny Plaintiff's Motion to supplement the administrative record.

11  Dated: May 9, 2008.                   Respectfully Submitted,

12
13                                         FILARSKY & WATT LLP

14

15                                         By:    s/Sharon A. Watt

16                                                SHARON A. WATT
17                                                Attorney for Defendant and Counterclaimant
                                                  FALLBROOK UNION HIGH SCHOOL
18                                                DISTRICT

19

20

21

22

23

24

25

26

27

28

*Struble v. Fallbrook UHSD*        District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)

CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am employed in the County of Ventura, State of California and that I am over the age of 18 years and am not a party to this action. My business address is 408 Bryant Circle, Suite C, Ojai, California 93023.

On the date noted below, I served the foregoing document described as **FALLBROOK UNION HIGH SCHOOL DISTRICT OPPOSITION TO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD** by serving counsel of record, Ellen Dowd, Esq., electronically, having verified on the Court's CM/ECF website that such counsel is listed to receive email notification for this case and that there are no other attorneys on the manual notice list.

Dated: May 9, 2008                    _____
                                      Cheryl Smith

*Struble v. Fallbrook UHSD*        District's Opposition to Motion to Supplement Record
07CV 2328 (LAB/cab)