Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 755-6347

Attorney for Plaintiff/Counterdefendant, MARY STRUBLE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STRUBLE, As Conservator for CS, <br><br> Plaintiff, <br><br> v. <br><br> FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency <br>          Defendant. <br> FALLBROOK UNION HIGH SCHOOL DISTRICT, <br>          Counterclaimant, <br> v. <br><br> MARY STRUBLE, As Conservator for CS, <br><br>          Counter-Defendant, | CASE NO.: 07 CV 2328 LAB (CAB) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD: CONCURRENTLY FILED WITH REQUEST FOR JUDICIAL NOTICE** <br><br> Date: May 23, 2008 <br> Time: 9:00 a.m. <br> Magistrate Judge: Hon. Cathy Ann Bencivengo <br> Judge: Larry Burns |

## I.

## INTRODUCTION

Plaintiff files this Reply Memorandum of Points and Authorities in response to Defendant's (The District) Opposition to Plaintiff's Motion To Supplement The Administrative Record.

//

//

II.

## ARGUMENT

A, Fusion is An Appropriate Compensatory Education Remedy, And Information About Fusion That Was Not Available at Hearing is Relevant.

Plaintiff, in behalf of Student, filed a Due Process Complaint which was heard on October 16-19, 2007. At the hearing the Administrative Law Judge (ALJ) heard testimony and received evidence on issues, including whether the District, by not advising Student and his parents that Student was not working toward or going to receive a High School Diploma until May of Student's senior year of high school, violated Individuals With Disabilities Education Act (IDEA), and denied Student a free appropriate public education (FAPE).

If the District denied Student a FAPE, the ALJ heard testimony and received evidence that the remedy sought by Student was compensatory education by placing student in a non-public school or educational agency, such as Fusion Learning Center (also called Fusion Academy). The remedy of Fusion was described in literature in Plaintiff's evidence notebook (AR Vol. 3, PP. 1900-1909). As Student was not enrolled in Fusion because his parents could not afford to privately place him there, no individualized program, with concomitant pricing for this individualized program was available at the time of hearing.

After the hearing, the District initiated to (incorrectly) provide Student with a list of all the credits he still needed to obtain high school diploma. There is no discovery in due process hearings. There was no reason for Student to attempt to "discover" what the requirements for his high school diploma would be, because at until the IEP Meeting in May, 2007, he was on the honor roll, and had a transcript that indicated to him that he was indeed going to graduate with his senior class the following month and be awarded his high school diploma.

The documents requested to supplement the records did not exist at the time of the hearing, are relevant, and will assist the trier of fact in determining the appropriate remedy for Student.

Notice of Procedural Safeguards of IDEA gives the parties to a Due Process Proceeding the right to compel witnesses to appear and testify. 20 U.S.C. § 1415(h)(2). Subpoenas to compel witness appearances are available in administrative Due Process Hearings, pursuant 34 U.S.C § 300.509(a)(2).

If the District had wanted to subpoena witnesses from Fusion, they were free to do so at the time of the hearing.

The District contended, and the ALJ misapplied in her Decision that compensatory education in the State of California must be provided through a California certified non-public school or California certified non-public agency. An exception to this, would be through a waiver if the certification issued by the California Department of Education.

This was addressed in a Legal Advisory published the California State Superintendent of Public Instruction and by the Legal and Audits Branch of the California Department of Education on March 17, 1999 (Ex. 1 to accompanying Request For Judicial Notice), in which, examined the caveat in the landmark United States Supreme Court case of *Burlington School Comm. v. Mass Dept. of Ed.*, 471 U.S. 359 (1985), that parents who unilaterally pace their children in private schools and seek reimbursement from the School District do so at their own risk. *Id.* at 368. However, in negating the mandate of state certification standards set forth in California Education Code §§ 56366(d) and 56366.1, California Department of Education adopted the United Supreme Court standard in *Carter v. Florence County School District. 4,* 950 F.2d 156, 163 (4th Cir. 1991, aff'd S. Ct. 361, 365 (1993), citing that "parents who unilaterally place their chills in a private school that lacked state certification could obtain reimbursement if the school

district's proposed placement was not appropriate and the parent's placement was. (Ex. 1 to Request For Judicial Notice, page 2 ¶ 5). This case is considered to be a "poor man's *Carter* because like many parents of special education students, who don't have the means to enroll their student in a private school for months or a year while an appeal of an administrative decision is pending, the "reimbursement" they are seeking is actual placement at the private school that parents have identified as a FAPE for their student.

Here, Student's parents are doing their best to provide Student with a FAPE after the District's placement was not. The Fusion correspondence and records are relevant and will continue to be relevant until the briefing schedule for this case begins. None of these records was in existence or could have been in existence at the time of hearing. Obviously, parents are now seeking reimbursement for the tuition they are paying to Fusion, but are still seeking a District-funded placement there as soon as possible.

B.  There is No Further Exhaustion Required.

The case cited by the District on pages 6-7 of its Opposition, *Skyes*, in which the hearing officer directed the IEP team to discuss placement and education program after <u>ordered evaluations have been conducted,</u> (emphasis supplied§ has no relevance to the ALJ's order to fashion a remedy for Student at an IEP Team Meeting (in violation of 20 U.S.C. § 1415(f)(3)(A)(i)(I)), because an IEP team meeting is always required after evaluations. In the *Skyes* case, it was the evaluations that were ordered, which triggered an IEP meeting. In the instant case, the ALJ unlawfully delegated her duty to fashion compensatory education to the IEP Team.

This very issue was addressed by a recent Decision in Northern District Georgia (Ex. 2 to Request For Judicial Notice), *Draper v. Atlanta Independent School System* (N. Dist. Georgia, March 6, 2008). In *Draper*, the ALJ issued an

order that the compensatory education can be either a public school or a private school, and this should be determined by the parties. Without deciding the remedy and going through another Due Process Proceeding, both parties filed in Federal Court based on the administrative Decision.

In *Draper,* the school district argued that that the administrative decision violates the [IDEA] because it allows placement in a private school when the administrative law judge provided the option of a placement in a public school. (Ex. 2 to Request For Judicial Notice, p. 11). In Draper, the Circuit Court upheld the District Court's Award of private school placement.

### III.
### CONCLUSION

Apparently, the District wants to continue to deny appropriate compensatory education to Student by citing incorrect statements to the ALJ, and this Court about Requirements under IDEA that a private school be certified by the state in order for the District to provide placement there. Additionally, the exhaustion requirement has been met. Plaintiff's Motion To Supplement the Administrative Record should be granted.

Dated: May 16, 2008

Respectfully submitted,

Ellen Dowd, Attorney for
Plaintiff/Counterdefendant
MARY STRUBLE