**Westlaw.**

West's Ann.Cal.Prob.Code § 1801

Page 1

C

**Effective:[See Text Amendments]**

West's Annotated California Codes Currentness
  Probate Code (Refs & Annos)
    Division 4. Guardianship, Conservatorship, and Other Protective Proceedings (Refs & Annos)
      Part 3. Conservatorship (Refs & Annos)
        Chapter 1. Establishment of Conservatorship
          Article 1. Persons for Whom Conservator May Be Appointed (Refs & Annos)
            → **§ 1801. Conservator of person or estate or person and estate; limited conservator; appointment; standard of proof**

Subject to Section 1800.3:

(a) A conservator of the person may be appointed for a person who is unable to provide properly for his or her personal needs for physical health, food, clothing, or shelter, except as provided for the person as described in subdivision (b) or (c) of Section 1828.5.

(b) A conservator of the estate may be appointed for a person who is substantially unable to manage his or her own financial resources or resist fraud or undue influence, except as provided for that person as described in subdivision (b) or (c) of Section 1828.5. Substantial inability may not be proved solely by isolated incidents of negligence or improvidence.

(c) A conservator of the person and estate may be appointed for a person described in subdivisions (a) and (b).

(d) A limited conservator of the person or of the estate, or both, may be appointed for a developmentally disabled adult. A limited conservatorship may be utilized only as necessary to promote and protect the well-being of the individual, shall be designed to encourage the development of maximum self-reliance and independence of the individual, and shall be ordered only to the extent necessitated by the individual's proven mental and adaptive limitations. The conservatee of the limited conservator shall not be presumed to be incompetent and shall retain all legal and civil rights except those which by court order have been designated as legal disabilities and have been specifically granted to the limited conservator. The intent of the Legislature, as expressed in Section 4501 of the Welfare and Institutions Code, that developmentally disabled citizens of this state receive services resulting in more independent, productive, and normal lives is the underlying mandate of this division in its application to adults alleged to be developmentally disabled.

(e) The standard of proof for the appointment of a conservator pursuant to this section shall be clear and convincing evidence.

CREDIT(S)

(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1995, c. 842 (S.B.730), § 7.)

LAW REVISION COMMISSION COMMENTS

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT ___1___

**Westlaw.**

West's Ann.Cal.Prob.Code § 1826

Page 1

C

**Effective: January 1, 2008**

West's Annotated California Codes Currentness
 Probate Code (Refs & Annos)
  Division 4. Guardianship, Conservatorship, and Other Protective Proceedings (Refs & Annos)
   Part 3. Conservatorship (Refs & Annos)
    Chapter 1. Establishment of Conservatorship
     Article 3. Establishment of Conservatorship (Refs & Annos)
      → **§ 1826. Court investigator; duties; report; distribution; confidentiality**

Regardless of whether the proposed conservatee attends the hearing, the court investigator shall do all of the following:

(a) Conduct the following interviews:

(1) The proposed conservatee personally.

(2) All petitioners and all proposed conservators who are not petitioners.

(3) The proposed conservatee's spouse or registered domestic partner and relatives within the first degree. If the proposed conservatee does not have a spouse, registered domestic partner, or relatives within the first degree, to the greatest extent possible, the proposed conservatee's relatives within the second degree.

(4) To the greatest extent practical and taking into account the proposed conservatee's wishes, the proposed conservatee's relatives within the second degree not required to be interviewed under paragraph (3), neighbors, and, if known, close friends.

(b) Inform the proposed conservatee of the contents of the citation, of the nature, purpose, and effect of the proceeding, and of the right of the proposed conservatee to oppose the proceeding, to attend the hearing, to have the matter of the establishment of the conservatorship tried by jury, to be represented by legal counsel if the proposed conservatee so chooses, and to have legal counsel appointed by the court if unable to retain legal counsel.

(c) Determine whether it appears that the proposed conservatee is unable to attend the hearing and, if able to attend, whether the proposed conservatee is willing to attend the hearing.

(d) Review the allegations of the petition as to why the appointment of the conservator is required and, in making his or her determination, do the following:

(1) Refer to the supplemental information form submitted by the petitioner and consider the facts set forth in the form that address each of the categories specified in paragraphs (1) to (5), inclusive, of subdivision (a) of Section 1821.

