Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax: 858-755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff/Counter-Defendant, MARY STRUBLE, As Conservator for CS**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STRUBLE, As Conservator for CS, | CASE NO.: 07 CV 2328 LAB (CAB) |
| Plaintiff, | PLAINTIFF'S OPENING BRIEF FOR HEARING ON CROSS-MOTIONS FOR PARTIAL REVERSAL OF ADMINISTRATIVE DECISION |
| v. | |
| FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency | Date: August 1, 2008 |
| Defendant. | Time: 2:00 p.m. |
| FALLBROOK UNION HIGH SCHOOL DISTRICT, | Magistrate Judge: Hon. Cathy Ann Bencivengo |
| Counterclaimant, | |
| v. | |
| MARY STRUBLE, As Conservator for CS, | |
| Counter-Defendant, | |

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION...............................................................................1

II.   THE ADMINISTRATIVE PROCEEDING...........................................3

III.  ARGUMENT.....................................................................................6

     A.    Student Has Met His Burden of Proof in the
           Due Process Hearing.............................................................6

     B.    Plaintiff Has Exhausted All Applicable
           Administrative Remedies......................................................9

     C.    *De Novo* Review Should be Applied To
           the Compensatory Education Issue.....................................10

     D.    Compensatory Education at Fusion Learning
           Center (Academy) Is Appropriate......................................12

     E.    Student Is The Prevailing Party at Hearing.......................14

IV.   CONCLUSION................................................................................15

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

i

TABLE OF AUTHORITIES

FEDERAL CASES
Page(s)

*Amanda J. v. Clark County Sch. Dist.,* 267 F.3d 877, 890( 9th Cir, 2001))..........................6, 12

*Bd. of Educ. v. L.M.,* 478 F. 3d 307, 316 (6th Cir. 2007)..........................................11

*Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,*
    458 U.S. 176, 205-207; 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982).........................3 ,6, 14

*CP v. Leon County Sch. Bd. Fla.,* 483 F. 3d 1151, 1155 (11th Cir. 2002)..........................11

*Capistrano Unified Sch. Dist. v. Wartenberg,* 59 F. 3d 884, 891 (9th Cir. 1995).........................6

*Darby v. Cisneros,* 509 U.S. 137, 151, 113 S. Ct. 2539, 2547 (1993)..........................10

*Deal v. Hamilton Cty, Bd. of Educ.,* 392 F. 3d 840, 854 (6th Cir. 2005)..........................6

*Draper v. Atlanta Independent School System,* __F. 3d _(11th Cir. March 6, 2008)....11, 12, 13

*Gregory K. v. Longview Sch. Dist.,*   811 F. 2d 1307, 1314 (9th Cir. 1987)................................11

*Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983)..........................................14

*Honig v. Doe,* 484 U.S. 305 (1988)..........................................7, 8

*Lester H. v. K. Gilhook and the Chester Upland School District,*
    16 F. 2d 865 (3rd Cir. 1990)..........................................2

*Ojai Unified Sch. Dist. v. Jackson,* 4 F. 3d 1467, 1473 (9th Cir. 1993)..........................11

*Parents of Student W. v. Puyallup Sch. Dist.* 31 F. 3d 1489, 1498 (9th Cir. 1994)....................14

*Park v. Anaheim Union High School District,* 464 F. 3d 1025, 1036 (9th Cir. 2006)................15

*Reid ex rel.  Reid v. District of Columbia,* 401 F. 3d 516, 526 (D.C. Cir. 2005).............2, 11, 13

*Schaffer v. Weast,* 546 U.S. 49, 126 S.Ct. 528, 163 L.Ed. 2d 387( 2005)..........................6

*School Committee of Burlington v. Department of Education,*
    471 U.S. 359, 369 (1985)..........................................2, 10, 11, 12

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of  Administrative
Decision

ii

*Shapiro v. Paradise Valley Unified School District,*
    317 F. 3d 1072, 1079 (9th Cir, 2003)..................................................................6, 14

*W.G. v. Bd. of Trustee of Target Range Sch. Dis.,* 960 F 2d. 1479, 1484 (9th Cir. 1992).........6

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

# TABLE OF AUTHORITIES

## FEDERAL STATUTES

Page(s)

34 C.F.R § 300.345 ......................................................................................7

34 C.F.R § 300.511(a)(i) and (2)..................................................................9

34 C.F.R Part 300, Appendix A, Ques. 5.....................................................7

United States Code, Title 5 § 704...............................................................9

United States Code, Title 20, § 1400..........................................................7

20 U.S.C. § 1415..........................................................................................7

20 U.S.C. § 1415 (b)(1)................................................................................7

20 U.S.C. § 1415 (f)(3)........................................................................2, 3, 10

20 U.S.C. § 1415 (f)(3)(A)(i)(I).....................................................................10

20 U.S.C. § 1415 (g)(2).................................................................................9

20 U.S.C. § 1415 (i)(1)(A).............................................................................9

20 U.S.C. § 1415 (i)(2)(c)(iii)..................................................................11, 13

IDEA Part B.................................................................................................10

