SHARON A. WATT SBN 81377
FILARSKY & WATT LLP
admin@filarskyandwatt.com
Attorneys at Law
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone:   (805) 640-2970
Facsimile:    (805) 640-2980

Attorneys for Defendant
FALLBROOK UNION HIGH SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY STRUBLE, As Conservator for CS,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>FALLBROOK UNION HIGH SCHOOL DISTRICT, a Local Educational Agency,<br><br>Defendant/Counterclaimant. | CASE NO. 07CV 2328 LAB (cab)<br><br>**FALLBROOK UNION HIGH SCHOOL DISTRICT REPLY AND RESPONSE TO PLAINTIFF'S OPENING BRIEF FOR HEARING ON CROSS-MOTIONS FOR PARTIAL REVERSAL OF ADMINISTRATIVE DECISION**<br><br>Hearing: August 1, 2008 |

Defendant FALLBROOK UNION HIGH SCHOOL DISTRICT ("District") hereby files its Reply and Response Brief in the above-referenced matter.

## I
## PLAINTIFF HAS ABANDONED CLAIMS

It is well established in the Ninth Circuit that claims which are not addressed in an appellant's brief are deemed abandoned. *Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) (citing to *Kates v. Crocker National Bank*, 776 F.2d 1396, 1397 n. 1 (9th Cir.1985), and *Simpson v. Union Oil Company of California*, 411 F.2d 897, 900 n. 2 (9th Cir.).

As in her Complaint, Plaintiff fails to address the claims on which the District prevailed at the due process hearing. This Court should hold that the District prevailed on Issues 1.c, 1.d, 1.e,

2.b, 2.c, 2.d, 2.e, 2.f, 2.g, 2.h, and 2.j, as those issues are outlined in the Decision at pages 2-3, because Plaintiff has waived the issues. *Id.*

Plaintiff has also waived and abandoned all claims pertaining to the 2005-2006 school year and claims pertaining to handwriting goals for any school year because she failed to address the claims in her Opening Brief. *Id., see also* Plaintiff's Opening Brief, 1:9-17 (characterizing the claims as pertaining to the 2006-2007 and 2007-2008 school years with regard to alleged predetermination of placement offer and failure to advise parents of options for graduation); 1:18-2:5 (discussing the Hearing Officer's decision with regards to alleged predetermination in June 2007); 3:3-7 (characterizing Plaintiff's appeal/Complaint as pertaining to the claims of alleged failure to advise parents of options for graduation and alleged offer of a predetermined placement); 3:12-15 (asserting that the claims pertain to the 2006-2007 and 2007-2008 school years); 10:14-17 (asserting that Plaintiff met her burden of proof with regard to graduation options and predetermination).

Plaintiff moved and was granted leave to supplement the administrative record with a copy of the February 7, 2008 IEP and provided a declaration that pertained to the District's conduct and offer of FAPE at the February 7, 2008 IEP team meeting. However, Plaintiff, in her Opening Brief, failed to ask this Court to consider any issue with regard to the February 7, 2008 Individualized Education Program ("IEP") or IEP team meeting. Plaintiff, therefore, has also waived and abandoned any implied assertion that this Court should consider claims with regard to Student's February 7, 2008 IEP or team meeting. *Id.*

In addition, any issue pertaining to the February 7, 2008 IEP and team meeting is improperly before this Court because Plaintiff has failed to exhaust her administrative remedies. *Hoeft v. Tucson Unified School District*, 967 F.2d 1298, 1303 (9th Cir. 1992). Plaintiff's claim that she has exhausted her administrative remedies, Plaintiff's Opening Brief, 9;1-10:12, is only with regard to matters that were before the hearing officer and, of course, the February 7, 2008 IEP and

team meeting were not before the hearing officer.

