1  SHARON A. WATT SBN 81377
   FILARSKY & WATT LLP
2  Attorneys at Law
   408 Bryant Circle, Suite C
3  Ojai, California 93023
   Telephone:    (805) 640-2970
4  Facsimile:    (805) 640-2980

5  Attorneys for Defendant
   FALLBROOK UNION HIGH SCHOOL DISTRICT
6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  MARY STRUBLE, As Conservator for CS,    ) CASE NO. 07CV 2328 LAB (cab)
                                            )
12         Plaintiff/Counterdefendant,      )
                                            )
13                                          )
    v.                                      )
14                                          ) **FALLBROOK UNION HIGH SCHOOL**
                                            ) **DISTRICT OBJECTIONS TO REPORT**
    FALLBROOK UNION HIGH SCHOOL            ) **AND RECOMMENDATION [OF**
15  DISTRICT, a Local Educational Agency,   ) **MAGISTRATE JUDGE]**
                                            )
16         Defendant/Counterclaimant.       )
                                            )
17  _____)

18         Pursuant to the "Report and Recommendation Regarding the Parties' Cross Motions for

19  Reversal of Administrative Decision [Doc. Nos. 37, 38, 39, 40, 41]" of United States Magistrate

20  Judge Cathy Ann Bencivengo dated August 29, 2008 ("Report and Recommendation"), the

21  Fallbrook Union High School District hereby files its written objections to the Report and

22  Recommendation with this Court.

23

24                                     I

25                            PROCEDURAL HISTORY

26         On December 13, 2007, pursuant to 20 U.S.C. § 1415(i)(2)(A), Plaintiff Mary Struble

27  ("Plaintiff"), as conservator for her son CS, filed a "Complaint/Appeal of Office of Administrative

28  Hearings, Special Education Division for Partial Reversal of Decision and Attorney Fees and Costs

[20 U.S.C. § 1400, *et seq.*]" ("Complaint"). In her Complaint, Plaintiff sought partial reversal of the decision of a California administrative law judge ("ALJ") in a special education due process hearing requested by Plaintiff pursuant to 20 U.S.C. § 1415(f).

On January 8, 2008, the District filed its "Answer to Complaint/Appeal of Office of Administrative Hearings, Special Education Division for Partial Reversal of Decision and Attorney Fees and Costs and Counterclaim against Mary Struble" ("Counterclaim"). In its Counterclaim, the District sought, among other things, reversal of the ALJ's decision on those issues on which the District failed to prevail at the special education due process hearing.

On March 21, 2008, this Court ordered that all matters arising out of the Complaint and Counterclaim were referred to United States Magistrate Judge Cathy Ann Bencivengo for a Report and Recommendation on the disposition of the case.

Pursuant to an Order Granting Plaintiff's Motion to Supplement the Administrative Record dated May 23, 2008, and issued by Judge Bencivengo, the parties to this matter filed opening briefs on June 13, 2008, response briefs on June 27, 2008, and appeared before Judge Bencivengo at the hearing on the parties' cross motions.

On August 29, 2008, Judge Bencivengo issued her Report and Recommendation and ordered that no later than September 16, 2008, any party to this action may file written objections to the Report and Recommendation with this Court and serve a copy on all parties.

## II

## THE DISTRICT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

The District objects to the Report and Recommendation's findings that the ALJ presiding over the special education due process hearing appears to have thoroughly evaluated all of the evidence and carefully assessed the credibility of all of the witnesses, including Plaintiff. Report and Recommendation, 22:6-8. The District further objects to the facts and conclusions in support of this finding. Report and Recommendation, 22:4-5.

District Objection to Report & Recommendation          *Struble v. Fallbrook UHSD*
                                                        07CV 2328 (LAB/cab)

The District objects to the Report and Recommendation's refusal to recommend the reversal of the findings and conclusions as to Issues 1.a, 1.b, and 2.i , *i.e.*, those issues on which the District did not prevail at the special education due process hearing, and recommendation that the District's Counterclaim be dismissed with prejudice in its entirety. Report and Recommendation, 22:8-10. The District further objects to the facts and conclusions in support of this recommendation. Report and Recommendation, 22:4-8.

As a direct consequence of the foregoing, the District objects to the Report and Recommendation's finding that Plaintiff was the prevailing party at the ALJ hearing because Plaintiff was afforded significant relief that materially altered the relationship of the parties. Report and Recommendation, 23:5-6. The District further objects to the facts and conclusions in support of this finding. Report and Recommendation, 23:6-9.