(2) Consider, to the extent practicable, whether he or she believes the proposed conservatee suffers from any of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's Ann.Cal.Prob.Code § 1826

Page 2

the mental function deficits listed in subdivision (a) of Section 811 that significantly impairs the proposed conservatee's ability to understand and appreciate the consequences of his or her actions in connection with any of the functions described in subdivision (a) or (b) of Section 1801 and identify the observations that support that belief.

(e) Determine whether the proposed conservatee wishes to contest the establishment of the conservatorship.

(f) Determine whether the proposed conservatee objects to the proposed conservator or prefers another person to act as conservator.

(g) Determine whether the proposed conservatee wishes to be represented by legal counsel and, if so, whether the proposed conservatee has retained legal counsel and, if not, the name of an attorney the proposed conservatee wishes to retain.

(h) Determine whether the proposed conservatee is capable of completing an affidavit of voter registration.

(i) If the proposed conservatee has not retained legal counsel, determine whether the proposed conservatee desires the court to appoint legal counsel.

(j) Determine whether the appointment of legal counsel would be helpful to the resolution of the matter or is necessary to protect the interests of the proposed conservatee in any case where the proposed conservatee does not plan to retain legal counsel and has not requested the appointment of legal counsel by the court.

(k) Report to the court in writing, at least five days before the hearing, concerning all of the foregoing, including the proposed conservatee's express communications concerning both of the following:

(1) Representation by legal counsel.

(2) Whether the proposed conservatee is not willing to attend the hearing, does not wish to contest the establishment of the conservatorship, and does not object to the proposed conservator or prefer that another person act as conservator.

(l) Mail, at least five days before the hearing, a copy of the report referred to in subdivision (k) to all of the following:

(1) The attorney, if any, for the petitioner.

(2) The attorney, if any, for the proposed conservatee.

(3) The proposed conservatee.

(4) The spouse, registered domestic partner, and relatives within the first degree of the proposed conservatee who are required to be named in the petition for appointment of the conservator, unless the court determines that the mailing will result in harm to the conservatee.

(5) Any other persons as the court orders.

(m) The court investigator has discretion to release the report required by this section to the public conservator, interested public agencies, and the long-term care ombudsman.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(n) The report required by this section is confidential and shall be made available only to parties, persons described in subdivision (l), persons given notice of the petition who have requested this report or who have appeared in the proceedings, their attorneys, and the court. The court has discretion at any other time to release the report, if it would serve the interests of the conservatee. The clerk of the court shall provide for the limitation of the report exclusively to persons entitled to its receipt.

(o) This section does not apply to a proposed conservatee who has personally executed the petition for conservatorship, or one who has nominated his or her own conservator, if he or she attends the hearing.

(p) If the court investigator has performed an investigation within the preceding six months and furnished a report thereon to the court, the court may order, upon good cause shown, that another investigation is not necessary or that a more limited investigation may be performed.

(q) Any investigation by the court investigator related to a temporary conservatorship also may be a part of the investigation for the general petition for conservatorship, but the court investigator shall make a second visit to the proposed conservatee and the report required by this section shall include the effect of the temporary conservatorship on the proposed conservatee.

(r) The Judicial Council shall, on or before January 1, 2009, adopt rules of court and Judicial Council forms as necessary to implement an expedited procedure to authorize, by court order, a proposed conservatee's health care provider to disclose confidential medical information about the proposed conservatee to a court investigator pursuant to federal medical information privacy regulations promulgated under the Health Insurance Portability and Accountability Act of 1996.

CREDIT(S)

(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991. Amended by Stats.1998, c. 581 (A.B.2801), § 21; Stats.2002, c. 784 (S.B.1316), § 578; Stats.2006, c. 493 (A.B.1363), § 8, operative July 1, 2007; Stats.2007, c. 553 (A.B.1727), § 7.)

LAW REVISION COMMISSION COMMENTS

1990 Enactment

Section 1826 continues Section 1826 of the repealed Probate Code without change. The determinations referred to in subdivisions (c), (e), and (f) are relevant to whether the proposed conservatee must attend the hearing. See Section 1825(a)(2)-(3). See also Section 1851.5 (assessment of estate for investigation expense). For background on the provisions of this part, see the Comment to this part under the part heading. See also Report of Assembly Committee on Judiciary on Assembly Bills Nos. 261 and 167, reprinted in 15 Cal.L.Revision Comm'n Reports 1061, 1070-71 (1980); Report of Senate Committee on Judiciary on Assembly Bill No. 261, reprinted in 15 Cal.L.Revision Comm'n Reports 1097, 1099 (1980). [20 Cal.L.Rev.Comm.Reports 1001 (1990) ].