APA § 10........................................................................................................9

APA § 10(c)..................................................................................................10

United States Constitution
    Art. VI § 2.............................................................................................12

## STATE STATUTES

Calif. Ed. Code §56501.5(d)...........................................................................9

Plaintiff, MARY STRUBLE ("Plaintiff"), as Conservator for C.S.,("Student"), respectfully submits Plaintiff's Opening Brief For Hearing on Cross-Motions For Partial Reversal of Administrative Decision, as follows:

This Opening Brief is supported by the Administrative Record (**AR**) pages 1-2691, as well as the Exhibits attached to Plaintiff's Notice of Lodgment of Documents To Supplement the Administrative Record (Document 29-4), Exhibits A-J.

## I.

## INTRODUCTION

On October 16-19, 2007 an administrative Due Process Hearing was held on a Mediation and Due Process Request filed by Student, as Petitioner against Defendant, FALLBROOK UNION HIGH SCHOOL DISTRICT ("the District") on September 7, 2007 (**AR page 1**) (hereinafter **AR-1**). Student sought to have the District's placement and services during the 2006-2007 and 2007-2008[1] school years determined a violation of IDEA, and a denial of FAPE due to the District's predetermined placement offer,and failure to advise parents of options for graduation, which prevented parents from meaningfully participating in the IEP process during these two school years, resulting in lost educational opportunities, for which Student sought compensatory education at Fusion Academy.[2]

In the Decision, the Administrative Law Judge (ALJ) found that the District had made a predetermined placement offer at the June, 2007 IEP (**AR 14- ¶ 54, AR-37 ¶33**) when the District's only offers were the Fallbrook High School Transition Program (where Student would not be working toward a high school diploma (**T. Martineau, AR-1013-1014 lines 16-5**), or returning to Fallbrook High School as a "superior senior" which also "had nothing to due with Student earning a diploma."(**AR-14 ¶ 55**). The ALJ held that "Student lost educational opportunity due to the District's failure to properly inform his parents about his non-diploma

---

[1] Student left school in May, 2007 on Doctor's orders due to anxiety (**AR-24 ¶ 119; AR-1890**).

[2] Student initially requested placement in a certified non-public school, however, at the time of Hearing, parent had identified Fusion Academy as the placement that could provide credits toward a diploma in a 1:1 accelerated program (AR 1137, lines 3-18, Document 29-4, Exs. B, E and I).

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

1  track," for which, "some measure of compensatory education is appropriate." **(AR-36 ¶29).**

2  The ALJ specified that "Based upon Ms. Hunt's testimony that allowing student to return to high

3  school as a "super senior" was not intended to allow Student to earn a diploma, <u>it does not</u>

4  <u>appear that another year at Fallbrook High School is the appropriate compensatory remedy</u>."

5  **(AR-36 ¶ 30)** (emphasis added).

6      However, the ALJ failed to exercise her "broad equitable powers" to specify the award of

7  compensatory education owed to Student (See, *Lester H. v. K. Gilhook and the Chester Upland*

8  *School District,* 916 F.2d 865 (3rd Cir. 1990) "compensatory education is an equitable remedy

9  extended to students who have been denied a FAPE," and *School Committee of Burlington v.*

10  *Department of Education,* 471 U.S. 359, 369 (1985), "that under 20 U.S.C. §1415(e)(2), a court

11  may 'grant such relief as the court determines is appropriate' which included 'equitable solutions

12  of reimbursing parents for costs of a private placement.'" **(AR-60 lines 18-24).**[3]  Additionally,

13  the ALJ violated IDEA by delegating the provision of compensatory education to the IEP Team

14  "the appropriate remedy is to order the District to hold another IEP meeting to consider a

15  placement which will permit Student, with appropriate supports and services, to work toward a

16  diploma." **(AR-37 ¶ 33).**

17      IDEA due process hearings "may not be conducted by an employee of the State

18  educational agency or the local agency involved in the education or care of the child." (citing,

19  *Reid ex rel.  Reid v. District of Columbia,* 401 F. 3d 516, 526 (D.C. Cir. 2005, citing 20 U.S. C. §

20  1415(f) (3)).

21      If an IEP Team, which, by statute, must include a representative of the local educational

22  agency, for which "the IEP Team would in effect exercise the officer's powers." *Reid,* 401 F. 3d

23  at 526. Additionally, in this case, Sallie Hunt, the Director of Special Education for the District,

24  who, in the Decision was characterized in the Factual Findings as 'insensitive to the parents" and

25

26

27

---

28  [3] The ALJ correctly determined that neither the Transition Program teaching
life skills, such as riding the bus, nor an additional year at Fallbrook High School
was the appropriate remedy to allow Student to earn his High School Diploma.