## II
## THE DISTRICT HAS ALWAYS OFFERED A
## FREE APPROPRIATE PUBLIC EDUCATION

**A. The District provided Plaintiff with options for graduation by adequately informing her that Student was on a track to obtain a certificate of achievement/completion.**

Plaintiff does not assert that the District failed to provide her with copies of the unambiguous and unequivocal statement that Student was not diploma bound in his IEPs.

| Administrative Record Page No. | Description |
|---|---|
| 02133, 02137 | 5/21/03 IEP providing that the CAPA rather than the California standardized test would be taken |
| 02136 | 5/21/03 IEP providing that Student could comprehend at an emerging fourth grade level and could compute at a third grade level |
| 01496, 01499 | 1/13/04 IEP providing functional goals and providing that Student does well with a functional skills program |
| 02080 | 5/11/04 IEP providing that Student was preparing for a Certificate of Achievement |
| 02080 | 5/11/04 IEP providing that Student would not participate in general education academics because of academic needs |
| 02081 | 5/11/04 IEP providing that Student computed at a third grade level and comprehended passages at a fifth grade level |
| 02062 | 11/3/04 IEP providing that Student would not take California standardized assessments at Plaintiff's request |
| 02063, 0264, 02065, 02066, 02067, 02068 | 11/3/04 IEP providing that Student read at either the 5.1 or 5.6 grade level and performed math at either the 3.3 or 2.9 grade level |
| 02072 | 11/3/04 IEP providing that Student's significant academic delays may adversely affect success in the general core curriculum, and Student would not participate in general education Math, Social Studies, Science, and English because of significant academic delays |
| 02227 | 11/3/04 Individual Summary of Assessment providing that District assessments of Student's academic and functional assessments showed that Student had significant delays in all academic areas |
| 02230 | 11/3/04 State or District Wide Assessment providing that Student would not take California standardized assessments because of significant academic delays in all areas |
| 02230, 02072 | 11/3/04 IEP providing that Student's IEP team anticipated that Student would not be candidate for a regular high school diploma but rather would be a candidate for a certificate of achievement/completion |
| 02044 | 11/30/05 IEP providing that Student would not take state standardized assessments at her request |
| 02046 | 11/30/05 IEP providing that Student could multiply with 70% accuracy with a double digit multiplier |

3
District's Reply Brief                    Struble v. Fallbrook UHSD
                                          07CV 2328 (LAB/cab)

| | |
|---|---|
| 02046 | 11/30/05 IEP providing that significant academic delays may adversely affect success in the general core curriculum and Student would not participate in general education Math, Social Studies, Science, and Language Arts because of significant academic delays |
| 02047, 02049 | 11/30/05 IEP providing that Student read at the level of a beginning 7th grader |
| 02053 | 11/30/05 IEP providing that Student would obtain a Letter / Certificate rather than a diploma |
| 02226 | 11/30/05 State or District Wide Assessment providing that Student would only take the state's standardized test in Reading because significant academic delays in all areas preclude success on all/any California standardized assessments |
| 02226 | 11/30/05 State of District Wide Assessment providing that the IEP team anticipated that Student would not be candidate for a regular high school diploma but rather would be a candidate for a certificate of achievement / completion |
| 02035 | 11/27/06 IEP providing that Student could solve word problems when given the mathematical function |
| 02039 | 11/27/06 IEP providing that(11/27/06 IEP providing that Student would participate in a high school curriculum leading to a Certificate of Completion |
| 02042 | 11/27/06 IEP providing that Student must pass the CAHSEE to earn a diploma and that Student had not passed CAHSEE English and Language Arts, CAHSEE Math, and Algebra 1 |
| 02043 | 11/27/06 IEP providing that the IEP team intended Student to attend a District program for fall 2007 |
| 01976 | 5/10/07 IEP providing that Student would exit high school with other than a diploma |
| 01980 | 5/10/07 IEP providing that Student would participate in a curriculum leading to a Certificate of Completion |
| 01979 | 5/10/07 IEP providing that the IEP team intended Student to attend a District program in 2007-2008 |
| 01950 | 6/7/07 IEP providing that Student would exit high school with other than a diploma |
| 01958, 01960, 01961 | 6/7/07 IEP providing that Student at the time could read at a functional level and choose the correct mathematical operation in a one-step word problem |
| 01965 | 6/7/07 IEP providing that the IEP team intended Student to attend a District program in 2007-2008, 01962, and that Student would participate in a high school curriculum leading to a Certificate of Completion |
| 01966 | 6/7/07 IEP providing that Student must pass the CAHSEE to earn a diploma and that Student had not passed CAHSEE English and Language Arts, CAHSEE Math, and Algebra 1 |

4
District's Reply Brief                    Struble v. Fallbrook UHSD
                                          07CV 2328 (LAB/cab)

In fact, Plaintiff does not assert that the District failed to provide her with a copy of any evidence submitted by the District in support of its contention that she was informed and knew that Student was not diploma bound.