As a further direct consequence, the District objects to the Report and Recommendation's finding that the District is not a prevailing party because it is recommended that the District's counterclaim be dismissed with prejudice in its entirety. Report and Recommendation, 23:12-13. The District further objects to the facts and conclusions in support of this finding. Report and Recommendation, 23:5-12.

Finally, the District objects to the Report and Recommendation's framing of the issues to be decided by the ALJ at a further due process hearing. The recommended issues to be decided by the ALJ are (1) whether the Individualized Education Program ("IEP") presented at the February 7, 2008 IEP team meeting violated the Individuals with Disabilities Act ("IDEA"), Report and Recommendation, 23:26-27, (2) whether private placement at Fusion Learning Center ("Fusion") is appropriate under the IDEA, Report and Recommendation, 23:27-28, (3) whether Plaintiff was required to comply with the notice requirements pursuant to 20 U.S.C. § 1412(a)(10)(C)(iii), and, if so, whether there was such compliance, Report and Recommendation 24:10-12, and (4) impliedly, whether it is appropriate to reduce or deny reimbursement for failure to comply with the provisions

1    of 20 U.S.C. § 1412(a)(10)(C)(iii), Report and Recommendation, 24:12-22.

2        The District specifically objects to the issue as to whether the IEP presented at the February

3    7, 2008 IEP team meeting violated the IDEA.  Report and Recommendation, 23:26-27.

### III

### BASES FOR THE DISTRICT'S OBJECTIONS

The bases for the District's objections to the Report and Recommendation are as follows:

***a. The ALJ obviously did not thoroughly evaluate all of the evidence.***

The ALJ took great pains not to allude to the fact that CS, the student at issue in the underlying special education due process hearing, has been conserved and ignored the implications of this fact.

In her Decision, the ALJ wrote:

"In the District's written closing argument, the District attached an exhibit and requested that the ALJ take official notice of that exhibit.  Student filed an objection to that request. If the District wished to have its 'exhibit' considered as evidence, the District should have produced the exhibit to Student's counsel prior to the hearing in accordance with the requirements of Education Code section 56505, subdivision (e)(7), and sought to introduce the document into evidence during the hearing.  The District made no attempt to introduce the document into evidence or to keep the record open to permit the District to obtain the document.  The District does not give a sufficient reason for attempting to introduce an 'exhibit' after the close of evidence when Student has no chance to respond.  The District's request is denied.  (Ed. Code, § 56505, subd. (e)(8).)"  Decision, p. 2, 1st para.

The exhibit that the District requested the ALJ consider as evidence was a copy of a Declaration of Sallie Hunt, the District's Director of Special Education, a Declaration Pursuant to

4

District Objection to Report & Recommendation    *Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)

Probate Code Section 811 regarding the Limited Conservatorship of [CS], Proposed Conservatee, and a Capacity Declaration – Conservatorship regarding Conservatorship of [CS], Proposed Conservatee.  AR, 00093-00098, *see also* AR, 00090-00092.

Regardless of whether the ALJ correctly ruled that the exhibit should not come into evidence through judicial notice of a California court record, *see* AR, 00091:25-00092:11, the District put the ALJ on notice that it believed that the conservatorship of CS was relevant, and the ALJ had Plaintiff's own admission that she and her husband had conserved their son.  *See* AR, 02505 (Mediation and Due Process Hearing Request Form providing, "When [CS] turned 18, his parents became his conservators.").

More importantly, in its examination of Plaintiff at the due process hearing, the District sought and obtained specific testimony from Plaintiff that she and her husband had conserved their son.

For whatever reason, the ALJ chose not to mention in her Decision the fact that CS had been conserved.

As a natural consequence of that choice, the ALJ's Decision did not consider the implications that the conservatorship has on the issues to be decided at the due process hearing, including, most importantly, the issues of whether Plaintiff understood that her son was not diploma bound and whether the District predetermined CS's placement at the May/June 2007 IEP team meeting.

The ALJ did not consider that a conservator, in the general definition of the word, is a "guardian; protector; preserver" who is "[a]ppointed by court to manage affairs of incompetent." *See* Black's Law Dictionary 306 (6th ed. 1990).