2002 Amendment

Subdivision (n) of Section 1826 is amended to reflect elimination of the county clerk's role as ex officio clerk of the superior court. See former Gov't Code § 26800 (county clerk acting as clerk of superior court). The powers, duties, and responsibilities formerly exercised by the county clerk as ex officio clerk of the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

West's Ann.Cal.Prob.Code § 811

Page 1

C

**Effective:[See Text Amendments]**

West's Annotated California Codes Currentness
  Probate Code (Refs & Annos)
    Division 2. General Provisions (Refs & Annos)
      Part 17. Legal Mental Capacity (Refs & Annos)
→ **§ 811. Deficits in mental functions**

(a) A determination that a person is of unsound mind or lacks the capacity to make a decision or do a certain act, including, but not limited to, the incapacity to contract, to make a conveyance, to marry, to make medical decisions, to execute wills, or to execute trusts, shall be supported by evidence of a deficit in at least one of the following mental functions, subject to subdivision (b), and evidence of a correlation between the deficit or deficits and the decision or acts in question:

(1) Alertness and attention, including, but not limited to, the following:

(A) Level of arousal or consciousness.

(B) Orientation to time, place, person, and situation.

(C) Ability to attend and concentrate.

(2) Information processing, including, but not limited to, the following:

(A) Short- and long-term memory, including immediate recall.

(B) Ability to understand or communicate with others, either verbally or otherwise.

(C) Recognition of familiar objects and familiar persons.

(D) Ability to understand and appreciate quantities.

(E) Ability to reason using abstract concepts.

(F) Ability to plan, organize, and carry out actions in one's own rational self-interest.

(G) Ability to reason logically.

(3) Thought processes. Deficits in these functions may be demonstrated by the presence of the following:

(A) Severely disorganized thinking.

(B) Hallucinations.

(C) Delusions.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(D) Uncontrollable, repetitive, or intrusive thoughts.

(4) Ability to modulate mood and affect. Deficits in this ability may be demonstrated by the presence of a pervasive and persistent or recurrent state of euphoria, anger, anxiety, fear, panic, depression, hopelessness or despair, helplessness, apathy or indifference, that is inappropriate in degree to the individual's circumstances.

(b) A deficit in the mental functions listed above may be considered only if the deficit, by itself or in combination with one or more other mental function deficits, significantly impairs the person's ability to understand and appreciate the consequences of his or her actions with regard to the type of act or decision in question.

(c) In determining whether a person suffers from a deficit in mental function so substantial that the person lacks the capacity to do a certain act, the court may take into consideration the frequency, severity, and duration of periods of impairment.

(d) The mere diagnosis of a mental or physical disorder shall not be sufficient in and of itself to support a determination that a person is of unsound mind or lacks the capacity to do a certain act.

(e) This part applies only to the evidence that is presented to, and the findings that are made by, a court determining the capacity of a person to do a certain act or make a decision, including, but not limited to, making medical decisions. Nothing in this part shall affect the decisionmaking process set forth in Section 1418.8 of the Health and Safety Code, nor increase or decrease the burdens of documentation on, or potential liability of, health care providers who, outside the judicial context, determine the capacity of patients to make a medical decision.

CREDIT(S)

(Added by Stats.1996, c. 178 (S.B.1650), § 3. Amended by Stats.1998, c. 581 (A.B.2801), § 20.)

OFFICIAL FORMS

2008 Electronic Update

> <Mandatory and optional Forms adopted and approved by the Judicial Council are set out in West's California Judicial Council Forms Pamphlet.>

2002 Main Volume

> <Mandatory and optional forms adopted and approved by the Judicial Council are set out in West's California Judicial Council Forms Pamphlet.>

HISTORICAL AND STATUTORY NOTES

2002 Main Volume

Stats.1998, c. 581, in the introductory paragraph of subd. (a), deleted "to vote," and added at the end, ", and evidence of a correlation between the deficit or deficits and the decision or acts in question"; in subd. (e), substituted "health care providers" for "physicians and surgeons"; and made nonsubstantive changes.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.