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

2

1  "belittling of the parents" **(AR-27, fn. 13)**, would be presiding over the IEP, in direct violation of

2  IDEA, 20 U.S.C. § 1415(f)(3).[4]

3       This appeal seeks upholding the ALJ's determination that due to the District's failure to

4  apprise Student's parents of his options for graduation, and due to the District's offering a

5  "predetermined" placement, parents did not have an opportunity to meaningfully participate in

6  the IEP process, and, as a result, Student lost educational opportunities, for which "some

7  measure of compensatory education is appropriate." **(AR-39 ¶ 29)**. Additionally, as this

8  procedural violation amounted to a denial of FAPE, for which compensatory education is the

9  remedy, the ALJ's decisions about other substantive issues are irrelevant. **(AR-31 ¶¶ 4-5, citing**

10  **the two-pronged test in** ***Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458***

11  **U.S. 176, 205-207; 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982).**

12       Finally, in this appeal, Student is seeking an award of compensatory education

13  commensurate with the District's failure to offer and provide Student with a FAPE through all of

14  his high school years (although only the District's failures in school years 2006-2007 and 2007-

15  2008 are apparently allowed to have been adjudicated due to the statute of limitations), by (1)

16  reimbursing Plaintiff for tuition at Fusion Learning Center ($ 10,400.00 through June, 2008, and

17  continuing at $3,640 per month) and related services (including transportation) provided by

18  parents, according to proof; as well as continued reimbursement or funding by the District at

19  Fusion Learning Center, with related services, until Student obtains his high school diploma; and

20  (2) the Plaintiff be deemed the prevailing party on the issues in this case.

21                                    **II.**

22                        **THE ADMINISTRATIVE PROCEEDING**

23       At the four-day Due Process Hearing, both Student and the District called witnesses.  All

24  of the evidence in each of the parties' Evidence Notebooks (with the exception of some pages

25  removed from Student's notebook, which had been provided by the District, but contained

26  _____

27  [4] As seen below, since the award of compensatory education involves the
    interpretation of a federal statute, it is a question of law which is reviewed

28  *de novo.* (citations omitted-See, Argument) Additionally, as seen below, Student
    has exhausted administrative remedies with regard to the award of
    appropriate compensatory education (citations omitted-See, Argument).

                                        07 CV 2328 LAB (CAB)          3
                                        Plaintiff's Opening Brief To
                                        Cross- Motions For Partial
                                        Reversal of Administrative
                                        Decision

1  records of another student) were admitted into evidence by stipulation by he parties and approval

2  by the ALJ. **(AR-1391 lines 11-14).**

3      The ALJ noted that the most credible witness was Plaintiff, Mary Struble. "The strongest

4  evidence in favor of Student's position is the Student's mother. Student's mother was a credible

5  witness. She was calm, direct and articulate in her answers. She is correct that anyone

6  reviewing Student's transcript **[AR-1879]** would see nothing to indicate he was not working

7  toward a diploma—instead that would see what appeared to be a very good student who got

8  mostly A's and B's." **(AR-12 ¶ 47).**[5]

9      Another important witness was Student's expert, Dr. Cynthia Norall. Dr. Norall testified

10 that Student has the capability of obtaining a diploma if an appropriate school program is

11 provided **(AR-30 ¶ 156).** In response to the question, "do you believe that one method of

12 assisting him in meeting his goal and obtaining his diploma could be through delivery of one-on-

13 one intensive educational instruction?", Dr. Norall testified, "Yes, I do." **(AR-214 lines 1-5).**

14 She also testified that based upon his cognitive levels, she discussed with Student's mother that

15 Student should be placed at Fusion or Balboa[6] **(AR-215 lines 1-4).**

16     Of the District's witnesses, Mike Espinoza, Student's case manager since summer of

17 2004 through the 2005-2006 school years, **(AR-472 lines1-6, AR-1534, 1559),** was very

18 knowledgeable about Student's individualized needs. Mr. Espinoza was also the adult Transition

19 Program/Bridges teacher at Fallbrook High School for 20 years **(AR-464 lines 6-8, AR-467 lines**

20 **11-17).** Mr. Espinoza wrote on Student's 11/3/04 Individual Summary of Assessment, under "4.

21 List proposed educational interventions and sagreed testified that "one-on one was the first

22 proposal, and small group was the second proposal. **(AR-483 lines 1-14).** Mr. Espinoza's

---

24 [5] Compounding the fact that there was never any discussion with parents
   about whether Student would be receiving a high school diploma, as opposed
25 to a certificate of completion (AR-12 ¶ 40, **"Ms. Hunt testified that the subject
   of a certificate o completion was discussed at almost every meeting.
26 However, the written IEP evidence does not support her statement),"** was
   the fact that on Student's transcript he consistently had a GPA between 3.4 and
27 4.0, and was on the honor roll. This indicated to parents that Student was
   Diploma-bound. (T. Struble, AR-1308-1309 lines 11-9).
28 [6] Balboa City School is a non-public school where Student could also obtain
   a high school diploma, however, it is in Hillcrest directly under the flight path.
   **(AR-269 lines 18-25).**