**B. The District did not predetermine Student's placement in June 2007.**

A review of a predetermination decision is *de novo*, since it is mixed question of law and fact. *See, e.g., Deal v. Hamilton County Board of Education*, 392 F.3d 840, 857 (6th Cir. 2004) (noting that a review of a predetermination decision is a mixed question of law and fact).

At or about the time of the June 2007 IEP team meeting: [1]

1. Student's academic achievement was measured by the District as below average in Broad Reading, Reading Comprehension, Broad Math, Math Calculation Skills, Academic Skills, Academic Fluency, and Academic Knowledge. 02205 (results of Woodcock-Johnson Tests of Achievement (3d ed.) reported in the District's April 26, 2007 Psychological Report. 02205.

2. Student had not taken either the English or the Math portions of the California High School Exit Exam ("CAHSEE"). 01986 (transcript dated June 7, 2007). It did not appear that Student could pass either parts of the CAHSEE. 01365:01365:6-01366:4. [2]

3. Student's Reading Comprehension was measured in the second percentile for those students who were up to the age of 15. [3] 01699 (August 1, 2007 IEE by Cynthia Norall). In addition, Student could not or would not do the Math Calculation subtest of the Diagnostic Achievement Battery (3d ed.) (DAB-3"), 00202:11-13, and could not or would not perform the Contextual Language (Writing) and Story Construction subtests of the DAB-3, and wrote only one sentence on each of those

---

[1] The June 7, 2007 IEP team meeting was a continuation of a meeting convened on May 10, 2007.
[2] Contrary to Plaintiff's assertion that no evidence was presented that successful completion of the CAHSEE was necessary to earn a diploma, *see* Plaintiff's Opening Brief, 8:18-20, the District did prove that successful completion of the CAHSEE was required to obtain a diploma, 01598 (May 10, 2007 Transition Services providing in part, "Beginning no later than grade 9 parent(s)/guardian, student has been informed that as of the 2005-2006 school year student must pass the California High School Exit Exam to earn a diploma").
[3] Student was age 18-2 at the time of testing. 01692.

subtests, 01699 and 00202:11-13. [4]

4. Student's overall verbal learning ability was below average. 02203-02204 (District's April 2007 Psychological Report).

5. Student's functional independence was in the very low range and was comparable to that of an average 6.8 year old. 02205 (District's April 2007 Psychological Report).

6. Plaintiff did not expect Student to be able to proficiently use a calculator on +, -, x, and division using 4 to 5 digits, to proficiently perform 1 variable algebraic equations with a calculator, or to understand and proficiently multiply, divide, add and subtract fractions until June 2008, when Student would be nineteen years old. 02352 (annual goals suggested Plaintiff for the June 2007 IEP team meeting).

7. Plaintiff knew that Student could not possibly solve number sense math problems on the CAHSEE. See 01874 (Plaintiff's log for 4/4/07, regarding the impossibility of Student converting recipe proportions); 01997 (5/10/07 IEP with CAHSEE sample regarding converting recipe proportions).

8. Plaintiff had taken action to conserve Student.

As noted in the District's Opening Brief, the June 2007 IEP discussed the options of placement in general education, of Student returning to the high school the following year, or entering the District's Adult Transition Program. District's Opening Brief, 17:20-18:6.

Mindful that the purpose of the Individuals with Disabilities Education Act ("IDEA") is to prepare disabled individuals for leading productive and independent adult lives to the maximum extent possible, 20 U.S.C. § 1400(c)(5)(A)(ii), and after reviewing the goals developed by the team, including Plaintiff, and reviewing Student's abilities, as evidenced by his achievement at Fallbrook High School and the results of the District's April 2007 Psychological Report, including Student's very low functional independence, the IEP team decided that placement in the Adult Transition Program would provide Student with those skills, including practical math, reading, and writing skills, necessary to achieve maximum independence and self-sufficiency.