The ALJ did not consider that to be conserved in California, an individual must be unable to provide properly for his or her personal needs for physical health, food, clothing, or shelter, or substantially unable to manage his or her own financial resources or resist fraud or undue

5

influence, or be developmentally disabled, Cal. Prob. § 1801, and that the petition for a California conservatorship must include a statement of facts addressing, among other things, the inability of the proposed conservatee to properly provide for his or her needs for physical health, food, clothing, and shelter, and to substantially manage his or her own financial resources, or to resist fraud or undue influence, Cal. Prob. § 1821. *See also* Cal. Gov't Code § 11515 (allowing ALJs at special education due process hearings to take official notice of any fact which may be judicially noticed by California state courts); Cal. Evid. Code § 452(a) (providing that judicial notice may be taken by California state courts of the statutory law of any state of the United States).

The ALJ also did not consider in her Decision the results of the tests of achievement that were administered to CS in the spring of his senior year by the District and by an independent evaluator chosen by parents in the summer following his senior year. The District results show that CS's Broad Reading and Broad Math skills significantly below average, AR 01668; the independent evaluation results show that CS's reading comprehension is well below average and that CS either would or could not attempt any mathematical calculation and wrote only one sentence in order to measure his writing abilities in contextual language and story construction, AR 01699-01700. This is nowhere near the level of ability that CS must achieve in order to successfully pass the California High School Exit Examination ("CAHSEE") and obtain a high school diploma. *See* Decision, p. 4, para. 4 (finding that attaining a District diploma requires passing an algebra class and the CAHSEE); Plaintiff's Notice of Motion and Motion to Supplement the Administrative Record, Exh. A (letter from Sallie Hunt, District Director of Special Education, to Plaintiff and husband dated January 3, 2008, explaining that CS must pass, among other things, 2 semesters each of algebra and informal geometry); Cal. Educ. Code § 60851 (requiring successful completion of the CAHSEE in order to obtain a high school diploma).

Furthermore, the ALJ accepted Plaintiff's testimony that no one explained to her that CS would need to take the state's standardized achievement tests in ninth grade in order to obtain a

6

high school diploma. Decision, p. 6, para. 16. No evidence other than Plaintiff's testimony was ever submitted at the hearing that students are required to pass California's standardized achievement tests in ninth grade in order to obtain a high school diploma and, in fact, this is not correct. Instead, students must pass the CAHSEE. Cal. Educ. Code § 60851.

Finally, as more fully explained immediately below, the ALJ did not carefully assess the evidence pertaining to Plaintiff's credibility.

### b. The ALJ obviously did not carefully assess the credibility of Plaintiff.

The ALJ obviously did not carefully assess the credibility of Plaintiff.

Plaintiff's actions were not consistent with those of people who thought their son was working toward a diploma. *See* District's Opening Brief before this Court, 7:3-9:19 (detailing and citing to documentary evidence and testimony pertaining to Plaintiff's inconsistent actions, including conserving her son; holding discussions of and visiting the District's Transition Program for her son, which was to be provided to CS after completing his senior high school year; debating in writing whether she wanted her son to return to the high school after his senior high school year; asserting at a time when her son was a high school senior that CS could not possibly grasp a Numbers Sense problem that was equivalent to fundamental problems posed on the California High School Exit Examination, and exempting her son from state standardized testing).

The ALJ failed to note any of these actions, let alone determine or explain how these fundamentally inconsistent actions fail to contradict Plaintiff's contention that she always understood that her son was diploma bound. [1]

In citing to actions taken by parents to immediately find out why grades dropped, the ALJ failed to note that the actions are equally consistent with a parent's belief that her son is on a

---

[1] Furthermore, Plaintiff testified inconsistently about when she first learned that her son was not diploma bound. Plaintiff testified that the first time she ever saw or heard mention that her son was to participate in a high school curriculum leading to a certificate of completion rather than a diploma was at the due process hearing. AR, 00853:17-00854:14. Plaintiff directly contradicted herself by also testifying that she first learned that her son would not obtain a

District Objection to Report & Recommendation          *Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)

certificate for completion.  Any caring parent would do the same for their child regardless of the child's track for completion of high school.  Furthermore, the ALJ assumes the conclusion when she asserts that Plaintiff immediately addressed the issue when she found out from her counsel that her son was not on a diploma track.

The ALJ set up a straw man, only to knock it down, apparently in support of her assertion that Plaintiff was calm, direct, and articulate in her answers, by misleadingly finding:

"She [*i.e.*, Plaintiff] is correct that anyone reviewing Student's transcript would see nothing to indicate he was not working toward a diploma – instead, they would see what appeared to be a very good student who got mostly As and Bs."