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

4

testimony was impeached, however, in a discourse concerning whether on the November, 2004 IEP document, some of the boxes, such as the one indicating whether Student will be a candidate for a regular high school diploma, was check <u>before</u> the IEP meeting, or <u>during</u> the IEP meeting, after discussion with parents. Mr. Espinoza testified that he believed it was checked "<u>during</u>" the meeting **(AR-8 ¶ 28)**. The ALJ ordered that the original November, 2004 IEP be produced, and when the ALJ examined it, she determined by the color of inks used before the meeting (black ink) and at the meeting (blue ink) that the box concerning being a candidate for a regular diploma was checked <u>before</u> the meeting. (AR-8-9 ¶ 29).

In the Decision, the ALJ found the District's school, psychologist, Margaret Martineau to be most persuasive, in that her testing in November, 2004 revealed that Student had average intelligence. **(AR-13 ¶ 50)**. However, even though the ALJ found that the "strongest evidence for the District was the testimony of Margaret Martineau,", the ALJ, in discussing Ms. Martineau's involvement, still found that, "it does not appear that this District understanding regarding the non-diploma path was adequately communicated to the parents." **(AR-13 ¶ 50)**.

So, coupled with the Director of Special Education, Sallie Hunt's[7] overall poor performance as a witness (testimony not supported by evidence-**AR-12 ¶ 49**; bias, "Ms. Hunt talked about Student lacking the "intellectual capacity" to really learn,." **AR-14 ¶ 55**; that she had given up on Student-**AR-14 ¶ 55**; and Ms. Hunt was belittling to student's parents(**AR-27 fn. 13**), and the impeachment of Mr. Espinoza and Ms. Martineau, support the ALJ's finding that, "Although there is evidence for both positions, Student's evidence is sufficient to 'tip the balance' in Student's favor. **(AR-13 ¶ 53)**. Therefore, Student has met his burden of proof on the violation of IDEA and denial of FAPE, and compensatory education at Fusion is the appropriate remedy.

Student will, in the Argument Section, further explain why Fusion Academy is a permissible compensatory education option in accordance with IDEA and the Supremacy Clause.

---

[7] Ms. Hunt testified that she does not hold any special education credentials. **(AR-307 lines 15-18).**

# III.

# ARGUMENT

## A.    Student Has Met His Burden of Proof in the Due Process Hearing.

In Due Process hearings, the burden of proof has now been placed on the party who filed . *Schaffer v. Weast*, 546 U.S. 49, 126 S.Ct. 528, 163 L.Ed. 2d 387( 2005). What this means is that Student must prove his case using an initial 2-step inquiry:

The first part of the inquiry addresses procedural violations. If the administrative law judge finds that violations of IDEA procedural requirements have been committed by the school district;

A second step is required to determine whether that procedural violation is one which has resulted in such substantial harm that the violation itself constitutes a denial of FAPE. *Deal v. Hamilton Cty, Bd. of Educ.*, 392 F. 3d 840, 854 (6th Cir. 2005).   Examples of such violations include the pre-determination of an IEP, the failure of the district to convene a properly constituted IEP Team, and the failure of the district to allow the parents to participate meaningfully in the IEP discussions and determinations.  In each of those situations, our Circuit Courts have found that the procedural violations constituted a denial of FAPE to the student.

While procedural flaws do not automatically require a finding of a denial of FAPE, procedural inadequacies that result in the loss of educational opportunity or seriously infringe the parents' opportunity to participate in the IEP formulation process clearly result in the denial of FAPE. *W.G. v. Bd. of Trustee of Target Range Sch. Dis.*, 960 F 2d. 1479, 1484 (9th Cir. 1992).

In *Shapiro v. Paradise Valley Unified School District*, 317 F. 3d 1072, 1079 (9th Cir, 2003), the Court used a two-part inquiry to determine whether the school district afforded student of FAPE. " First, we must determine whether the [District] complied with the procedures set forth in the IDEA.  Second, we must determine whether the IEP developed through the IDEA's procedures was reasonably calculated to confer educational benefit upon student." *Id.* at 1079, citing. *Rowley, supra*, 458 U.S. at 206-207; *Amanda J. v. Clark County Sch. Dist.*, 267 F.3d 877, 890( 9th Cir. 2001), and *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F. 3d 884, 891 (9th Cir. 1995).

Here, Student is 18 years old, resides in within the Fallbrook High School District and qualifies for special education under the eligibility category of Autism. **(AR-3 ¶ 1).** Student is entitled to the protections designed by Congress in the Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq.