---

[4] These results were obtained subsequent to the June 2007 IEP team meeting, and the District, of course, does not contend that it could possibly have known of the results. However, the District was aware of Student's current abilities, which were reflected in the results of the IEE.

The June 2007 IEP offered Student a free appropriate public education ("FAPE") that Plaintiff did not accept. However, the District met its obligation under the IDEA to provide Plaintiff with meaningful participation, and is not required to give Plaintiff a veto power over the District's offer of FAPE. *See, e.g., Ms. S. ex rel. G. v. Vashon Island School District*, 337 F.3d 1115 (9th Cir. 2003) (superseded by statute on different issue).

### III
### PLAINTIFF HAS FAILED TO PROVE THAT SHE IS ELIGIBLE FOR REIMBURSEMENT OR PLACEMENT OF STUDENT AT FUSION

**A. Plaintiff has failed to prove *Carter/Burlington* requirement.**

Contrary to Plaintiff's assertion, the case before this Court does not pertain to reimbursement because Student was unilaterally placed at Fusion subsequent to the Decision of the Hearing Officer. *See* 00038 (Decision dated November 20, 2007); Plaintiff's Lodged documents Exh. F (Fusion enrollment date of April 1, 2008) and Exhs. G and H (first Fusion session provided on April 15, 2008); Plaintiff's Opening Brief, 3:15-17 (seeking reimbursement); *see also* District's Opposition to Motion to Supplement the Administrative Record, 5:26-9:25 and 12:12-14:18 (arguing that with regard to documents pertaining to reimbursement, they are not relevant and would turn this proceeding into a trial *de novo* and Plaintiff failed to exhaust administrative remedies [5]).

Nevertheless, the United States Supreme Court has made clear that in any case pertaining to private school placement, the student must prove that the private school placement can provide an education that was otherwise proper under the IDEA. *Florence County School District Four v. Carter*, 510 U.S. 7, 12-13, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993) ("Carter"); *School Committee of Town of Burlington v. Department of Education*, 471 U.S. 359, 369, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985) ("Burlington").

Plaintiff should be denied any remedy with regard to Fusion because Plaintiff failed to prove the *Carter/Burlington* requirement by failing to prove that Fusion can provide Student with an otherwise proper education under the IDEA. Plaintiff, in fact, proved in the positive that Fusion

---

[5] Plaintiff's reference in her Opening Brief, 9:7-11, to the federal Administrative Procedures Act is inapposite. The federal APA does not apply to California's due process proceedings.

is not an appropriate placement for Student.

Student requires special education and related services in order to receive a FAPE yet Fusion does not offer special education. *See* District's Supplemental Response to Plaintiff's Lodged Documents, Exhs. 5 and 6 (it is "false" that Fusion provides special education). Furthermore, none of the documents pertaining to Fusion submitted by Plaintiff indicate that Fusion is capable of providing instruction and services in conformity with an IEP. *See* District's Notice of Lodgment of Documents to Supplement the Administrative Record, Declaration of Sallie Hunt, ¶ 11.

A May 1, 2008 report from Fusion written approximately two weeks after Student's placement admits that it is unable to meet Student's needs when the Fusion CEO/Founder wrote:

> "[Student] is struggling in the social aspect of school. He often misinterprets the actions and body language of fellow students and teachers. He is highly sensitive to any interpretation of injustice and disrespect. There have been negative exchanges between [Student] and either a fellow student or a teacher on a daily basis. All of these altercations, unfortunately, [Student] has provoked. He sees himself as a victim in almost every situation and is unable to alter his perceptions. We had one significant interaction that resulted in [Student] verbally threatening violent action toward 2 female teachers and myself [Fusion CEO and Director]. [Student] would benefit from intense behavior modification training with a trained Autism specialist." Exh. I, p. 3, of Plaintiff's lodged documents.