Plaintiff, however, has not been heard to complain that the District placed her son in special rather than general education classes without her knowledge and, in fact, and knew that her son was placed in special education for all of his academic classes except during one term when he was placed in general education science.  In that particular instance, Plaintiff wanted the District to reassign her son from general to special education science.  *See* AR, 00928:4-9 (testimony of Margaret Martineau, former District School Psychologist, regarding Plaintiff's agreement to move her son from general to special education science); AR, 01197:22-1198:4 (testimony of Mary Reisman, District Special Education Teacher, that CS transferred from general education science into her special education science class); *see, generally*, District's Opening Brief before this Court, 8:18-21 (detailing testimony that Plaintiff was informed that her son would take special education English and math and that Plaintiff agreed that her son would not be placed in more rigorous classes upon transitioning from a nonpublic school) and 10:8-28 (detailing IEPs that provide that

---

diploma was at the end of 2006-2007 school year. AR, 01328:4-21.  The due process hearing first convened on October 16, 2007.  AR, 00001.

District Objection to Report & Recommendation    *Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)

CS would not participate in general education classes).

Plaintiff's testimony that she and her husband typed out the log entries dated March 1, 2005, through April 24, 2007, exactly as the incidents happened and immediately after they occurred is not credible. *See* AR, 1282:1-15 (Plaintiff's testimony regarding drafting the log entries); AR, 01384:5-01387:3 (testimony of Sallie Hunt that certain log entries could not have been typed out on the dates purported because the incidents described did not occur on the purported dates and, in one instance, occurred approximately one month later); *see also* AR, 01874 (log entry dated April 4, 2007, at 7:30 a.m. regarding incident that occurred prior to spring break but noting that CS "perseverated over it during his Spring Break"); AR, 01876 (log entry noting that April 16, 2007, was the first day after spring break).

***c. The ALJ's decision on Issues 1.a, 1.b, and 2.i should be reversed, the District's Counterclaim should be upheld, and the District should be found to be the prevailing party.***

The ALJ's decision on Issues 1.a, 1.b, and 2.i should be reversed.

Issue 1.a is whether the District failed to offer and provide a free appropriate public education ("FAPE") during the 2005-2006 school year by failing to provide parents with options for CS's graduation. Report and Recommendation, 3:14-16.

Issue 1.b is whether the District failed to offer and provide a FAPE during the 2005-2006 school year by failing to write any handwriting goals. Report and Recommendation, 3:16.

Issue 2.i is whether the District failed to offer and provide a FAPE during the 2006-2007 school year by failing to provide parents or CS with options for graduation and/or predetermination of placement. Report and Recommendation, 3:26.

As previously explained, Plaintiff knew that her son was not diploma bound. It follows, then, that the District provided a FAPE for the two school years in question by providing options for graduation.

Furthermore, the District did not predetermine CS's placement at the May/June 2007 IEP

9

1    team meeting. The IEP team considered returning CS to Fallbrook High School after his senior

2    year, considered the possibility of placing CS in general education classes, and considered placing

3    CS in the District's Transition Program in fall 2007 after his senior year. *See* District's Opening

4    Brief before this Court, 17:8-18:6; *Ms. S. ex rel. G. v. Vashon Island School Dist.*, 337 F.3d 1115,

5    1133 (9th Cir. 2003) (superseded by statute on a separate issue) (holding that where a school

6    district repeatedly provides parents with the opportunity to meaningfully participate, the district

7    does not violate its obligations when the parent and the school district are in disagreement about

8    aspects of the proposed plan); *White ex rel. White v. Ascension Parish School Bd.*, 343 F.3d 373,

9    380 (5th Cir. 2003) ("[t]he right to provide meaningful input is simply not the right to dictate an

10    outcome"); *Blackmon ex rel. Blackmon v. Springfield R-XII School Dist.*, 198 F.3d 648, 657 (8th

11    Cir. 1999) ("the IDEA does not require school districts simply to accede to parents' demands

12    without considering any suitable alternatives").

13        Finally, the District did provide CS with a handwriting goal during in both the 2005-2006

14    and 2006-2007 school years. District's Opening Brief before this Court, 20:3-9. In addition, CS

15    could write his name in cursive and classes that CS attended during the 2005-2006 and 2006-2007

16

17    school years addressed the students' cursive writing. District's Opening Brief before this Court,

18    18:13-20:2. The Report and Recommendation does not consider the evidence that was presented

19    with regard to this issue.