The IDEA envisioned the disparate knowledge and power between school districts and parents. In order to allow parents to meaningfully participate in the development of their disabled child's provision of special education, and in order to enable parents to know what their rights at every juncture concerning development of an appropriate educational program for their disabled child, Congress gave school districts the responsibility for apprising parents of their rights by enacting 20 U.S.C. § 1415, et seq., which established what notice the school district (or special education local plan area "SELPA") must provide to parents before undertaking any development of a special education program for their child, including, assessment, IEP Team Meetings, and disputes. These parental rights are commonly called "Notice of Procedural Safeguards" or "Procedural Safeguards."

These Procedural Safeguards are designed to give parents a voice in the fundamental decisions regarding provision of special education and related services to their children with disabilities. This includes a responsibility on the school district to be knowledgeable about and concerned about the child's educational needs as to enable the parents to participate in the procedures set forth in the laws. 20 U.S.C. §1415(b)(1), 34 C.F.R §300.345, 34 C.F.R. Part 300, Appendix A, Ques. 5.

In the instant case, the ALJ held that parents rights included "the right to participate in the development of the individualized education program (IEP) for their child. Part of their participation includes the right to be informed of the availability of a [free appropriate public education] FAPE, and all available alternative educational programs, both public and nonpublic." **(AR-3 ¶ 2).**

The evidence presented at hearing was overwhelming proving that the District should have provided Student's parents with information about options for education, including, whether Student would be obtaining a high school diploma. As Justice Brennan so aptly wrote in *Honig v. Doe*, 484 U.S. 305 (1988), "As a disabled young man, he has at least as great a need

of a high school education and a diploma as any of his peers." 484 U.S. at 318-319, fn. 6. There

has been no explanation by the District as to why Student was not given the opportunity to obtain

his diploma.

According to Sallie Hunt, "There was never any doubt in <u>my</u> mind that Student would be

preparing for a certificate of completion..." (AR-1364 lines 11-13). Sallie Hunt also believed that

Student did not have the cognitive ability to learn, or to overcome "stumbling blocks" to

achieving a diploma, such as passing Algebra 1, Geometry, and the High School Exit Exam"

**(AR-1620, p. 10 of 25 of the 6/7/07 IEP: "Mrs. Struble said Chris would like to earn a high**

**school diploma. Mrs Hunt said that Algebra 1 and Geometry requirements will be**

**stumbling block [sic]. Additionally, he will need to attempt and probably need to pass the**

**Exit Exam. It is unlikely that Chris could do that.").** Prior to writing this statement by Sallie

Hunt into the 6/7/07 IEP, there was no discussion of what supports could be put in place to assist

student in achieving a diploma. Carla Crane, Student's 12th grade case manager **(AR-1626)**

testified that even when there are stumbling blocks, she "would never give up on a student" **(AR-**

**630 lines 13-19).**

However, at this IEP, there was no discussion about what supports could be given to

Student. **(AR-630-631 lines 20-3).** Additionally, just to be very clear, the High School Exit

Exam was never at issue in the Due Process Hearing. There was no evidence proving either that

Student would be required to take the Exit Exam, or not. Even Sallie Hunt's statement about this

is qualified by "probably." There is no mention of the Exit Exam anywhere in the Decision.

Therefore, this is not an issue on appeal.

Given that Student was determined in November, 2004 have an  average intelligence

**(AR-13 ¶ 50),** and Student's level of achievement, according to his GPA, was above average

(3.4-4.0 GPA—**AR-1879**), there is no justification for the District personnel to "assume" that the

entire IEP Team, including parents and Student were in agreement with his not being diploma-

bound. This is the injustice that was sought to be remedied in the Due Process Hearing, and

having been denied that remedy, is now being sought on appeal.

**B.    Plaintiff Has Exhausted All Applicable Administrative Remedies.**

Given the Order in the Decision that the parties must attend an IEP Team meeting to determine the appropriate compensatory education, the threshold question is whether Student has exhausted remedies sufficient to seek relief in Court? The answer is "yes." Student has exhausted administrative remedies, as Student requested a nonpublic placement, such as Fusion, and was denied this remedy in the Decision after the Due Process Hearing.

What constitutes exhaustion is defined by the Administrative Procedure Act (APA), which provides for judicial review of any "final" agency action, and states that agency action is "final" without regard to availability of administrative reconsideration or appeal to superior agency authority, unless otherwise provided by statute or the agency's own rules APA § 10 (c), 5 U.S.C. § 704).

The fact that the ALJ's Decision is "final" is shown in footnote 1, "Because of the waiver of the resolution session period, the 45-day time limit for hearing and decision began to run the day after September 6, 2007 (Ed. Code § 56501.5, subd. (d). The parties stipulated to an extension of the deadline to give the ALJ sufficient time to review the evidence and written closing argument of the parties." **(AR-1-2 fn. 1).** IDEA, § 1415(i)(1)(A) provides: "DECISION MADE IN HEARING: A decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2)."

The California Education Code cited by the ALJ is derived from IDEA, 20 U.S.C § 1415(g)(2), which states the administrative agency must:

> Upon completion of the due process hearing, the Administrative Law Judge shall prepare a written, reasoned decision. The decision shall include reason(s) for any nonpublic school placement or agency services or reimbursement for any nonpublic school placement or agency services. The decision shall be mailed to all parties within 45 days from receipt of the request for a hearing.