Fusion's inability to provide Student with the behavioral supports that he requires, including behavior modification training for autistic individuals, and failure to provide Student with special education, combined with Fusion's zero tolerance policy on physical violence or intimidation of any kind, 01908, proves that Fusion is not an appropriate placement.

**B. Plaintiff has failed to prove any exception to Education Code section 56505.2(a).**

Subdivision (a) of section 56505 of the California Education Code provides:

> "A hearing officer may not render a decision that results in the placement of an individual with exceptional needs in a nonpublic, nonsectarian school, or that results in a service for

an individual with exceptional needs provided by a nonpublic, nonsectarian agency, if the school or agency has not been certified pursuant to Section 56366.1."

Fusion has not been certified pursuant to Cal. Educ. Code § 56366.1. *See* District's Opening Brief, 15:20-23.

A student may not be prospectively placed at a private school that is not certified by the state. *Antkowiak v. Ambach*, 838, F.2d 635, 640 (2d Cir. 1988) ("*Antkowiak*").

In *Antkowiak*, the Second Circuit interpreted the requirements of the Education of the Handicapped Act ("EHA"), predecessor to the IDEA. At the time, the EHA at 20 U.S.C. § 1413(a)(4)(B)(ii) provided that handicapped children in private placements had the same rights as those in state facilities and required the state must determine whether private facilities at which students are placed meet the same standards that apply to state and local educational agencies. *Id.* at 640.

## IV
## PLAINTIFF MISCITES THE LAW

In her request for due process, Plaintiff alleged substantive violations (need for OT services for handwriting in 2005-2006 and 2006-2007, insufficient progress to meet 2005-2006 IEP goals, need for a behavioral support plan and behavioral goals in 2005-2006, need for social skills training in 2006-2007, need for a communication log, need for a BSP/BIP in 2006-2007, saying words and taking actions that trigger anxiety in Student, staff insensitivity towards Plaintiff, need for an educational program after 5/3/07, and need for a safe learning environment in 2006-2007), as well as procedural violations (providing graduation options and predetermining the June 2007 IEP). Decision, pp. 2-3.

Plaintiff incorrectly asserts that *Shapiro v. Paradise Valley Unified School District*, 317 F.3d 1072, 1079 (9th Cir. 2003) applies to substantive violations and that, as a result, the hearing officer was not required to considered Plaintiff's substantive violations once she found procedural violations.

However, the hearing officer was required to decide all issues that Plaintiff placed before her. Cal. Educ. Code § 56507.

It is only on claims of procedural violations that a hearing officer is not required to determine whether an IEP was reasonably calculated to confer educational benefit if the hearing officer finds that a procedural violation impeded the child's right to FAPE, significantly impeded parents' participation in the decisionmaking process, or caused a deprivation of educational benefit. 20 U.S.C. § 1414(f)(3)(E)(ii); *Shapiro*, 317 F.3d at 1079.

*Shapiro* is inapplicable to allegations of substantive violations.

## V
## CONCLUSION

For the foregoing reasons, the District respectfully requests that this Court hold that the District has always provided Student with a FAPE and that Student's June 2007 IEP provides for an appropriate placement, and deny Plaintiff any remedy, attorneys' fees, or costs.

Dated: July 11, 2008.          Respectfully Submitted,

FILARSKY & WATT LLP

By:    s/Sharon A. Watt
       SHARON A. WATT
       Attorney for Defendant and Counterclaimant
       FALLBROOK UNION HIGH SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am employed in the County of Ventura, State of California and that I am over the age of 18 years and am not a party to this action. My business address is 408 Bryant Circle, Suite C, Ojai, California 93023.

On the date noted below, I served the foregoing document described as **FALLBROOK UNION HIGH SCHOOL DISTRICT REPLY AND RESPONSE TO PLAINTIFF'S OPENING BRIEF FOR HEARING ON CROSS-MOTIONS FOR PARTIAL REVERSAL OF ADMINISTRATIVE DECISION** by serving counsel of record, Ellen Dowd, Esq., electronically, having verified on the Court's CM/ECF website that such counsel is listed to receive email notification for this case and that there are no other attorneys on the manual notice list.

Dated: July 11, 2008

*Cheryl Smith* (signature)
Cheryl Smith