20        For the foregoing reasons, the District's Counterclaim should be upheld rather than

21    dismissed with prejudice, and the District, rather than Plaintiff, should be found to be the prevailing

22

23    party at the due process hearing.

24        **d. One issue for the ALJ to further decide should be modified.**

25        The District objects to the framing of one issue to be further decided by the ALJ. The

26

27    objectionable issue is whether the IEP presented at the February 7, 2008 IEP team meeting violated

28    the IDEA.

District Objection to Report & Recommendation        *Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)

The District objects because the issue is framed at level that is too general. *See, e.g.*, 20 U.S.C. § 1414 (setting forth extensive procedures to be followed in evaluating students, constituting an IEP team, and developing IEPs); 34 C.F.R. §§ 300.301-300.311, 300.321, and 300.3224-300.328 (same); 20 U.S.C. § 1415 (setting forth extensive procedural safeguards to be followed); 34 C.F.R. §§ 300.500-300.520 (same).

Plaintiff has made clear that she objects to the District's placement of her son at Fallbrook High School rather than Fusion at the February 7, 2008 IEP team meeting. *See* Declaration of Ellen Dowd, Esq. in Support of Motion to Supplement Administrative Record; Notice of Lodgment of Documents to Supplement the Administrative Record (noting that documents lodged include the February 7, 2008 IEP and documents pertaining to Fusion).

Therefore, one of the issues to be presented to the ALJ for further decision should be whether the February 7, 2008 IEP placement is appropriate rather than whether the February 7, 2008 IEP violated the IDEA. *See, e.g., Bertolucci v. San Carlos Elementary School Dist.*, 721 F.Supp. 1150, 1156 (N.D. Cal. 1989) (noting that the hearing officer correctly focused primarily on the district's placement rather than on the alternative that the family preferred, and citing to *Gregory K. v. Longview School Dist.*, 811 F.2d 1307, 1314 (9th Cir 1987)).

In addition, the District objects to the characterization that the February 7, 2008 IEP was "presented" at a team meeting. *See Vashon Island School Dist.*, 337 F.3d at 1131 (noting that a school district violates IDEA procedures if it independently develops an IEP, without meaningful parental participation, and then simply presents the IEP to the parent for ratification).

The IEP should be identified as that which was developed at the February 7, 2008 IEP team meeting.

///

///

# IV

# CONCLUSION

The District respectfully requests that this Court modify the Report and Recommendation so as to provide that:

a.    The District prevailed on Issues 1.a, 1.b, and 2.i;

b.    Plaintiff did not prevail on any issue;

c.    The District was the prevailing party; and

d.    The ALJ shall hold a hearing on the issues as to whether the placement provided for in the IEP developed at the February 7, 2008 IEP team meeting was appropriate and, if not, whether private placement at Fusion is appropriate, whether Plaintiff was required to comply with the notice requirements pursuant to 20 U.S.C. § 1412(a)(10)(C)(iii), and whether any eligibility on Plaintiff's part for reimbursement should be reduced or denied for failure to comply with 20 U.S.C. § 1412(a)(10)(C)(iii).

Dated: September 16, 2008.              Respectfully Submitted,

                                        FILARSKY & WATT LLP

                                        By:    s/Sharon A. Watt

                                               SHARON A. WATT
                                               Attorney for Defendant and Counterclaimant
                                               FALLBROOK UNION HIGH SCHOOL DISTRICT

District Objection to Report & Recommendation        *Struble v. Fallbrook UHSD*
                                                      07CV 2328 (LAB/cab)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I declare under penalty of perjury that I am employed in the County of Ventura, State of California and that I am over the age of 18 years and am not a party to this action. My business address is 408 Bryant Circle, Suite C, Ojai, California 93023.

On the date noted below, I served the foregoing document described as **FALLBROOK UNION HIGH SCHOOL DISTRICT OBJECTIONS TO REPORT AND RECOMMENDATION [OF MAGISTRATE JUDGE]** by serving counsel of record, Ellen Dowd, Esq., electronically, having verified on the Court's CM/ECF website that such counsel is listed to receive email notification for this case and that there are no other attorneys on the manual notice list.

Dated:  September 16, 2008

_____
Cheryl Smith

District Objection to Report & Recommendation    *Struble v. Fallbrook UHSD*
07CV 2328 (LAB/cab)