Under IDEA, Part B, which specifies the regulations that must be implemented by a state in order to receive federal funding, the timeline provided is is: "The public agency shall ensure that not later than 45 days after receipt of a request for a hearing-a <u>final</u> decision is reached in the hearing; and a copy of the decision is mailed to each of the parties. 34 C.F.R § 300.511(a)(1) and (2). The Decision is a final Decision. "Courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become "final" under APA § 10 (c)." *Darby v. Cisneros*, 509 U.S. 137, 151, 113 S. Ct. 2539, 2547 (1993).

Plaintiff filed the Due Process Complaint and participated in the Due Process administrative hearing to obtain the relief of compensatory education, preferably at Fusion Learning Center. **(AR-30 ¶ 156).** While the ALJ found that due to the District's violations of IDEA, compensatory education is appropriate, the ALJ did not award the compensatory education to Student, but, rather, unlawfully delegated this to the IEP Team, including Sallie Hunt. **AR-7, Order ¶ 1.**

**C.    *De Novo* Review Should be Applied To the Compensatory Education Issue.**

Here, Plaintiff has met the burden of proof, and has carried the burden by showing the District's failure to inform parents of graduation options, and making a predetermined placement offer, which are procedural violations of IDEA that resulted in a loss of educational opportunity and a denial of FAPE for Student. **(AR-36 ¶ 29, AR-37 ¶ 33).** The ALJ found that "some measure of compensatory education is appropriate." **(AR-36 ¶ 29).** The ALJ properly described that the remedy of compensatory education depends on the circumstances of the individual case, and that, "The Court is given broad discretion in fashioning a remedy, as long as relief is appropriate in light of the purpose of special education law." **(AR-35-36 ¶ 26, *Burlington, supra* at 369).**

However, rather than determining what measure of compensatory education would be appropriate for Student (which, in his individual case would be compensatory education adequate to allow him to obtain a high school diploma), the ALJ delegated the award of compensatory education to the IEP Team, in violation of IDEA, 20 U.S.C. § 1415 (f)(3). This statute provides, "Limitations on Hearing-(A)- Person Conducting Hearing-"A hearing officer

conducting a hearing pursuant to paragraph 1 (A) shall, at a minimum-(i)-<u>not</u> <u>be</u> (I) an employee of the State educational agency or the local educational agency involved in the education or care of the child..." 20 U.S.C. § 1415(f)(3)(A)(i)(I) (emphasis added).

"IDEA due process hearings "may not be conducted by an employee of the State educational agency or the local agency involved in the education or care of the child." *Reid ex rel. Reid v. District of Columbia*, 401 F. 3d 516, 526 (D.C. Cir. 2005), citing 20 U.S. C. §1415(f) (3)). "[T]he IEP Team would in effect exercise the officer's powers in violation of IDEA." *Reid*, 401 F. 3d at 526. The ALJ violated IDEA by delegating the compensatory education remedy to school employees.

As to matters heard in the administrative hearing, the Court must determine whether the Hearing Officer followed the law in making the decision, which is an issue of law. Compliance with IDEA is reviewed *de novo*. See *Ojai Unified Sch. Dist. v. Jackson*, 4 F. 3d 1467, 1473 (9th Cir. 1993) (citing, *Gregory K. v. Longview Sch. Dist.*, 811 F. 2d 1307, 1314 (9th Cir. 1987).

As in the case attached to Plaintiff's Request For Judicial Notice to Motion To Supplement Administrative Record (Document 32-1, Exhibit 2), *Draper v. Atlanta Independent School System*, ___ F. 3d ___(11th Cir. March 6, 2008), to the extent that this issue involves the interpretation of a federal statute, it is a question of law which we review *de novo*, (**Document 32-1 Ex. 2, page 11**)(Citing *CP v. Leon County Sch. Bd. Fla.*, 483 F. 3d 1151, 1155 (11th Cir. 2002)). "We review awards under section 1415(i)(2)(B)(iii) of the Act for abuse of discretion." *See Bd. of Educ. v. L.M.*, 478 F. 3d 307, 316 (6th Cir. 2007). If the district court finds a violation of the Act, it 'shall grant such relief as the court determines is appropriate'" 20 U.S.C § 1415(i)(2)(C)(iii). "The Court is given broad discretion in fashioning a remedy, as long as relief is appropriate in light of the purpose of special education law." (**AR-35-36 ¶ 26, citing *Burlington, supra*, 471 U.S. at 369**).

Here, the ALJ clearly abused her discretion and violated IDEA when she delegated the award of compensatory education to the IEP Team, including school district employees. Therefore, Plaintiff requests that this court "shall" grant appropriate relief.

**D.    Compensatory Education at Fusion Learning Center (Academy) Is Appropriate.**

An additional abuse of discretion in the Decision is the ALJ's finding that since Fusion Learning Center (also called Fusion Academy, **AR-1900-1909**) is not a California-state certified nonpublic school (**AR-30 ¶ 156, AR-36 ¶ 31**), she did not consider this as a potential compensatory education placement. The ALJ cites no authority for the premise that under IDEA, compensatory education can only be provided by a stat-certified non-public school.

The Supremacy Clause of the United States Constitution Art. VI, Cl. 2, prohibits any state law from narrowing the protections of federal law. There is no federal law limiting the appropriate provision of compensatory education to state-certified nonpublic schools. The ALJ acknowledged this in stating, ""The Court is given broad discretion in fashioning a remedy, as long as relief is appropriate in light of the purpose of special education law." (**AR-35-36 ¶ 26, citing, Burlington, 471 U.S. at 369**). Additionally, the Legal Advisory of the California Department of Education dated March 17, 1999 (**Doc. 32-1, Ex. 1**) allows for reimbursement to parents who have unilaterally placed their children at an uncertified private school.

Under IDEA, federal courts reviewing state administrative proceedings are to "grant such relief as the court determines is appropriate" based on a preponderance of the evidence, *Amanda J,, supra* 267 F. 3d at 887 (citing 20 U.S.C. § 1415(i)(2)(B)). "[E]quitable considerations are relevant in fashioning relief," and the court enjoys "broad discretion" in fashioning such relief. *Burlington*, 471 U.S. at 374.

Also found in the instant case the "inequity" between remedies afforded to parents who have the means to pay for compensatory education of their choosing and seek reimbursement from the school district, and lack of remedies afforded to parents who do not have the means to pay for compensatory education. The recent *Draper* decision (**Doc. 32-1, Ex. 2**) attempts to correct this. "If Draper's family had unilaterally placed him in the Cottage School, then an award of reimbursement would be appropriate under the Act. *See Burlington,* 471 U.S. at 370, 105 S.Ct. at 2003. The district court found the School System had failed to provide Draper an adequate educational program, and the District Court concluded that the Cottage School offered an appropriate placement." (*Draper,* **Doc. 32-1, Ex. 2 p. 13**).

1   "We do not read the Act as requiring compensatory awards of prospective education to be

2   inferior to awards of reimbursement. The Act empowers the district court to use broad discretion

3   to fashion appropriate equitable relief." (*Draper*, **Doc. 32-1, Ex. 2 p. 13 ¶ 14**).

4        In this case, Student's compensatory education should allow him to work toward and

5   obtain a high school diploma. The "stumbling blocks" identified by Sallie Hunt at the 6/7/07

6   IEP (**AR-1620**) are ameliorated by compensatory education at Fusion Learning Center, where he

7   has an individualized program, which, for the past two months have enabled him to make up

8   credits toward his diploma.[8] **(Supplement to Administrative Record, Notice of Lodgment,**

9   **Doc. 29-4, Exs. B, E and I).** A diploma from Fusion does not require the Exit Exam. **Doc. 29-4,**

10  **Ex. B).**

11       Compensatory education is a remedy that is created by operation of law. 20 U.S.C §

12  1415(i)(2)(C)(iii). Although "ordinary" [educational programs] need only provide 'some

13  benefit,' compensatory education awards must do more-they must compensate." *Reid ex rel.*

14  *Reid supra*, 401 F. 3d 516 at 525. Compensatory awards should place children in the position

15  they would have been in but for the violation of the Act. *Id.* at 518.

16       The evidence in this case supports an award of compensatory education at Fusion. First,

17  Student is 18 years old. It would be beneficial for him to obtain his high school diploma as

18  quickly as possible. Fusion's schedule and plan for Student describes that his program at Fusion

19  would likely take half the time of getting credits in another program **(Doc 29-4, Ex. B)**.

20  Additionally, the evidence shows that Student has enrolled at Fusion and is receiving educational

21  benefits at Fusion **(Doc 29-4, Ex. I)**. Not only did Student not receive a FAPE while at

22  Fallbrook High School, he was out of school entirely from May 3, 2007 **(AR-23 ¶ 118)** until

23  April 15, 2008 **(Doc 29-4 Ex. E)**. To remove him from a program that is meeting his

24

25

26

27  [8] At the time of the Due Process Hearing, and at time this appeal was filed,
    Parents did not have the resources to unilaterally place Student at Fusion.
    Parents have placed Student at Fusion since April 15, 2008 at great sacrifice, and

28  hope to be able to keep Student at Fusion until the appeal is decided.

07 CV 2328 LAB (CAB)    13<br>Plaintiff's Opening Brief To<br>Cross- Motions For Partial<br>Reversal of Administrative<br>Decision

individualized needs, and, which is committed to working with Student to obtain his diploma, would continue to deny him a FAPE.

Therefore, parents are requesting immediate reimbursement of the tuition paid to Fusion (to date, $10,400), and continued funding by the District to Fusion (either by continued reimbursement, or direct payment) for educational and support services, until student earns his diploma.

### E.    Student Is The Prevailing Party at Hearing

In accordance with In *Shapiro v. Paradise Valley Unified School District,* 317 F. 3d 1072, 1079 (9th Cir, 2003), the Court used a two-part inquiry to determine whether the school district afforded student of FAPE. " First, we must determine whether the [District] complied with the procedures set forth in the IDEA. Second, we must determine whether the IEP developed through the IDEA's procedures was reasonably calculated to confer educational benefit upon student." *Id.* at 1079, citing *Rowley,* 458 U.S. at 206-207. Accordingly, once it is proven that the District failed to met the procedural requirements of IDEA, and Student has lost educational opportunities, it is unnecessary for the ALJ to address whether the District complied with the substantive requirements of IDEA. Student prevailed on the pivotal issue of the case: Did the District's failure to inform parents of graduation options (Issue 1(a) **AR-2**) violate IDEA, and deny Student a FAPE? The ALJ held that Student prevailed on this issue **(AR-37),** and that due to this failure, "some measure of compensatory education is appropriate" **(AR-36 ¶ 29).**

The ALJ's ruling on any additional issues is surplusage. For purposes of an award of attorney fees to the prevailing party, reasonable attorney fess for the underlying Due Process, and this appeal should be awarded to Student. "[aA plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the district court did not adopt each contention raised ." *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983).

For the purpose of attorney's fee awards, a prevailing party is defined as "a party which 'succeeds on any significant issue in litigation which achieves *some* of the benefit the party sought in bringing the suit.'" *Parents of Student W. v. Puyallup Sch. Dist.* 31 F. 3d 1489, 1498 (9th Cir. 1994) (quoting *Hensley v. Eckerhart,* 461 U.S. at 433).

07 CV 2328 LAB (CAB)
Plaintiff's Opening Brief To
Cross- Motions For Partial
Reversal of Administrative
Decision

14

1    Denial of FAPE is recognized as the most important standard for success. "Nor are the

2  issues on which Appellant prevailed merely technical; rather they go to the very essence of the

3  Individuals With Disabilities Education Act. The determination by the Hearing Officer and the

4  district court that [the child] was denied a free and appropriate public education---even setting

5  aside the other issues on which Appellant prevailed—is the most significant of successes

6  possible under the Individuals With Education Disabilities Act." *Park v. Anaheim Union High*

7  *School District,* 464 F. 3d 1025, 1036 (9th Cir. 2006).

8    Student should be the only prevailing party herein.

9  **IV.**

10  **CONCLUSION**

11    The Decision should be upheld as to the District's procedural denial of FAPE for Student,

12  and that an award of compensatory education is appropriate. The Court should reverse the ALJ's

13  Order that the compensatory education remedy be decided by the IEP Team, as this is a clear

14  abuse of discretion. The Court should award compensatory education to Student by ordering the

15  District to immediately reimburse parents the sum of $10,400.00, plus reimbursement for

16  transportation, and order the District to continue to fund Student's placement and program at

17  Fusion, with transportation (or transportation reimbursement) until Student earns his high school

18  diploma.

19    The Court should order that Student is the prevailing party in both the administrative

20  proceeding and this appeal, for which Student is entitled to an award of reasonable attorney fees

21  and costs.

22  Dated: June 27, 2008                          Respectfully submitted,

23

24

25                                          Ellen Dowd, Attorney for Plaintiff/
                                            Counter-Defendant, Mary Struble
26

27

28                                          07 CV 2328 LAB (CAB)                15
                                            Plaintiff's Opening Brief To
                                            Cross- Motions For Partial
                                            Reversal of Administrative
                                            Decision

# PROOF OF SERVICE

## Mary Struble as conservator for C.S. v. Fallbrook Union High School District
## Case No. 07 Cv 2328 LAB (CAB)

STATE OF CALIFORNIA    )
COUNTY OF SAN DIEGO   )

I am employed in the County of San Diego, State of California. I am over the age of 18, and not a party to the within action. My business address is 2658 Del Mar Heights Road #228 Del Mar, California 92014.

On June 27, 2008 I caused to be served **PLAINTIFF'S OPENING BRIEF FOR HEARING ON CROSS-MOTIONS FOR PARTIAL REVERSAL OF ADMINISTRATIVE DECISION** on all interested parties in this action follows: by serving counsel of record:

Sharon Watt, Esq.
Filarsky & Watt
408 Bryant Circle
Suite C
Ojai, California 93023

electronically, having verified on the Court's CM/ECF website that such counsel is listed to receive email notification for this case, and there are no other attorneys on the manual notice list.

Executed on June 27, 2008 at San Diego, California.

<u>XX</u>    (STATE)    I declare under penalty of perjury under the laws of the United States of America and that State of California that the above is true and correct.

<u>    Ellen Dowd    </u>

_____
Signature